IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. GRAVES,<br><br>       Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>       Defendant. | **CIVIL ACTION NO.**<br><br>**1:07-cv-05471-BSJ-KNF** |

# DECLARATION OF RICHARD T. SEYMOUR IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT AND TO STRIKE PORTIONS OF THE COMPLAINT

I make the following declaration subject to the penalties for perjury under the laws of the United States of America:

1. I am one of the attorneys for plaintiff in this action.

2. At the outset of this case, I informed counsel for defendant on several occasions that, if their client thought anything in the Complaint was demonstrably wrong, as opposed to the general disagreements I assumed it would have, counsel for plaintiff would be happy to evaluate any documents they sent us and would take those into account. Defendant rejected the offer.

3. Attachment A hereto is a copy of a memorandum plaintiff received in the ordinary course of his employment, dated February 8, 2000, and stating that it was sent from Corporate Communications in New York to all employees, describing defendant's Year End Compensation Process and its bonus system. It is provided only for purposes of illustration.

4. Attachment B hereto is a copy of a Notice of Administrative Dismissal I received by

Page 1 of 2

4. Attachment B hereto is a copy of a Notice of Administrative Dismissal I received by facsimile on July 9, 2007, from the New York State Division of Human Rights, dated the same day and stating that Mr. Graves' complaint of discrimination had been dismissed for administrative convenience.

I have executed this Declaration in Chicago, Cook County, Illinois, on July 18, 2007.

Further declarant sayeth not.

RICHARD T. SEYMOUR

# Attachment A

 Corporate Communications-NY
02/08/2000

To:      All Employees (Employees)
cc:
Subject: Year End Compensation Process

At this time of year, many employees are interested in knowing the details of the year-end compensation process, including learning when bonuses will be paid, when salary increases are effective and when promotions are effective. It is important for employees to understand how Deutsche Bank views the rewards process so that you recognize how the elements of your compensation fit together.

Our success depends on our ability to attract and retain a talented workforce and to appropriately reward individuals for their contribution. The following is an overview of the Bank's total compensation philosophy and structure.

### Our Total Compensation Philosophy
In the US, the Bank rewards employees with total compensation reflective of:

- External market value for skills and experience;
- Individual's ability to produce desired results; and
- Performance of an employee's division and the Bank overall.

Our total compensation package, which is comprised of both base salary and incentive compensation, is the primary focus for compensation decisions. Your total compensation package is intended to emphasize and solicit behaviors that support the strategic mission of the Bank and give us a competitive advantage in the marketplace.

### Base Salary
Your base salary is the fixed portion of your total compensation. For US employees, base salary rate changes are effective January 1, 2000. Any changes to your base salary will be made in March and will be retroactive to January 1, 2000.

**Incentive Compensation**
Incentive compensation is comprised of cash bonus and, in some cases, other elements of equity based non-cash compensation. In the US, incentive compensation is designed to reward employees for their individual performance, the performance of their division, and the overall financial success of Deutsche Bank. Deutsche Bank is focused on developing leading edge forms of equity based compensation to be delivered as part of "Total Compensation" some of which will be differentiated based on your division.

All employees are eligible to receive a cash bonus. Employees' total compensation packages will be reviewed and considered along with individual, divisional and Bank performance when determining the amount (if any) of an employee's cash bonus. Please note that our focus on total compensation may result in some employees receiving a zero bonus. This will happen in cases where base salary is at an equitable level relative to the total compensation of others who are making comparable contributions or in cases where performance warrants.

**Compensation Communication**
You will be advised of the value of your 1999 Total Compensation Package on or after February 15, 2000. Cash bonuses for US employees will be payable as of February 25, 2000. Base salary adjustments will be processed in March 2000 and will be retroactive to January 1, 2000.

**Other information**
- For overtime-eligible employees, any retroactive base pay increase will result in a retroactive adjustment to your overtime pay earned and paid since January 1, 2000.

- If you have made contributions to your 401(k) savings plan since January 1, and you receive a retroactive pay increase; an additional amount will be deducted and contributed to your 401(k), in accordance with your plan elections.
- All promotions are effective April 1 2000.
- If you are promoted from a non-exempt position (i.e. eligible for overtime pay) to an exempt position the change will be effective April 1, 2000. You should report any overtime hours worked through March 31, 2000 on your timesheet. Beginning April 1, 2000, you will no longer be requested to complete a timesheet. (Also, employees promoted from a non-exempt to an exempt position who are paid on the legacy Bankers Trust payroll will convert from a bi-weekly to a monthly pay schedule beginning in April.)

If you have question, please discuss them with your manager or your Human Resources advisor.

# Attachment B



NEW YORK STATE
## DIVISION OF HUMAN RIGHTS
ADAM CLAYTON POWELL STATE OFFICE BUILDING
163 WEST 125TH STREET, ROOM 415
NEW YORK, NEW YORK 10027

(212) 961-8650
Fax: (212) 961-4425
www.dhr.state.ny.us

**ELIOT SPITZER**
GOVERNOR

**KUMIKI GIBSON**
COMMISSIONER

### FAX COVER SHEET

========================================================================
#### CONFIDENTIALITY NOTICE

This message and all accompanying documents are intended for the use of the individual or entity to which this cover sheet is addressed, and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. Please notify us immediately by telephone if you receive this transmission in error. Thank you.

DATED: July 9, 2007

PLEASE DELIVER TO:    Richard T. Seymour, Esq.

FAX NUMBER DIALED:    (800) 805-1065

TOTAL NUMBER OF PAGES, INCLUDING THIS PAGE: 3

RE:         Daniel B. Graves v. Deutsche Bank AG New York
            CASE NO. 10118308

FROM:       Wilson P. Ortiz, Regional Coordinator
PHONE:      (212) 961-8650
FAX:        (212) 961-4425
========================================================================

MESSAGE:


PLEASE CONTACT THIS OFFICE
IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES
OR IF THERE ARE ANY QUESTIONS

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

DANIEL B. GRAVES,
                             Complainant,

                  v.

DEUTSCHE BANK AG NEW YORK,
                             Respondent.

DETERMINATION AND
ORDER OF DISMISSAL FOR
ADMINISTRATIVE
CONVENIENCE

Case No.
10118308

Federal Charge No. 160-2004-02829

---

     On 7/20/2004, Daniel B. Graves filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of age in violation of N.Y. Exec Law, art. 15 ("Human Rights Law").

     Pursuant to Section 297.3 of the Human Rights Law, the Division finds that noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed on the grounds of administrative convenience for the following reason(s):

Complainant has elected to pursue the matter in Federal Court where the question of age discrimination can be resolved.

     Processing the complaint will not advance the State's human rights goals.

     Section 297.9 of the Human Rights Law provides that:

> ... where the Division has dismissed such complaint on the grounds of the administrative convenience, ... such person shall maintain all rights to bring suit as if no complaint had been filed.

     PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of</u>

this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under the Age Discrimination in Employment Act (ADEA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: July 9, 2007
New York, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Wilson P. Ortiz
Acting Regional Director

## Certificate of Service

I certify that I have, this 18th day of July, 2007, caused a true and correct copy of Declaration of Richard T. Seymour in Support of Plaintiff's Memorandum of Law In Opposition to Defendant's Motion for Partial Dismissal of Plaintiff's Complaint and to Strike Portions of the Complaint and attachments on counsel for defendants by electronic service through the Court's ECF system and by hand shortly thereafter, addressed to defendants as follows:

> Cliff Fonstein, Esq.
> Joanne Seltzer, Esq.
> Sidley Austin LLP
> 787 Seventh Avenue
> New York, NY 10019

_____s/_____
Richard T. Seymour (RS-8094)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
(202) 862-4320 – Telephone
(202) 549-1454 – Cell
(800) 805-1065 – Telecopier