IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. GRAVES,<br><br>       Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>       Defendant. | **CIVIL ACTION NO.**<br><br>**1:07-cv-05471-BSJ-KNF**<br><br>**(Electronically Filed)** |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS CONSENTED MOTION FOR LEAVE TO AMEND AND SUPPLEMENT THE COMPLAINT

Rules 15(a) and (d), Fed. R. Civ. Pro., provide in pertinent part:

**Rule 15. Amended and Supplemental Pleadings**

  (a) AMENDMENTS. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

          \*     \*     \*

  (d) SUPPLEMENTAL PLEADINGS. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

*Foman v. Davis*, 371 U.S. 178, 182 (1962), construed Rule 15(a), FED. R. CIV. P., as broad approval for the amendment of pleadings. The court stated:

  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by

amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Plaintiff's proposed amendment and supplementation merely reflects the July 9, 2007, issuance, by the New York State Division of Human Rights, of a Notice of Dismissal for Administrative Convenience of plaintiff's age discrimination and retaliation claims.

Defendant has consented to the grant of this Motion, as shown by the accompanying Stipulation.

    Respectfully submitted,

    Richard T. Seymour (RS-8094)
    Adele Rapport (AR-0991)
    Law Office of Richard T. Seymour, P.L.L.C.
    1150 Connecticut Avenue N.W., Suite 900
    Washington, D.C.  20036-4129
    (202) 862-4320 – Telephone
    (202) 549-1454 – Cell
    (800) 805-1065 – Telecopier

    Steven A. Berger (SB-2038)
    Jonathan Rogin (JR-9800)
    Thomas E. Hone (TH-7420)
    Berger & Webb, LLP
    1633 Broadway, 46th Floor
    New York, N.Y. 10019
    (212) 319-1900 – Telephone
    (212) 319-2017 and -2018 – Telecopiers

    By: _____/s/_____
        Richard T. Seymour (RS-8094)
        Attorneys for Plaintiff

Dated: August 7, 2007