IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
:
DANIEL B. GRAVES,
: Civil Action No.:
        Plaintiff,     07 Civ. 5471 (BSJ)(KNF)
:
- against -
:
DEUTSCHE BANK SECURITIES INC.,
:
        Defendant.
:
---------------------------------x

### REPORT OF THE PARTIES AS TO THEIR RULE 26(f) PRELIMINARY CONFERENCE AND PROPOSED RULE 16(b) SCHEDULING ORDER

**I.   Report of the Parties**

    **A.   The Rule 26(f) Conference**

The parties met by conference call on September 19, 2007, and discussed the topics listed in Rule 26(f).

    **B.   Pending Motions**

On July 3, 2007, defendant filed Defendant's Notice of Motion and Motion for Partial Dismissal of Plaintiff's Complaint and to Strike Portions of the Complaint ("Defendant's Motion"). This Motion is still pending before the Court.

On August 7, 2007, plaintiff filed Plaintiff's Notice of Motion and Consented Motion for Leave to Amend and Supplement the Complaint to allege receipt of the Notice of Dismissal for Administrative Convenience ("Plaintiff's Motion"). This Motion is still pending before the Court.

### C. Agreement of the Parties as to Discovery

The parties will proceed with limited discovery pending the Court's decision on Defendant's Motion. Specifically, on or before October 31, 2007, the parties shall exchange written document requests and interrogatories relating to Plaintiff's age discrimination claims under the ADEA and the NYCHRL, back pay and mitigation, as limited by the Local Rules of this Court. The parties reserve the right to set forth objections on all legitimate grounds, including on the grounds that the request is not relevant, burdensome and premature in light of the pending status of Defendant's Motion and to oppose such objections on all legitimate grounds. All further discovery, including email review, shall be stayed pending the Court's decision on Defendant's Motion.

### D. Agreement of the Parties as to Initial Disclosures

The parties agree that, within thirty days after the signing of the proposed Scheduling Order, the parties shall exchange their Initial Disclosures with respect to the age discrimination claims, back pay and mitigation.

The parties agree that, within thirty days after the Court issues its decision on Defendant's Motion, the parties shall supplement their Initial Disclosures with respect to any claim as to which the Court denies Defendant's Motion.

### E. Agreement of the Parties as to Electronic Discovery

The parties have conferred as to electronic discovery and to the preservation of e-mails and electronic documents. After the Court issues its decision on Defendant's Motion, the parties will work together in good faith to arrive at procedures, search terms, and persons, in order to facilitate the provision of e-mails with as little burden as possible.

### F. Agreement of the Parties as to Depositions

After the Court issues its decision on Defendant's Motion, the parties will work together in good faith to agree on individuals to be deposed and to arrange suitable dates and times for such depositions without unduly inconveniencing the witnesses or any party.

Plaintiff reserves the right to move for more than ten depositions if that seems appropriate in light of the discovery already obtained. Defendant reserves the right to oppose any depositions noticed by Plaintiff on the grounds that they are cumulative, duplicative, burdensome, harrassing and would serve to unnecessarily drive up the costs of litigation, and disputes any right of Plaintiff, as a matter of course, to take ten depositions.

All non-expert depositions shall be completed by nine months after the Court issues its decision on Defendant's Motion.

### G. Agreement of the Parties as to Other Discovery

All non-expert discovery shall be completed by ten months after the Court issues its decision on Defendant's Motion.

### H. Agreement of the Parties as to Expert Discovery

Expert reports, if any, shall be simultaneously exchanged on the later of eleven months after the Court issues its decision on Defendant's Motion or, in the event any party files a motion for summary judgment, sixty days after the Court's decision on all such motions. Any rebuttal reports shall be simultaneously exchanged within thirty days after the initial exchange of expert reports.

The parties shall depose each others' experts within thirty days after the exchange of expert rebuttal reports or the expiration of the deadline for exchanging such reports.

Expert reports in connection with motions or oppositions to summary judgment shall be governed by the provisions of Part J, below.

### I. Agreement of the Parties as to the Deadline for Amendment of the Pleadings or for Joinder of Additional Parties

Motions to amend the pleadings or to add additional parties shall be filed within six months of the Court's decision on Defendant's Motion. Plaintiff reserves the right to move for an extension of this deadline for good cause and Defendant reserves the right to oppose such extension.

### J. Agreement of the Parties as to Dispositive Motions

In the event that neither party has disclosed reliance on a testifying expert before the close of non-expert discovery, any motion for summary judgment or partial summary judgment shall be filed within 45 days of the expiration of the deadline for non-expert discovery.

In the event that either party has disclosed reliance on a testifying expert before the close of non-expert discovery, any motion for summary judgment or partial summary judgment shall be filed within 45 days of the expiration of the deadline for deposing experts.

In the event that any party files a motion for summary judgment relying on an expert's report in any of the moving or opposing papers, the expert report will be tendered with the papers and the parties will stipulate new deadlines for the filing of all subsequent papers to accommodate the deposition of the expert.

### K. Settlement Discussions

Settlement possibilities have been explored by the parties but settlement cannot be fully evaluated until some discovery has been conducted.

We so stipulate:

| | |
|---|---|
| LAW OFFICE OF RICHARD T. SEYMOUR, P.L.L.C. | SIDLEY AUSTIN LLP |

By: *[signature]*
Richard T. Seymour (RS 8094)
Adele Rapport (AR 0991)
1500 Connecticut Ave, NW, Suite 900
Washington, D.C. 20036-4129
(202) 862-4320
(202) 549-1454 – Cell
(800) 805-1065 – Telecopier

By: *[signature]*
Cliff Fonstein
Joanne Seltzer
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendant

Dated: October 9, 2007

BERGER & WEBB, LLP

Steven A. Berger (SB-2038)
Jonathan Rogin (JR-9800)
Thomas E. Hone (TH-7420)
1633 Broadway, 46th Floor
New York, N.Y. 10019
(212) 319-1900 – Telephone
(212) 319-2017 and -2018 – Telecopiers

Attorneys for Plaintiff

Dated: October 9, 2007

## II. Order of the Court

The agreements of the parties are reasonable, and the parties are hereby ORDERED to comply with their terms.

This the ___ day of _____, 2007.

_____
U.S. Magistrate Judge Kevin Nathaniel Fox