EOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA  ☒ EEOC | 160-2004-02829 |

New York State Division of Human Rights _____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Date of Birth |
|---|---|
| Mr. Daniel B. Graves | 02/28/1962 |

Street Address: 71 Western Drive
City, State and ZIP Code: Short Hills, New Jersey 07078

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Deutsche Bank Securities, Inc. | +500 | (212) 469-8000 |

Street Address: 60 Wall Street
City, State and ZIP Code: New York, New York 10006

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest: 01/31/2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached Affidavit.

RECEIVED
JUL 2 2 2004
EEOC-NY00-CRTIU

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.
Yes

I declare under penalty of perjury that the above is true and correct.

7/20/04
Date    Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 7/20/04

JONATHAN ROGIN
Notary Public, State of New York
No. 02RO6036126
Qualified in New York County
Commission Expires 1/18/20 06

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DANIEL B. GRAVES,

                     *Plaintiff,*

- against -

DEUTSCHE BANK SECURITIES, INC.,

                     *Respondent.*

**AFFIDAVIT OF DANIEL B. GRAVES**

STATE OF NEW YORK   )
                                 ss.:
COUNTY OF NEW YORK  )

        DANIEL B. GRAVES, being duly sworn, deposes and says:

    1.      I am a former managing director at respondent Deutsche Bank Securities, Inc. ("Deutsche Bank"), and I make this affidavit in support of my charge of discrimination being filed contemporaneously with the Equal Employment Opportunity Commission in New York. I am fully familiar with the facts and circumstances recited herein. It is my contention that I was wrongfully terminated on the basis of my age. I am 42 years old.

    2.      I reside at 71 Western Drive, Short Hills, New Jersey 07078. My home telephone number is (973) 467-9530.

    3.      On January 31, 2004, after nearly five loyal and extremely successful years at Deutsche Bank, I was unceremoniously terminated as a result of a claimed redundancy in my position. In reality, it appears that I was selected for termination on the basis of my age.

    4.      In 2002, I became suspicious of possible discrimination when a significant number of accounts that I had brought to Deutsche Bank and cultivated on my own were transferred to younger bankers in my group. This suspicion of discrimination was confirmed by

63484-1 (7/20/04)
01608-001

the outrageous statement made to me on January 14, 2004 by Jeff Amling, my direct supervisor, that I was being terminated because my accounts were needed for "younger bankers."

**Background**

5. In March 1999, Bankers Trust Alex. Brown ("BTAB") hired me after recruiting me from a position at Merrill Lynch. (After the merger of BTAB and Deutsche Bank, I remained an employee of Deutsche Bank.) I joined BTAB as a Director and was promoted to Managing Director in my first year.

6. I worked in the Media Investment Banking Group for Mr. Amling during my entire tenure.

7. During my approximately five years at Deutsche Bank and BTAB, I originated and executed transactions representing investment banking revenues to the bank of more than $50 million. I was always one of the group's top producers, and all of the reviews I received were extremely positive.

**Deutsche Bank's Discrimination Against Me**

8. Beginning in 2002, Mr. Amling began slowly siphoning accounts away from me and giving them to other bankers in the group, the majority of whom are younger than me. This made it increasingly difficult for me, through no fault of my own, to hit the firm's target for fees generated of $10 million. The siphoned accounts were either brought from Merrill Lynch, or cultivated by me during my employment at Deutsche Bank. When the firm raised the fee target to $15 million in 2003, these account transfers by Mr. Amling became even more harmful to me. Moreover, as a result of losing these accounts, the potential "wallet" size of my portfolio—a figure of some significance at Deutsche Bank—decreased drastically, as well.

9. Specifically, I had taken from me the Cox, Charter and Adelphia accounts (among others), all of which represented a very significant percentage of my business and potential "wallet".

10. Throughout this time frame, I repeatedly objected to Jim DeNaut, Jacques Brand (both of whom were the superiors of Mr. Amling), Mr. Amling and others as my accounts were transferred to other, less busy, and younger bankers. These objections fell on deaf ears.

11. Account transfers notwithstanding, I continued to bring in substantial revenues despite the general downward spiral of the market, and Mr. Amling cited and praised me for this achievement during performance reviews.

12. Accordingly, I was legitimately shocked to learn in January 2004 that I was being terminated because of a purported redundancy in my position. Redundancy did not ring true to me because I was the only senior banker on most of my accounts. I immediately suspected that I had been chosen because I was one of the oldest members of the group.

13. Mr. Amling's motives were confirmed when he informed me that I was being fired because he needed my accounts for "younger bankers."

14. When I informed Mssrs. DeNaut and Brand in person on January 20, 2004 of this statement by Mr. Amling, they were noticeably shocked and dismayed.

**My Damages**

15. Deutsche Bank made me a severance offer of just over $300,000. In light of what has essentially been a misappropriation of my "brought over" and cultivated account relationships by Deutsche Bank for the benefit of itself and its "younger bankers," and my five year record of solid revenue contribution and performance evaluations, the offered severance of just over $300,000 is gross bottom fishing.

16. This affront is compounded by the complete absence of a bonus for 2003, a year when I made significant contributions to the bank. Currently, all I have received from Deutsche Bank for my work in 2003 is my $200,000 base salary, despite averaging just under $1,400,000 per year in total compensation the prior four years (including restricted stock and other already earned performance incentives). All this gives me no option but to seek legal recourse, particularly given large fees that Deutsche Bank continues to receive from my "brought over" and cultivated relationships.

17. Specifically, Deutsche Bank has garnered fees from at least Charter, Adelphia and Tribune in early 2004 and Salem Communications, an account I brought to BTAB in 1999, completed an equity transaction of more than $100 million, with Deutsche Bank as a joint book-running manager for this transaction.

18. Add in the potential front pay that I will be entitled to in the event that I continue to be unable to obtain gainful employment, and all told, and the damages I will suffer as a result of Deutsche Bank's discriminatory actions are enormous, possibly in excess of $10 million.

19. Deutsche Bank's actions described herein violated the Age Discrimination in Employment Act of 1967, as well as New York State and City laws.

20. I have filed no charges with any state or local civil rights agency based on the discriminatory actions described herein.

*Daniel B. Graves*

Sworn to before me
this 20th day of July, 2004

_____
Notary Public

63484-1 (7/20/04)
01620-001

JONATHAN ROGIN
Notary Public, State of New York
No. 02RO6036126
Qualified in New York County
Commission Expires 1/18/2006

4



**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625
1-800-669-4000

Respondent: DEUTSCHE BANK SECURITIES INC.
EEOC Charge No.: 160-2004-02829
FEPA Charge No.:

Aug 06, 2004

Daniel Graves
71 Western Drive
Short Hills, NJ 07078

Dear Mr. Graves:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

    [ ]    Title VII of the Civil Rights Act of 1964 (Title VII)

    [ X ]    The Age Discrimination in Employment Act (ADEA)

    [ ]    The Americans with Disabilities Act (ADA)

    [ ]    The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[ X ]    Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

    New York State Division Of Human Rights
    Federal Contract Unit
    One Fordham Plaza, 4 Fl.
    Bronx, NY 10458

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

*EG*

Esther Gutierrez
Investigator
(212) 336-3756

Office Hours: Monday - Friday, 8:30 a.m. - 5:00 p.m.
TDD: 1-800-669-6820
www.eeoc.gov