

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

cfonstein@sidley.com
(212) 839-5563

FOUNDED 1866

June 25, 2007

**By Facsimile and U.S. Mail**

Richard T. Seymour, Esq.
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue NW, Suite 900
Washington, DC 20036-4129

Steven A. Berger, Esq.
Berger & Webb, LLP
1633 Broadway, 46th Floor
New York, New York 10005

    Re:    Daniel Graves v. Deutsche Bank Securities Inc.
              Civil Action No. 07 Civ 5471

Dear Messrs. Seymour and Berger:

        On behalf of Defendant Deutsche Bank Securities Inc. (the "Bank" or "DBSI"), we have reviewed the above complaint and, as a professional courtesy, write to ask you to strike certain extraneous and inflammatory allegations that make up the major share of Daniel Graves's Complaint. In particular, we reference those allegations in which you accuse the Bank and its attorneys of defrauding the EEOC by intentionally including knowingly false statements in the Bank's position statement with an intent to deceive the agency. While we understand that in many cases a plaintiff may legitimately quibble with the contents of his employer's position statement, you have gone well beyond that, making serious charges in a federal court pleading that, openly and very publicly, attack the reputation and integrity of the Bank and its lawyers. As explained more fully below, we believe these allegations run afoul of Rule 11 of the Federal Rules of Civil Procedure and, unless you immediately agree to strike them, we will ask the Court to impose Rule 11 sanctions against you and your client.

        In Section "H" of the Complaint, entitled "Defendant's Cover-up," (Paragraphs 95 through 124 of the Complaint), you state: "Defendant knowingly and willfully attempted to falsify, conceal, or cover up material facts by tricks, schemes or devices as to plaintiff's discharge, in order to conceal defendant's age discrimination and retaliation." (¶ 123.) Specifically, you accuse the Bank and its lawyers, on the basis of "clear and necessary implication" of knowingly making false representations in the text of the Position Statement

**SIDLEY**
SIDLEY AUSTIN LLP

Richard T. Seymour, Esq. and Steven A. Berger, Esq.
June 25, 2007
Page 2

(¶ 96 (1)(a)-(cc)); purposely backdating or otherwise altering revenue documents attached to the Position Statement in order to "place itself in a better light and plaintiff in a worse light" (¶ 96 (2)(a)(a)-(i)); double and triple counting achievements and pipeline values to "falsely inflate" revenues (¶ 96(2)(b)(a)-(h)); and falsifying figures relating to pipeline values (¶96(2)(c)(a)-(e)).

Rule 11 sanctions are appropriate here because you allege that DBSI and its lawyers made knowingly false statements without any specific factual support other than your own conjecture. While it is easy to use the rhetoric of fraud, Rule 9(b) and Rule 11 of the Federal Rules of Civil Procedure require more. You and your client have an obligation to support these serious allegations with some factual basis other than what you believe by "information and belief," by so called "clear and necessary implication," or by similar rhetorical device designed to puff up simple conjecture. See Ouaknine v. MacFarlane, 897 F.2d 75, 79-80 (2d Cir. 1990) (specifying that, to pass muster under Rule 9(b), the complaint must allege the time, place, speaker and sometimes even the content of the alleged misrepresentation).

For example, one issue in this case may be the method the Bank used to apportion revenue and expected revenue among the various bankers on a project. You apparently disagree with the Bank's position that the revenue be attributed to each working banker for the purpose of assessing the banker's performance. You, however, go beyond that and state, in conclusory fashion, that: "[t]he only neutral means of allocation of revenues that is available within the four corners of defendant's Position Statement to the EEOC is assignment of the expected revenue from each deal to the senior banker, involved [ i.e, to Mr. Graves]." (¶ 95 (2)(b)(h).) In fact, assigning revenue only to the senior banker on a project is not the "only neutral means" of allocating revenue among bankers to assess performance.[1] Indeed, had you investigated the issue, you would know that the Bank typically allocates the revenue of a transaction to each banker on the transaction, for performance purposes. Mr. Graves, as a Managing Director, was presumably well aware of this practice.[2]

Under Rule 11, you cannot make the most serious charges of fraud without even bothering to investigate the validity of the accusations. Rule 11 requires "an inquiry reasonable under the circumstances" and, when making allegations as serious as those here, it was incumbent upon you to conduct such an investigation rather than to simply rely on speculation and conjecture. See Fed. R. Civ. P. 11(b)(3); Saltz v. New York, 129 F. Supp. 2d 642, 647 (S.D.N.Y. 2001) (awarding sanctions against an attorney where he failed to reasonably investigate the facts provided by the plaintiff before filing the complaint); Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc., 114 F.R.D. 684, 689 (S.D.N.Y. 1987) ("[I]f all the

---

[1] One could argue that attributing all of the revenue to Mr. Graves and not giving any credit to any other employee who worked on the transaction is not a "neutral" means of allocation.
[2] Steven Berger was unmistakably aware of this practice from a prior case he brought against the Bank.

# SIDLEY
SIDLEY AUSTIN LLP

Richard T. Seymour, Esq. and Steven A. Berger, Esq.
June 25, 2007
Page 3

attorney has is his client's assurance that facts exist or do not exist, when a reasonable inquiry would reveal otherwise, he has not satisfied his [Rule 11] obligation.") (citations omitted).

Finally, Rule 11 sanctions are particularly warranted because not only are the accusations baseless, but they are also extraneous and unnecessary to Mr. Graves's alleged causes of action. As Rule 11 states, a lawyer certifies by his signature that the pleading was not brought for "any improper purpose, such as to harass." Fed. R. Civ. P. 11(b)(1). Here, there is no ostensible proper purpose for the allegations. There is no fraud claim against the Bank or its attorneys with respect to the position statement, yet a large portion of the Complaint is taken up with your accusations relating to the position statement. As these allegations have absolutely no relevance to Mr. Graves's legal claims, it is clear that they were included in the complaint for improper reasons, including driving DBSI toward settlement and prejudicing the Bank before the Court. See Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995) (awarding sanctions where the supplemental complaint was "clearly an attempt to intimidate the defendant into a large settlement").

We request that you amend the complaint to strike paragraphs 14, and 95 through 124 as soon as possible. Please understand we are not in the habit of threatening sanctions, nor is it our practice to question a colleague's motives. However, given the above, be advised that your failure to strike the offensive and extraneous allegations will leave us with no other choice but to move the Court to strike the offending paragraphs and to seek sanctions against you and your client.

If you have any questions regarding the foregoing, please contact me.

Very truly yours,

Cliff Fonstein

cc: Jonathan Rogin, Esq.
Joanne Seltzer, Esq.