EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br>☐ FEPA <br>☒ EEOC | Agency(ies) Charge No(s): <br>160-2004-02829 |
|---|---|---|

New York State Division of Human Rights                          and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) <br>Mr. Daniel B. Graves | | Date of Birth <br>02/28/1962 |
|---|---|---|
| Street Address <br>71 Western Drive | City, State and ZIP Code <br>Short Hills, New Jersey 07078 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name <br>Deutsche Bank Securities, Inc. | No. Employees, Members <br>+500 | Phone No. with Area Code <br>(212) 469-8000 |
|---|---|---|
| Street Address <br>60 Wall Street | City, State and ZIP Code <br>New York, New York 10006 | |
| Name | No. Employees, Members | Phone No. with Area Code |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
01/31/2004

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached Affidavit.

RECEIVED
JUL 2 2 2004
EEOC-NYDO-CRTIU

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.
Yes

I declare under penalty of perjury that the above is true and correct.

7/20/04
Date     Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 7/20/04

JONATHAN ROGIN
Notary Public, State of New York
No. 02RO6036126
Qualified in New York County

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DANIEL B. GRAVES,

                        *Plaintiff*,

- against -

DEUTSCHE BANK SECURITIES, INC.,

                        *Respondent*.

**AFFIDAVIT OF DANIEL B. GRAVES**

STATE OF NEW YORK   )
                                   ss.:
COUNTY OF NEW YORK )

      DANIEL B. GRAVES, being duly sworn, deposes and says:

1. I am a former managing director at respondent Deutsche Bank Securities, Inc. ("Deutsche Bank"), and I make this affidavit in support of my charge of discrimination being filed contemporaneously with the Equal Employment Opportunity Commission in New York. I am fully familiar with the facts and circumstances recited herein. It is my contention that I was wrongfully terminated on the basis of my age. I am 42 years old.

2. I reside at 71 Western Drive, Short Hills, New Jersey 07078. My home telephone number is (973) 467-9530.

3. On January 31, 2004, after nearly five loyal and extremely successful years at Deutsche Bank, I was unceremoniously terminated as a result of a claimed redundancy in my position. In reality, it appears that I was selected for termination on the basis of my age.

4. In 2002, I became suspicious of possible discrimination when a significant number of accounts that I had brought to Deutsche Bank and cultivated on my own were transferred to younger bankers in my group. This suspicion of discrimination was confirmed by

63484-1 (7/20/04)
01608-001

the outrageous statement made to me on January 14, 2004 by Jeff Amling, my direct supervisor, that I was being terminated because my accounts were needed for "younger bankers."

**Background**

5.  In March 1999, Bankers Trust Alex. Brown ("BTAB") hired me after recruiting me from a position at Merrill Lynch. (After the merger of BTAB and Deutsche Bank, I remained an employee of Deutsche Bank.) I joined BTAB as a Director and was promoted to Managing Director in my first year.

6.  I worked in the Media Investment Banking Group for Mr. Amling during my entire tenure.

7.  During my approximately five years at Deutsche Bank and BTAB, I originated and executed transactions representing investment banking revenues to the bank of more than $50 million. I was always one of the group's top producers, and all of the reviews I received were extremely positive.

**Deutsche Bank's Discrimination Against Me**

8.  Beginning in 2002, Mr. Amling began slowly siphoning accounts away from me and giving them to other bankers in the group, the majority of whom are younger than me. This made it increasingly difficult for me, through no fault of my own, to hit the firm's target for fees generated of $10 million. The siphoned accounts were either brought from Merrill Lynch, or cultivated by me during my employment at Deutsche Bank. When the firm raised the fee target to $15 million in 2003, these account transfers by Mr. Amling became even more harmful to me. Moreover, as a result of losing these accounts, the potential "wallet" size of my portfolio—a figure of some significance at Deutsche Bank—decreased drastically, as well.

9. Specifically, I had taken from me the Cox, Charter and Adelphia accounts (among others), all of which represented a very significant percentage of my business and potential "wallet".

10. Throughout this time frame, I repeatedly objected to Jim DeNaut, Jacques Brand (both of whom were the superiors of Mr. Amling), Mr. Amling and others as my accounts were transferred to other, less busy, and younger bankers. These objections fell on deaf ears.

11. Account transfers notwithstanding, I continued to bring in substantial revenues despite the general downward spiral of the market, and Mr. Amling cited and praised me for this achievement during performance reviews.

12. Accordingly, I was legitimately shocked to learn in January 2004 that I was being terminated because of a purported redundancy in my position. Redundancy did not ring true to me because I was the only senior banker on most of my accounts. I immediately suspected that I had been chosen because I was one of the oldest members of the group.

13. Mr. Amling's motives were confirmed when he informed me that I was being fired because he needed my accounts for "younger bankers."

14. When I informed Mssrs. DeNaut and Brand in person on January 20, 2004 of this statement by Mr. Amling, they were noticeably shocked and dismayed.

**My Damages**

15. Deutsche Bank made me a severance offer of just over $300,000. In light of what has essentially been a misappropriation of my "brought over" and cultivated account relationships by Deutsche Bank for the benefit of itself and its "younger bankers," and my five year record of solid revenue contribution and performance evaluations, the offered severance of just over $300,000 is gross bottom fishing.

16. This affront is compounded by the complete absence of a bonus for 2003, a year when I made significant contributions to the bank. Currently, all I have received from Deutsche Bank for my work in 2003 is my $200,000 base salary, despite averaging just under $1,400,000 per year in total compensation the prior four years (including restricted stock and other already earned performance incentives). All this gives me no option but to seek legal recourse, particularly given large fees that Deutsche Bank continues to receive from my "brought over" and cultivated relationships.

17. Specifically, Deutsche Bank has garnered fees from at least Charter, Adelphia and Tribune in early 2004 and Salem Communications, an account I brought to BTAB in 1999, completed an equity transaction of more than $100 million, with Deutsche Bank as a joint book-running manager for this transaction.

18. Add in the potential front pay that I will be entitled to in the event that I continue to be unable to obtain gainful employment, and all told, and the damages I will suffer as a result of Deutsche Bank's discriminatory actions are enormous, possibly in excess of $10 million.

19. Deutsche Bank's actions described herein violated the Age Discrimination in Employment Act of 1967, as well as New York State and City laws.

20. I have filed no charges with any state or local civil rights agency based on the discriminatory actions described herein.

Daniel B. Graves

Sworn to before me
this 20th day of July, 2004

Notary Public

63484-1 (7/20/04)
01620-001

JONATHAN ROGIN
Notary Public, State of New York
No. 02RO6036126
Qualified in New York County
Commission Expires 1/18/2006

4

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Daniel B. Graves<br>71 Western Drive<br>Short Hills, NJ 07078 | From:<br>Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |
|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL *(29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-02829 | E. Yourke | 212 336 3751 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

- [ ] More than 180 days have passed since the filing of this charge.

- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

- [ ] The EEOC is terminating its processing of this charge.

- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

- [x] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr., District Director

3-9-2007
*(Date Mailed)*

Enclosure(s)

cc: Respondent(s): Joanne Selzer Esq.
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019

Jonathan Rogin Esq.
Berger & Webb LLP
1633 Broadway, 46th floor
New York, NY 10019