UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
:
DANIEL B. GRAVES,
:
                Plaintiff,          07 Civ. 5471 (BSJ)
:
      - against -
:
DEUTSCHE BANK SECURITIES INC.,
:
                Defendant.
:
-----------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT AND TO STRIKE PORTIONS OF THE COMPLAINT

SIDLEY AUSTIN LLP

ATTORNEYS FOR  Defendant
                 DEUTSCHE BANK SECURITIES INC.

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
(212) 839-5300

When the case came before the Court, the EEOC had issued a notice of right to sue, but the complaint remained pending before the State Division. On the basis of this election of remedies, the Court rejected the plaintiff's contention that the State Division's dismissal for administrative convenience was imminent and dismissed the state claims for lack of subject matter jurisdiction stating:

> Because Plaintiff elected to pursue his state law claim before the DHR and has not received an administrative convenience dismissal, this Court is without jurisdiction to hear Plaintiff's Executive law claim. Accordingly, defendant's Motion to Dismiss Plaintiff's Executive Law claim is granted.

Id. at *8. Like the plaintiff in Pugh, Graves has failed to plead that he has received notice of a resolution of his claim before the State Division and, therefore, his claims under the NYCHRL should be dismissed.

## III. THE IRRELEVANT AND INFLAMMATORY PORTIONS OF GRAVES'S COMPLAINT SHOULD BE STRICKEN.

Graves's Complaint is 61 pages long, and contains 157 paragraphs, many of which contain multiple sub-paragraphs. More than 23 pages of the Complaint consist of a section Graves dubs "Defendant's Cover-Up," which is entirely irrelevant to his discrimination and retaliation claims. Specifically, paragraphs 14, and 95-124 of the Complaint allege "upon information and belief" or "by [supposed] clear and necessary implication" that DBSI and its counsel knowingly made material misrepresentations in the text of its Position Statement to the EEOC in violation of 18 U.S.C. § 1001.[7] Specifically, these Paragraphs accuse DBSI of (1) purposely misstating facts in the text of its Position Statement (¶ 96 (a)-(cc)); (2) purposely backdating an exhibit (Complaint, ¶ 98 (a)-(i)); (3) double and triple counting achievements and

---

[7] 18 U.S.C. § 1001 provides fines and/or imprisonment for knowingly and willfully falsifying, concealing or covering up a material fact in any matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States. See 18 U.S.C. § 1001(a).

-22-

pipeline revenues (Complaint, ¶ 99 (a)-(i); 102-107; 109 (a)-(h); 113-118); and (4) using "made-up" figures (Complaint, ¶ 100 (a)-(e); 110 (a)-(c); 111(a)-(b); 112 (a)-(b)), all intended to place Graves's performance in a "false light" to convince the EEOC not to bring suit on his behalf. (Complaint, ¶¶ 119-124.) The Court should strike these paragraphs of the Complaint for two reasons: (1) they are irrelevant to the claims brought by Graves and substantially prejudice DBSI in the eyes of the public and of the Court, and (2) they concern DBSI's submissions in an administrative proceeding which are per se immaterial under Rule 12(f).

Rule 12(f), which is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct," provides that the court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In re Merrill Lynch & Co., Inc. Research Reports Sec. Litigation, 218 F.R.D. 76, 78 (S.D.N.Y. 2003). Although motions to strike are generally disfavored, "allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002) (citations omitted). Stated differently, a court may strike matter from a complaint where its material is prejudicial. Id. (citing Wright Miller & Marcus, Fed. Prac. & Proc.: Civil 2d § 1382, at 714 (West 1994 & Supp. 2001)) ("Scandalous allegations . . . will often be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations."); See also Smith v. AVSC Int'l., Inc., 148 F. Supp. 2d 302, 317 (S.D.N.Y. 2001).

In Smith, the plaintiff brought claims under federal and state law alleging discrimination based on sex and age, as well as a claim for retaliatory discharge. Id. at 306. In his complaint, however, the plaintiff raised allegations of "various fraudulent and improper financial practices by [the defendant]," and the court struck those paragraphs, stating that the

-23-

"ethical obligations to report financial misconduct, and specific instances of such acts, are not relevant to the only remaining claims in the complaint, the discrimination claims." Id. at 317. Similarly, here, the allegations Graves makes in paragraphs 14 and 95-124 concerning allegedly false statements made by DBSI in its EEOC Position Statement and a violation by DBSI of 18 U.S.C. § 1001 have no bearing on any of the issues in dispute. Graves's legal claims concern DBSI's purported discriminatory and retaliatory acts against him, but the allegations concerning the Position Statement do more than merely dispute its contents; they allege something separate and apart from Graves's legal claims – that DBSI (and its lawyers) defrauded the EEOC. The obvious purpose for making these scandalous allegations on the public record is to influence the Court and to prejudice DBSI. Such evidence is properly excluded. Since there is no reason for paragraphs 14 and 95-124 to remain in the Complaint, DBSI's motion to strike them should be granted. Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (striking references that were "immaterial and impertinent to the case" because they served "no purpose except to inflame the reader"); Kent v. AVCO Corp., 815 F. Supp. 67, 71 (D. Conn. 1992) (striking immaterial allegations where the value of allowing the allegations "is outweighed by the prejudicial effect they would have").[8]

Moreover, Second Circuit law makes it clear that references to preliminary steps in litigation and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f). In re Merrill Lynch, 218 F.R.D. at 78 (citing Lipsky v. Commonwealth United Corp., 551 F.2d 887, 892-94 (2d Cir. 1976)). In Ledford v. Rapid-Am. Corp., No. 86 Civ. 9116, 1988 U.S. Dist.

---

[8] In addition to their scandalous nature, the allegations that DBSI and its lawyers submitted a fraudulent position statement are based on conjecture, as evidenced by Graves's liberal use, in most of these paragraphs, of the phrases "upon information and belief" or "by clear and necessary implication."

-24-

LEXIS 79 (S.D.N.Y. Jan. 8, 1988), a case alleging discriminatory termination on the basis of age, the defendant moved, pursuant to Rule 12(f), to strike paragraphs of the complaint that set forth findings in the State Division of probable cause to believe discrimination had occurred. Id. at *1. The Court held that since the State Division's administrative findings had no preclusive effect, allegations in respect to the findings were irrelevant to the action and were stricken from the complaint pursuant to Rule 12(f). See id. at *4. See also Mitchell v. Bendix Corp., 603 F. Supp. 920, 921 (N.D. Ill. 1985) (granting motion to strike paragraphs of the complaint alleging the determination of a state administrative review of the plaintiff's claim). Just as the Court in Ledford struck the State Division's findings from a complaint, the Court here should strike Graves's inflammatory mischaracterizations of DBSI's submission to a similar agency.[9]

---

[9] It is also well settled under New York law that statements or submissions to the EEOC are protected by an absolute privilege and cannot be the basis for imposing liability on a party. See Witchard v. Montefiore Med. Ctr., 05 Civ. 5957, 2006 U.S. Dist. LEXIS 72811, at *31 (S.D.N.Y. July 19, 2006) (citing cases); Dwerk Law Firm v. Mann, 02 Civ. 8481, 2003 U.S. Dist. LEXIS 19535, at *12 (S.D.N.Y. Oct. 30, 2003).