IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. GRAVES,<br><br>                              Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>                              Defendant. | **CIVIL ACTION NO.**<br>**1:07-cv-05471-BSJ-KNF** |

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE HIS SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

Rules 15(a) and (d), Fed. R. Civ. Pro., provide in pertinent part:

**Rule 15. Amended and Supplemental Pleadings**

    (a) AMENDMENTS. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

                  \*                  \*                  \*

    (d) SUPPLEMENTAL PLEADINGS. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

*Foman v. Davis*, 371 U.S. 178, 182 (1962), construed Rule 15(a), FED. R. CIV. P., as

broad approval for the amendment of pleadings.  The court stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Plaintiff seeks to amend and supplement the Complaint in order to take into account the results of the discovery produced to date by defendant, and in particular the documents produced by defendant on February 28, 2008.  Those documents show that some allegations of the existing Complaint may not be correct, that other allegations need to be re-framed to conform to the results of discovery to date, and that additional allegations are appropriate in light of the documents produced.

It may be that additional fruits of discovery may provide support now lacking for some of the original allegations of the Complaint, or may require further re-framing of allegations or new allegations.  If so, plaintiff reserves the right to seek further modification of the Complaint, to the end that the allegations conform to the evidence in hand.

No Answer has been filed.

Defendant filed a July 3, 2007, Notice of Motion for Partial Dismissal of Plaintiff's Complaint and to Strike Portions of the Complaint (docs. ## 4, 5, and 7), plaintiff filed his Opposition (docs. ## 10, 11), and defendant filed its Reply (docs. # 12).  Some, but not all, of the allegations defendant challenged in that Motion would be affected by the changes in the proposed Second Amended and Supplemental Complaint.

Defendant filed a May 30, 2008 Notice of Motion for Sanctions (doc. #24), and re-filed the Affirmation of Counsel and Memorandum of law on June 2, 2008 to correct a deficiency in filing (docs. ## 27, 28).  Some, but not all, of the allegations defendant challenged in that Motion

would be affected by the changes in the proposed Second Amended and Supplemental Complaint.

    WHEREFORE, plaintiff prays that his Motion be granted.  A proposed form of Order is submitted herewith.

        Respectfully submitted,

        Richard T. Seymour (RS-8094)
        rick@rickseymourlaw.net
        Law Office of Richard T. Seymour, P.L.L.C.
        1150 Connecticut Avenue N.W., Suite 900
        Washington, D.C.  20036-4129
            (202) 862-4320 – Telephone
            (202) 549-1454 – Cell
            (800) 805-1065 – Telecopier

        Steven A. Berger (SB-2038)
        sberger@bergerwebb.com
        Jonathan Rogin (JR-9800)
        jrogin@bergerwebb.com
        Berger & Webb, LLP
        1633 Broadway, 46th Floor
        New York, N.Y. 10019
            (212) 319-1900 – Telephone
            (212) 319-2017 and -2018 – Telecopiers

        By: ___/s/ Richard T. Seymour_____
            Richard T. Seymour (RS 8094)
            Attorneys for Plaintiff

Dated: June 16, 2008