UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
 :
DANIEL B. GRAVES,
 :
                Plaintiff,         07 Civ. 5471 (BSJ)(KNF)
 :
- against -
 :
DEUTSCHE BANK SECURITIES INC.,
 :
                Defendant.
 :
---------------------------------------- x

# REPLY MEMORANDUM OF LAW IN FURTHER
# SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

SIDLEY AUSTIN LLP

ATTORNEYS FOR Defendant
        DEUTSCHE BANK SECURITIES INC.

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
(212) 839-5300

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

        A.    Graves and His Counsel Concede that the Fraud Allegations in the Complaint Lack Evidentiary Support. ........................................................................ 2

        B.    Graves and His Counsel Offer No Reason for the Court to Deny Sanctions. ........................................................................................................................ 3

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Abdelhamid v. Altria Group, Inc.,
   515 F. Supp. 2d 384 (S.D.N.Y. 2007) ................................................................................6

Matsumura v. Benihana Nat'l Corp.,
   542 F. Supp 2d 245 (S.D.N.Y. 2008) .................................................................................5

Ouaknine v. MacFarlane,
   897 F.2d 75 (2d Cir. 1990) .................................................................................................5

Tellabs v. Makor Issues & Rights, Ltd.,
   127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) ........................................................................5

United States v. Diogo,
   320 F.2d 898 (2d Cir. 1963) ...............................................................................................5

**STATUTES**

18 U.S.C. § 1001 ..........................................................................................................................5

Fed. R. Civ. P. 9(b) ..................................................................................................................4, 5

Fed. R. Civ. P. 11 ..................................................................................................................1, 4, 6

## PRELIMINARY STATEMENT

Defendant, Deutsche Bank Securities Inc. ("DBSI"), submits this reply memorandum in further support of its motion for sanctions against Plaintiff Daniel B. Graves and his counsel Richard Seymour of the Law Office of Richard T. Seymour, PLLC and Steven Berger of Berger & Webb, LLP (collectively, Plaintiff's "counsel") pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). Sanctions are appropriate because Graves and his counsel filed a Complaint in which they accused DBSI, a major financial institution, of submitting false and fraudulent documents with the EEOC, despite the reputational harm these allegations could cause and even though they were not supported by any factual evidence. Specifically, Graves and his counsel allege that DBSI: (1) fraudulently backdated one of the Franchise Revenue and Pipeline Reports (the "Reports") to show false pipeline revenue to minimize Graves's pipeline for 2003 (Complaint, ¶ 98); (2) submitted Reports that falsely inflated other bankers' pipeline revenue by assigning the full pipeline revenue value for Graves's deals to a number of other bankers working on the deal (Complaint, ¶¶ 99 & 109); and (3) substituted, in both Reports, "made up" figures for pipeline revenue numbers to devalue Graves's deals and overvalue those of the younger bankers. (Complaint, ¶¶ 100 & 110.)[1] Additionally, Graves and his counsel refused to withdraw these allegations after DBSI presented them with clear evidence that there was no factual basis to support these claims.

As explained below, in the Opposition Brief, Graves and his counsel concede the merits of DBSI's motion. First, they admit their original fraud allegations may not be correct and have eliminated them in the Second Amended Complaint they filed with the Opposition

---

[1] A copy of the Complaint is attached as Exhibit A to the Affirmation of Cliff Fonstein in Support of Defendant's Motion for Sanctions (the "Fonstein Aff."), previously submitted in support of DBSI motion.

Brief. They even admit that one of the offending allegations -- that DBSI backdated a financial report and created inaccurate numbers to put in it -- is not only unsupported by any evidence, but is also flat out wrong. Second, they offer no credible reason for the Court to deny the award of sanctions, essentially conceding that they forced DBSI to go through needless cost and effort simply to get them to withdraw reputationally damaging allegations that should never have been brought in the first place. They needlessly required DBSI to file a motion to strike, to engage in a long and futile exchange of correspondence and telephone calls explaining the fallacy of the offending allegations, and, ultimately, to file this motion for sanctions -- all of which could have been avoided if Graves and his counsel had not stubbornly clung to their baseless allegations.[2]

## ARGUMENT

### A.  Graves and His Counsel Concede that the Fraud Allegations in the Complaint Lack Evidentiary Support.

In the Opposition Brief, Graves and his counsel make no attempt to justify the allegations in Graves's Complaint that DBSI backdated documents and deliberately made up figures in the Reports submitted to the EEOC as Exhibits C and F to DBSI's position statement. After DBSI's year-long effort to convince Graves and his counsel to withdraw the offending allegations, Graves and his counsel now acknowledge that they "may not be correct" and that support for these allegations is "now lacking," and they move to delete the allegations from their proposed Amended Complaint. (Plaintiff's Memorandum of Points and Authorities in Support of His Notice of Motion and Motion for Leave to File His Second Amended and Supplemental Complaint, p. 2.). Moreover, Graves and his counsel now concede that the Reports, which they accused DBSI of fabricating in order to deceive the EEOC, "may have been created in good

---

[2] DBSI's efforts to persuade Graves and his counsel to withdraw the offending allegations are set forth in detail in DBSI's Memorandum of Law in Support of Defendant's Motion for Sanctions (the "Opening Brief"), pages 2 to 6.

faith." (Opposition Brief, p. 3.) Significantly, nowhere in the Opposition Brief do Graves and his counsel offer any explanation for including the offending fraud allegations in their Complaint, clearly indicating that there is none. Instead of providing this crucial information, Graves and his counsel devote a substantial portion of their Opposition Brief to large quotes from their proposed Second Amended Complaint. While DBSI will address the propriety of the new allegations at the appropriate time, the only relevant issue here is whether Graves and his counsel should be sanctioned for raising the scurrilous allegations in their initial Complaint which they then knew to be, and that they now concede are, factually untrue.[3] In light of the long-delayed admission in the Opposition Brief that these allegations were, and are, not supported by even a shred of evidence, sanctions against Graves and his counsel are amply warranted.

### B. Graves and His Counsel Offer No Reason for the Court to Deny Sanctions.

Graves and his counsel offer no credible reason for the Court to deny an award of sanctions. As set forth above, in the Opposition Brief, Graves and his counsel do not provide any explanation for pleading any of the offending allegations or for insisting that they stay in the Complaint well after DBSI submitted evidence – not challenged here – that those allegations were indisputably false. The only possible argument they offer for making any of the offending allegations is a half-hearted justification for the allegation that DBSI backdated a document it submitted to the EEOC. We discuss below the tortured argument Graves and his counsel make with respect to the backdating allegation.

Graves and his counsel claim that the basis for filing the allegation of backdating is Graves's purported belief, at the time he filed the Complaint, that the estimated pipeline value

---

[3] DBSI will address Graves's new allegations in an opposition to Plaintiff's Notice of Motion and Notice for Leave to File his Second Amended and Supplemental Complaint within the time frame provided by the Federal Rules of Civil Procedure.

of one transaction reflected in Exhibit F was close to the final revenue value of the completed transaction, which did not close until several months after the Report was issued. (Opposition Brief, p. 11.) Apparently, the fact that DBSI's estimate was accurate or close to the final revenue figure is the sole basis for Graves's claim that DBSI backdated the document. Graves and his counsel now argue that this thin reed, based only on the flimsiest of conjecture, was a sufficient basis, under Rule 9(b) of the Federal Rules of Civil Procedure, to accuse a financial institution of backdating a revenue document submitted to the EEOC. (Opposition Brief, pp. 11-13.) For three reasons, Grave's argument is meritless.

First, Rule 9(b) is not the rule at issue in DBSI's motion. The standards for determining the sufficiency of a fraud pleading under Rule 9(b) are different and distinct from those determining whether the factual contentions in a Complaint have evidentiary support sufficient to preclude Rule 11 sanctions. Rule 9(b) concerns itself with ensuring that pleading elements in a claim of fraud are set forth with sufficient specificity to give a defendant proper notice of the fraud purportedly committed. Under Rule 11, however, a party making a representation to a court in a pleading certifies that the factual contentions in the pleading "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)(3). As explained in the 1993 Advisory Committee Note to Rule 11, "[t]he rule continues to require litigants to 'stop-and-think' before initially making legal or factual contentions." The issue here is not whether Graves pled fraud with sufficient specificity as required under Rule 9(b), but rather whether he had any evidentiary support for his allegations in the first instance. As to that critical issue, Graves's opposition is silent.

Second, even if Rule 9(b) were applicable, Graves failed to meet even this Rule's proof standards. The case cited by Graves, Ouaknine v. MacFarlane, 897 F.2d 75 (2d Cir. 1990), indicates that, to be legally sufficient, allegations of fraudulent scienter must be "supported *by facts* giving rise to a 'strong inference' of fraudulent intent". Id. at 79-80 (citations omitted) (emphasis added). Cases in this Circuit following the recent Supreme Court decision, Tellabs v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007), have further clarified that a "strong inference" must be "at least as compelling as any opposing inference one could draw from the facts alleged." Matsumura v. Benihana Nat'l Corp., 542 F. Supp 2d 245, 255 (S.D.N.Y. 2008). Under this standard, Graves points to no facts at all that could have given rise to a strong inference that DBSI backdated a document to defraud the EEOC. Moreover, there clearly was an equal and more credible explanation for the similarity between the estimated pipeline figure and the final revenue figure, namely that DBSI's estimate was accurate.[4]

Third, whether Graves's conjecture about backdating was sufficient at the time the Complaint was filed to justify making the offending allegation is irrelevant. This is because DBSI submitted proof that the allegation was false as early as July 20, 2007, and Graves and his counsel persisted in advocating the claim until after DBSI served them with its motion for sanctions. (Opening Brief, p. 4.) Indeed, Graves concedes he was aware that this allegation was false at least as early as February 28, 2008, when he received a document production from DBSI. (Opposition Brief, p. 13.) Yet, despite this awareness, he forced DBSI to draft multiple letters requesting the allegation be withdrawn and, ultimately, to file this motion for sanctions. This

---

[4] Even under 18 U.S.C. § 1001, an inapplicable criminal statute Graves and his counsel claim DBSI to have violated, Graves has not set forth evidentiary support to state a valid claim. In the case cited by Graves and his counsel in the Opposition Brief, United States v. Diogo, 320 F.2d 898 (2d Cir. 1963), the Court concluded that, to state a claim under the statute, a prevailing party must set forth "proof of actual falsity". Id. at 902. No such proof has been shown by Graves or his counsel.

irresponsible behavior alone merits the imposition of sanctions. See <u>Abdelhamid v. Altria Group, Inc.</u>, 515 F. Supp. 2d 384 (S.D.N.Y. 2007) (granting motion for sanctions where the plaintiff refused to withdraw baseless allegations after the defendant notified him of contradictory evidence). <u>See also</u> 1993 Advisory Committee Notes to Rule 11 ("[Rule 11] emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention."). If Graves and his counsel indeed experienced a catharsis in February 2008, they had absolutely no justification for delaying the withdrawal of the backdating allegation.

      In sum, sanctions are warranted here. The actions of Graves and his counsel, which, to date, have cost DBSI the time and resources of filing two motions (the motion to strike and the present Rule 11 motion) and initiating and responding to countless letters and telephone conversations, is precisely the behavior that Rule 11 was enacted to discourage. Not only did Graves and his counsel fail to "stop-and-think" before lodging the false and damaging allegations of fraud against DBSI, they refused to withdraw the fraud allegations after their falsity was made evident by DBSI's production of documents clearly disproving the allegations. Despite the production of documents undeniably proving his allegations to be unfounded, Graves and his counsel persisted for almost a full year in advocating a position that was no longer tenable.[5] Sanctions are all the more fitting, because Graves and his counsel have apparently

---

[5] Graves and his counsel make the point that they offered to withdraw the backdating claim (and this claim alone) the day before DBSI filed its Rule 11 motion. (Opposition Brief, p. 11.) Significantly, this conversation occurred only after the lapse of the 21-day Rule 11 safe harbor period and only because DBSI's counsel called Graves's counsel to give him one more opportunity to withdraw all of his offending allegations before DBSI filed its motion. Graves refused to withdraw all of the offending allegations at the time although he does so now in opposition to DBSI's motion.

learned nothing from their mistakes. Rather than altering their conduct under threat of sanctions, Graves and his counsel are attempting to add new unsubstantiated fraud allegations in their proposed Second Amended Complaint thus beginning a whole new course of misbehavior.[6] These will, no doubt, subject DBSI to a "déjà vu" repetition of motions at further cost of time and money to DBSI and to this Court.

## CONCLUSION

For the foregoing reasons, DBSI respectfully requests that the Court grant its motion for sanctions and direct Graves to withdraw the fraud allegations against DBSI from his Complaint and award DBSI attorneys' fees and costs incurred in filing the motion to strike and this motion for sanctions, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 23, 2008

SIDLEY AUSTIN LLP

By: _____
Cliff Fonstein
Joanne Seltzer
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendant
Deutsche Bank Securities Inc.

---

[6] While Graves and his counsel have abandoned their claim that DBSI backdated documents and fabricated figures, they now argue that DBSI misled the EEOC by submitting a position statement that omitted relevant information, and contained false statements and altered documents. As noted above, DBSI will show these allegations are just as baseless as the fraud allegations asserted in the original claim.

## CERTIFICATE OF SERVICE

I, Allison E. Maue, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that on June 23, 2008, I caused a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of Defendant's Motion For Sanctions to be served upon the following:

> Richard T. Seymour
> Law Office of Richard T. Seymour, PLLC
> 1150 Connecticut Avenue, NW, Suite 900
> Washington, D.C. 20036-4129
> (by Federal Express overnight delivery)
>
> Steven A. Berger
> Berger & Webb, LLP
> 1633 Broadway, 46th Floor
> New York, New York 10019
> (by hand delivery)

_____
Allison E. Maue

NY1 6670993v.8