Cliff Fonstein (CF-8603)
Joanne Seltzer (JS-2686)
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendant
Deutsche Bank Securities Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
DANIEL B. GRAVES,                             :
                                              :   07 Civ. 5471 (BSJ)(KNF)
                        Plaintiff,            :
                                              :   **DEFENDANT'S OBJECTIONS**
        - against -                           :   **AND RESPONSES TO THE**
                                              :   **DOCUMENT REQUESTS IN**
DEUTSCHE BANK SECURITIES INC.,                :   **PLAINTIFF'S FIRST**
                                              :   **REQUESTS FOR DISCOVERY**
                        Defendant.            :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the Southern District of New York, Defendant Deutsche

Bank Securities Inc. ("DBSI" or the "Bank"), by its attorneys, Sidley Austin LLP, answers and

makes its written objections to the Document Requests in Plaintiff's First Requests for Discovery

from Defendant (the "Requests") as set forth below.  DBSI's response to any of the Requests is

not, and shall not be construed as, an admission of the relevance or admissibility into evidence of

any such response or of the propriety of any of the Requests.

## GENERAL OBJECTIONS, COMMENTS AND QUALIFICATIONS

In addition to the specific objections separately set forth in response to certain of the Requests, DBSI asserts the following General Objections, which are incorporated into each specific answer and objection, whether or not specifically referred to therein.

1.    DBSI objects to each and every Request to the extent that it is unduly burdensome, oppressive, and excessive in number and detail required.

2.    DBSI objects to each and every Request to the extent that it exceeds the scope of permissible discovery permitted by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York.

3.    DBSI objects to all Requests or parts thereof to the extent that they call for documents or information that relate to matters not raised by the pleadings, not material and necessary to the prosecution or defense of this matter, or not reasonably calculated to lead to the discovery of admissible evidence, or that are not relevant to the claim or defense of any party, or that are premature with respect to the parties' obligations under the Report of the Parties as to their Rule 26(f) Preliminary Conference and Proposed Scheduling Order, entered into by the parties on October 9, 2007.

4.    DBSI objects to the "Additional Definition of Terms" section of the Requests to the extent that Plaintiff's definitions and instructions contradict or go beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York.

5.    DBSI makes the objections and provides the answers contained herein without waiver of any right or privilege to object to the introduction into evidence, in this or any other action or proceedings, of any information contained in any of the documents or the introduction of any of the documents themselves, upon grounds of competency, relevancy, hearsay,

2

authenticity or other proper grounds. DBSI reserves all rights to object to the use of any of the documents or information produced (now or in the future) in response hereto, in any subsequent proceedings, including the trial of this or any other action. DBSI expressly reserves the right to object to further discovery into any subject matter in the Requests. In responding, DBSI does not admit the factual or legal premise of any of the Requests.

6.    DBSI responds to the Requests based on the best of its present knowledge, information and belief. DBSI's response is at all times subject to such additional or different information that discovery or further investigation may disclose. DBSI reserves the right to supplement and update its responses to the Requests. Any supplemental response provided to the Requests shall not function as a waiver of any privilege or objection DBSI has or may assert herein.

7.    DBSI objects to the Requests to the extent that they seek documents or information that are subject to any claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the joint-defense privilege, and/or any other applicable privilege. DBSI intends to and does claim such privilege(s) with respect to all such information.

8.    DBSI objects to the Requests to the extent that they seek the disclosure of confidential or proprietary knowledge and/or business or commercial information or documents (i.e. non-public, sensitive, financial information, or personal information concerning a non-party to the action) without a confidentiality order having been entered by the parties to the proceeding. Notwithstanding, DBSI will produce such documents or information subject to a Confidentiality Stipulation.

9.    DBSI objects to the Requests in that its responses are limited by the structural damage and contamination of its facility at 130 Liberty Street on September 11, 2001. While there may have been documents or information responsive to the Requests housed at 130 Liberty Street, that information or documents have been contaminated or otherwise destroyed and are therefore no longer in DBSI's possession, custody or control.

10.    These General Objections are incorporated into each of the responses set forth below and shall have the same force and effect as if set forth in full in response to each individual request.

11.    DBSI objects to the Requests to the extent that they seek documents or information that are outside the applicable time frame to this litigation. For example, a majority of the Requests seek information for the time period from March 31, 1999 to the present, even though Plaintiff's Complaint makes clear that the earliest alleged discriminatory behavior took place in "late 2002." Based on Plaintiff's allegations, Defendant submits that the applicable time frame is June 1, 2002, the earliest date of alleged discriminatory treatment to January 31, 2004, the date of Plaintiff's termination (the "relevant period").

12.    DBSI objects to the Requests to the extent that they seek documents or information about individuals that are not relevant to Plaintiff's claims. For example, documents or information relating to individuals other than Managing Directors ("MDs") or Directors in the Media Investment Banking Group (the "Media Group") have no bearing on Plaintiff's claims.

These General Objections are incorporated into each of the responses set forth below and shall have the same force and effect as if set forth in full in response to each individual request.

## SPECIFIC OBJECTIONS AND ANSWERS TO PLAINTIFF'S
## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT

### 1. Job Descriptions and Organizational Chart

**Document Request No. 1:**

A copy of every job description used by defendant from March 31, 1999, to the present, for the positions of Vice President, Director, or Managing Director, or for any position filled by a Vice President, Director, or Managing Director.

**Response:**

DBSI objects to Request No. 1 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, DBSI objects to Request No. 1 because it calls for information outside the relevant period and with respect to individuals other than MDs and Directors in the Media Group, which has no bearing on Plaintiff's claims.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce job descriptions, if any, it may have for the relevant period for the positions of Director and MD as applicable to the Media Group.

**Document Request No. 2:**

A copy of every job description used by defendant from March 31, 1999, to the present, for employees in supervisory or managerial positions in the Media Investment Banking Group, or in supervisory or managerial positions in a direct reporting or managerial line above the Media Investment Banking Group.

**Response:**

DBSI objects to Request No. 2 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, DBSI objects to Request No. 2 because it calls for information outside the relevant period and

with respect to individuals other than MDs and Directors in the Media Group, which has no

bearing on Plaintiff's claims. Further, DBSI objects to Request No. 2 to the extent it is

duplicative of Request No. 1.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI

responds: DBSI will produce job descriptions, if any, it may have for the relevant period for the

positions of Director and MD in the Media Group.

**Document Request No. 3:**

A copy of every organizational chart showing defendant's units and reporting
relationships within the United States.

**Response:**

DBSI objects to Request No. 3 on the grounds it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example,

DBSI objects to Request No. 3 because documents for groups other than the Media Group and

outside of the relevant period are not relevant to Plaintiff's claims.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI

responds: DBSI will produce organizational charts, if any, it may have for the Media Group

during the relevant period.

## 2. Personnel Files and Other Information on Employees

**Document Request No. 4:**

A copy of every policy containing information about the contents of personnel files and
other information to be maintained as to employees or former employees.

**Response:**

DBSI objects to Request No. 4 to the extent it is vague, ambiguous, overly broad, unduly

burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged responsive policies, if any, it may have relating to the content and retention of personnel files for the MDs and Directors in the Media Group during the relevant time period.

**Document Request No. 5:**

A copy of the complete personnel file, and of every other file of a type regularly maintained by defendant as to its employees, from March 31, 1999, through March 31, 2005, for each banker who worked in the Media Investment Banking Group at any time during that period. Documents relating to the health (other than dates and reasons for leaves), medical benefits, families, and investments (other than compensation information) of such bankers are excluded from this request.

**Response:**

DBSI objects to Request No. 5 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims and is not likely to lead to the discovery of relevant information. For example, personnel documents for employees other than MDs and Directors in the Media Group outside of the relevant period are not relevant to Plaintiff's claims in this action. DBSI further objects to Request No. 5 to the extent it seeks confidential, personal information, disclosure of which would invade the privacy interests of current or former employees of DBSI who are not parties to this action.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce relevant non-privileged qualification and performance documents,

if any, it may have for the MDs and Directors in the Media Group during the relevant time period.

### 3. Banker personnel and Staffing Levels

**Document Request No. 6:**

A copy of every policy containing information about the recruitment, hiring, transfer, lay-off, termination, or retention of bankers.

**Response:**

DBSI objects to Request No. 6 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action. Further, as Plaintiff sets forth no claims relating to recruitment, hiring or transfer, policies relating to these personnel actions are not relevant to his claims.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating to the lay-off, termination or retention of MDs and Directors in the Media Group during the relevant period.

**Document Request No. 7:**

A copy of every policy limiting consideration for lay-off to persons in the same job category, so that only Managing Directors would be compared to each other for purposes of layoff, or only Directors would be compared to each other for purposes of layoff, or only Vice Presidents would be compared to each other for purposes of lay-off.  See the Position Statement, p.2.

**Response:**

DBSI objects to Request No. 7 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action.

**Document Request No. 8:**

A copy of all documents containing information about the role of Franchise Revenue Pipelines in selecting bankers for lay-off.

**Response:**

DBSI objects to Request No. 8 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have regarding to the reduction in force which affected Plaintiff's employment.

**Document Request No. 9:**

A copy of all documents containing information about the planned or actual staffing levels, recruitment, hiring, transfer, lay-off, termination, or retention of bankers within the Media Investment Banking Group, from March 31, 1999, to the present.

**Response:**

DBSI objects to Request No. 9 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to personnel actions other than the termination and retention of Directors and MDs in the Media Group during the reduction in force that affected Plaintiff's employment are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have regarding the reduction in force which affected Plaintiff's employment.

**Document Request No. 10:**

A copy of all documents containing information about the planned or actual staffing levels, recruitment, hiring, transfer, lay-off, termination, or retention of Media Bankers outside the Media Investment Banking Group, from March 31, 1999, to the present.

**Response:**

DBSI objects to Request No. 10 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to personnel actions other than the termination and retention of Directors and MDs in the Media Group during the reduction in force that affected Plaintiff's employment are not relevant to Plaintiff's claims in this action.

### 4. Age and Seniority

**Document Request No. 11:**

A copy of every policy containing information about the use of seniority in lay-offs of bankers. See the Position Statement, pp. 2, 6, and 8.

**Response:**

DBSI objects to Request No. 11 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  For example, documents other than those relating to the lay-offs of Directors and MDs in the Media Group during the reduction in force that affected Plaintiff's employment are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have regarding the reduction in force which affected Plaintiff's employment.

**Document Request No. 12:**

A copy of every policy about the type of seniority – companywide including predecessors, company wide excluding predecessors, major business unit (Global Markets, Corporate Finance, etc.), type of client or industry, or supervisory unit, or other – to be used in layoff decisions, and the means of calculating seniority for use in lay-off decisions.  See the Position Statement, pp. 2, 6, and 8.

**Response:**

DBSI objects to Request No. 12 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  For example, documents other than those relating to the lay-offs of Directors and MDs in the Media Group during the reduction in force that affected Plaintiff's employment are not relevant to Plaintiff's claims in this action.  Further, DBSI objects to Request No. 12 to the extent it is duplicative of Request No. 11.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have regarding seniority policies applied to the reduction in force which affected Plaintiff's employment.

**Document Request No. 13:**

A copy of all documents, other than individual personnel records, mentioning the age or seniority of bankers in connection with the staffing levels of, or the planned or actual recruitment, hiring, transfer, lay-off, termination, and retention of bankers within, any Industry Group. See the Position Statement, pp. 2, 6, and 8.

**Response:**

DBSI objects to Request No. 13 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example,

documents relating to the ages of individuals other than MDs and Directors in the Media Group

during the relevant period are not relevant to Plaintiff's claims in this action. DBSI further

objects to Request No. 13 to the extent it seeks information regarding confidential

communications between attorney and client or materials prepared by counsel or on counsel's

behalf in anticipation of litigation, which contain the mental impressions, legal theories or

conclusions of DBSI's counsel on the grounds that said information is protected from disclosure

by the attorney-client privilege, the work-product privilege, or by any other privilege recognized

by statute, at common law or by the Federal Rules of Civil Procedure or the Local Rules of this

Court.

Without waiving the foregoing objections and to the extent not objected to therein, DBSI

responds: DBSI will produce documents sufficient to reflect the ages of the Directors and MDs

in the Media Group during the relevant period.

### 5. Computer-Readable Database of Information on Bankers

**Document Request No. 14:**

A copy of defendant's computer-readable personnel database or databases, containing records on Directors and Managing Directors, showing for each year any of the following information: names, dates of birth, dates of employment, date notified of end of employment, reason for any end of employment, groups in which employed, compensation received in that

year, compensation rates, amounts and dates of changes in compensation rates, incentive bonuses received, retention bonuses received, signing bonuses received, cash bonuses received, stock bonuses received, dates of award of bonuses, dates of receipt of bonuses, all other computer-readable information helping to show whether the Directors or Managing Directors who had ended their employment were awarded and received a bonus for the preceding year, whether they were allowed to continue working for some period of time at the same pay without duties, or with reduced duties, or at reduced or no pay, and the duration of that period of time, and any other information on the database as to Directors and Managing Directors.

**Response:**

Defendant objects to Request No. 14 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims and are not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 14 because it seeks disclosure of confidential and proprietary business information systems. Additionally, DBSI objects to Request No. 14 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action.

**Document Request No. 15:**

A copy of all documents containing information about any codes and explanations of codes used in any computer-readable database produced by defendant.

**Response:**

DBSI objects to Request No. 15 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims and are not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 15 because it seeks disclosure of confidential and proprietary business information systems.

13

## 6. **Compensation of Bankers**

**Document Request No. 16:**

A copy of all documents containing information about compensation contracts of any Media Bankers from March 31, 1999, through the present.

**Response:**

DBSI objects to Request No. 16 on the grounds is overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents referring to compensation contracts for employees other than MDs and Directors in the Media Group during the relevant period are not relevant to Plaintiff's claims in this action. Moreover, Plaintiff has set forth no claims relating to disparate pay in his Complaint and, therefore, documents relating to compensation are not relevant to Plaintiff's claims in this action. Further, DBSI objects to Request No. 16 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action.

**Document Request No. 17:**

A copy of all documents containing information about the compensation amounts, levels, or ranges of compensation, of Media Bankers from March 31, 1999, through the present. Defendant may respond to any part of this request by referring to the database produced in response to Request No. 14, to the extent that plaintiff can obtain the same information from that database.

**Response:**

DBSI objects to Request No. 17 on the grounds it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents referring to compensation contracts for employees other than MDs and Directors in the Media Group during the relevant period are not relevant to Plaintiff's claims in this action.

Moreover, Plaintiff has set forth no claims relating to disparate pay in his Complaint and,

therefore, documents relating to compensation are not relevant to Plaintiff's claims in this action.

Further, DBSI objects to Request No. 17 because disclosure of such information would invade

the privacy interests of current or former employees of DBSI who are not parties to this action.

**Document Request No. 18:**

A copy of all documents containing information about the importance of annual incentive
bonuses to defendant's ability to attract and retain good bankers, or about the importance of such
bonuses to the bankers it employed.

**Response:**

DBSI objects to Request No. 18 on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example,

documents referring to incentive compensation plans for employees other than MDs and

Directors in the Media Group during the relevant period are not relevant to Plaintiff's claims in

this action. Moreover, Plaintiff has set forth no claims relating to disparate pay in his Complaint

and, therefore, documents relating to incentive compensation are not relevant to Plaintiff's

claims in this action. DBSI further objects to Request No. 18 to the extent it seeks confidential,

personal information, disclosure of which would invade the privacy interests of current or former

employees of DBSI who are not parties to this action. In addition, DBSI objects to Request No.

18 on the grounds it is premature, since it relates to a claim that may be dismissed pursuant to

Defendant's Motion for Partial Dismissal of the Complaint and to Strike Portions of the

Complaint.

**Document Request No. 19:**

A copy of every policy about the manner in which bonus pools were to be allocated to
individual Media Bankers, or to individual bankers in the Media Investment Banking Group,
from March 31, 1999, through the present.

**Response:**

DBSI objects to Request No. 19 on the grounds it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents referring to incentive compensation plans for employees other than MDs and Directors in the Media Group during the relevant period are not relevant to Plaintiff's claims in this action. Moreover, Plaintiff has set forth no claims relating to disparate pay in his Complaint and, therefore, documents relating to incentive compensation are not relevant to Plaintiff's claims in this action.

**Document Request No. 20:**

A copy of all documents containing information about the decisions to award bonuses, or about the decisions to award a particular amount of bonus, from March 31, 1999, through the present, to any Media Banker at any time from March 31, 1999, through March 31, 2005. Defendant may respond to any part of this request by referring to the database produced in response to Request No. 14, to the extent that plaintiff can obtain the same information from that database.

**Response:**

DBSI objects to Request No. 20 on the grounds it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents reflecting decisions to award bonuses for employees other than MDs and Directors in the Media Group during the relevant period are not relevant to Plaintiff's claims in this action. Moreover, Plaintiff has set forth no claims relating to disparate pay in his Complaint and, therefore, documents relating to incentive compensation are not relevant to Plaintiff's claims in this action. DBSI further objects to Request No. 20 to the extent it seeks confidential, personal

information, disclosure of which would invade the privacy interests of current or former

employees of DBSI who are not parties to this action.

### 7. <u>Policies on Evaluations of Performance, Abilities, and Prospects</u>

<u>**Document Request No. 21**</u>:

A copy of every policy about evaluating the performance, abilities, or prospects of individual employees, including but not limited to the matters to be considered, the persons from whom input should be sought, and the consideration of such input.

<u>**Response**</u>:

DBSI objects to Request No. 21 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example,

policies in effect at any time other than the relevant period and which were not applicable to the

Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI

responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating

to policies about evaluating performance of MDs and Directors applicable to the Media Group

during the relevant period.

<u>**Document Request No. 22(a)**</u>:

A copy of every policy about:

      a.    Media Bankers working in units outside the Media Investment Banking Group providing information on the performance of any bankers who worked in the Media Investment Banking Group; or

<u>**Response**</u>:

DBSI objects to Request No. 22(a) to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example,

policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action. Additionally, DBSI objects to Request No. 22(a) because it is duplicative of Request No. 21.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: See DBSI's Response to Request No. 21.

**Document Request No. 22(b):**

A copy of every policy about:

b.    any bankers who worked in the Media Investment Banking Group providing information on the performance of any Media Bankers working in units outside the Media Investment Banking Group.

**Response:**

DBSI objects to Request No. 22(b) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action. DBSI objects to Request No. 22(b) because it is duplicative of Request No. 21.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: See DBSI's Response to Request No. 21.

**Document Request No. 23:**

A copy of every policy about comparing the performance, abilities, or prospects of different employees.

**Response:**

DBSI objects to Request No. 23 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action. DBSI objects to Request No. 23 because it is duplicative Request Nos. 21, 22(a), and 22(b).

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: See DBSI's Response to Request No. 21.

### 8.  Actual Evaluations of Performance, Abilities, and Prospects

**Document Request No. 24:**

A copy of all documents containing information about any draft or final performance evaluations, input on performance evaluations, and e-mails or other documents discussing the performance, abilities, or prospects of any individual banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through the present.

**Response:**

DBSI objects to Request No. 24 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, performance evaluations of any employee other than MDs and Directors in the Media Group during the relevant period are not relevant to Plaintiff's claims in this action. Further, DBSI objects to Request No. 24 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: See documents attached hereto. DBSI will produce additional documents, if any, of performance evaluations of MDs and Directors in the Media Group during the relevant period.

**Document Request No. 25:**

A copy of all documents containing information about any comparison of the performance, abilities, or prospects of different bankers or groups of bankers, where any banker

included in the comparison worked in the Media Investment Banking Group at any time from March 31, 1999, through the present.

**Response:**

DBSI objects to Request No. 25 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example,

performance evaluations of any employee other than MDs and Directors in the Media Group

during the relevant period are not relevant to Plaintiff's claims in this action. Further, DBSI

objects to Request No. 25 because disclosure of such information would invade the privacy

interests of current or former employees of DBSI who are not parties to this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI

responds: See documents attached hereto. DBSI will produce additional documents, if any, it

may have of performance evaluations of MDs and Directors in the Media Group during the

relevant period.

### 9. Policies on Franchise Revenue Achievements, Targets, and Pipelines

**Document Request No. 26:**

A copy of every policy containing information about recognition of Franchise Revenue achievements for individual Directors or Managing Directors (or groups of Directors or Managing Directors), or the allocation of such achievements among individual Directors or Managing Directors (or groups of Directors or Managing Directors) within an Industry Group, or among Industry Groups.

**Response:**

DBSI objects to Request No. 26 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example,

policies in effect at any time other than the relevant period and which were not applicable to the

Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI

responds:  DBSI will produce responsive policies, if any, it may have relating to the allocation of

franchise revenue to MDs and Directors in the Media Group for the relevant period.

**Document Request No. 27:**

A copy of every policy containing information about Franchise Revenue targets for
Directors or Managing Directors.

**Response:**

DBSI objects to Request No. 27 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  For example,

policies in effect at any time other than the relevant period and which were not applicable to the

Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI

responds:  DBSI will produce responsive policies, if any, it may have relating to the franchise

revenue targets of Directors and MDs in the Media Group during the relevant period.

**Document Request No. 28:**

A copy of every policy containing information about Franchise Revenue pipelines, the
recognition of individual bankers' descriptions of prospective business in their pipelines, or the
allocation of such pipelines, among individual Directors or Managing Directors (or groups of
Directors or Managing Directors) within an Industry Group, or among Industry Groups.

**Response:**

DBSI objects to Request No. 28 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  For example,

policies in effect at any time other than the relevant period and which were not applicable to the

Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI

responds:  DBSI will produce responsive policies, if any, it may have relating to the franchise

revenue pipelines of Directors and MDs in the Media Group during the relevant period.

**Document Request No. 29:**

A copy of every policy containing information about the use of Franchise Revenue
pipelines in determining compensation and retention.

**Response:**

DBSI objects to Request No. 29 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  For example,

policies in effect at any time other than the relevant period and which were not applicable to the

Media Group are not relevant to Plaintiff's claims in this action.  DBSI further objects to Request

No. 29 because it is duplicative of Request No. 28.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI

responds:  See DBSI's Response to Request No. 28.

**10.  Franchise Revenue Achievements, Targets, and Pipelines**

**Document Request No. 30:**

A copy of all documents showing the Franchise Revenues received, targets, or pipeline
goals of each Industry Group and of every unit employing Media Bankers, from March 31,1999,
to date.

**Response:**

DBSI objects to Request No. 30 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to franchise revenue and targets and pipeline goals for employees other than the MDs and Directors in the Media Group for the relevant period are not relevant to Plaintiff's claims. DBSI further objects to Request No. 30 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: DBSI will produce documents, if any, it may have reflecting the revenue targets and pipeline goals for MDs and Directors in the Media Group in the relevant period.

**Document Request No. 31:**

A copy of all documents containing information about individual Directors' or Managing Directors' meeting or failing to meet their Franchise Revenue targets within the Media Investment Banking Group within the period of time from January 1, 2002, to the present.

**Response:**

DBSI objects to Request No. 31 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to franchise revenue targets for any employee other than the MDs and Directors in the Media Group for the relevant period are not relevant to Plaintiff's claims. DBSI further objects to Request No. 31 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action. DBSI further objects to Request No. 31 because it requests information that is duplicative of Request No. 30.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce documents, if any, it may have reflecting the achievement of

revenue targets and pipeline goals for MDs and Directors in the Media Group in the relevant period.

**Document Request No. 32:**

A copy of all documents containing information about the recognition of Franchise Revenue received, or other measures of performance, or Franchise Revenue pipelines or prospects of any individual bankers, or group of bankers within the Media Investment Banking Group at any time from March 31,1999, through March 31, 2005.

**Response:**

DBSI objects to Request No. 32 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to franchise revenue and pipelines for employees other than the MDs and Directors in the Media Group for the relevant period are not relevant to Plaintiff's claims. DBSI further objects to Request No. 32 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action. DBSI objects to Request No. 32 because it requests information that is duplicative of Request Nos. 30 and 31.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce documents, if any, it may have reflecting the franchise and pipeline revenues and performance evaluations for MDs and Directors in the Media Group in the relevant period.

**Document Request No. 33:**

A copy of all documents containing information about the allocation of Franchise Revenue earnings, or other measures of performance, to any individual bankers, or group of bankers within the Media Investment Banking Group.

**Response:**

DBSI objects to Request No. 33 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to the allocation of franchise revenue earnings or other measures of performance for employees other than the MDs and Directors in the Media Group for the relevant period are not relevant to Plaintiff's claims. DBSI further objects to Request No. 33 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action. Additionally, DBSI objects to Request No. 33 because it requests information that is duplicative of Request Nos. 30, 31, and 32.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds:  See DBSI's Response to Request No. 32.

**Document Request No. 34:**

A copy of all documents containing information about the acknowledgment or allocations of Franchise Revenue pipelines to any individual bankers, or group of bankers, within the Media Investment Banking Group.

**Response:**

DBSI objects to Request No. 34 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to acknowledgment or allocation of franchise revenue pipelines to any employee other than the MDs and Directors in the Media Group for the relevant period are not relevant to Plaintiff's claims. DBSI further objects to Request No. 34 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are

not parties to this action. Additionally, DBSI objects to Request No. 34 because it requests information that is duplicative of Request Nos. 30, 31, 32, and 33.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds:  <u>See</u> DBSI's Response to Request No. 32.

### Document Request No. 35(a):

A copy of all documents containing information about:

    a.    DBSI's decision not to credit the pipelines of individual bankers with prospective business transactions identified by the bankers as likely to close and result in revenues during the period covered by the pipeline;

### Response:

DBSI objects to Request No. 35(a) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to the pipelines of employees other than the MDs and Directors in the Media Group for the relevant period are not relevant to Plaintiff's claims. DBSI further objects to Request No. 35(a) because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action. Additionally, DBSI objects to Request No. 35(a) because it assumes the existence of facts and circumstances that did not or do not exist.

### Document Request No. 35(b):

A copy of all documents containing information about:

    b.    formal or informal, internal or external, complaints by bankers as to DBSI's decision not to credit their pipelines with prospective business transactions they had identified as likely to close and result in revenues during the period covered by the pipeline.

**Response:**

DBSI objects to Request No. 35(b) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, complaints by employees other than MDs and Directors in the Media Group during the relevant period are not relevant to Plaintiff's claims. DBSI further objects to Request No. 35(b) because it assumes the existence of facts and circumstances that did not or do not exist.

**Document Request No. 35(c)(i):**

A copy of all documents containing information about:

  c. DBSI's decision not to credit plaintiff's 2003 pipeline with any of the following transactions:

    i. A contract with Tribune Co. for the remaining value of the Denver radio sale for approximately $430,00 or 401.135 Euros;

**Response:**

DBSI objects to Request No. 35(c)(i) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(c)(i) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of the pipeline revenue to Plaintiff for the remaining value of the Denver radio sale for Tribune Co.

**Document Request No. 35(c)(ii):**

A copy of all documents containing information about:

    c.    DBSI's decision not to credit plaintiff's 2003 pipeline with any of the following transactions:

        ii.    An agreement with Allbritton Communications that DBSI would lead a bond transaction for approximately $3,094,000 or 2,925,492 Euros;

**Response:**

DBSI objects to Request No. 35(c)(ii) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, and calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(c)(ii) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, relating to the attribution of pipeline revenue to Plaintiff for a bond transaction for Allbritton Communications.

**Document Request No. 35(c)(iii):**

A copy of all documents containing information about:

    c.    DBSI's decision not to credit plaintiff's 2003 pipeline with any of the following transactions:

        iii.    an agreement with Salem Communications that DBSI would lead a bond transaction for approximately $250,000 or 236,384 Euros;

**Response:**

DBSI objects to Request No. 35(c)(iii) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(c)(iii) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue to Plaintiff for a bond transaction for Salem Communications.

**Document Request No. 35(c)(iv):**

A copy of all documents containing information about:

     c.    DBSI's decision not to credit plaintiff's 2003 pipeline with any of the following transactions:

          iv.    A contract with Raycom Media to handle a merger and acquisition transaction for approximately $3,000,000 or 2,836,611 Euros;

**Response:**

DBSI objects to Request No. 35(c)(iv) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(c)(iv) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue to Plaintiff for a merger and acquisition transaction for Raycom Media.

**Document Request No. 35(c)(v):**

A copy of all documents containing information about:

     c.    DBSI's decision not to credit plaintiff's 2003 pipeline with any of the following transactions:

          v.    An agreement with Susquehanna Media that DBSI would participate in a bond transaction for approximately $1,500,000 or 1,418,306 Euros;

**Response:**

DBSI objects to Request No. 35(c)(v) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(c)(v) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenues to Plaintiff for a bond transaction for Susquehanna Media.

**Document Request No. 35(c)(vi):**

A copy of all documents containing information about:

      c.     DBSI's decision not to credit plaintiff's 2003 pipeline with any of the following transactions:

            vi.     An agreement with Hearst-Argyle that DBSI would participate in a equity transaction for approximately $3,300,000 or 3,120,272 Euros;

**Response:**

DBSI objects to Request No. 35(c)(vi) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(c)(vi) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating

to the attribution of pipeline revenue to Plaintiff for an equity transaction agreement for Hearst-Argyle.

**Document Request No. 35(c)(vii):**

A copy of all documents containing information about:

    c.    DBSI's decision not to credit plaintiff's 2003 pipeline with any of the following transactions:

        vii.    An agreement with Crown Media that DBSI would participate in an equity transaction for approximately $1,600,000 or 1,512,859 Euros;

**Response:**

DBSI objects to Request No. 35(c)(vii) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(c)(vii) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue to Plaintiff for an equity transaction for Crown Media.

**Document Request No. 35(d):**

A copy of all documents containing information about:

    d.    DBSI's decision not to credit plaintiff's 2003 pipeline with only 1,182,000 Euros for an agreement with Salem Communications for DBSI to lead an equity transaction, instead of the approximately $1,800,000 or 1,701,967 Euros estimated by plaintiff;

**Response:**

DBSI objects to Request No. 35(d) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have

no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(d) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, relating to the attribution of pipeline revenue to Plaintiff for an equity transaction for Salem Communications.

**Document Request No. 35(e)(i):**

A copy of all documents containing information about:

e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

i.    A contract with Raycom Media to handle a merger and acquisition transaction for approximately $3,000,000 or 2,348,888 Euros;

**Response:**

DBSI objects to Request No. 35(e)(i) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(i) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue for a merger and acquisition transaction for Raycom Media.

**Document Request No. 35(e)(ii):**

A copy of all documents containing information about:

e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

      ii.     A request for an amendment to DBSI's outstanding line of credit from Allbritton Communications for approximately $100,000 or 78,296 Euros;

**Response:**

DBSI objects to Request No. 35(e)(ii) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(ii) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, relating to the attribution of pipeline revenue to Plaintiff for an amendment to DBSI's outstanding line of credit for Allbritton Communications.

**Document Request No. 35(e)(iii):**

A copy of all documents containing information about:

      e.     DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

          iii.     An agreement with the shareholders of Freedom Communications for DBSI to participate in the refinancing of the company for approximately $6,000,000 or 4,697,776 Euros;

**Response:**

DBSI objects to Request No. 35(e)(iii) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(iii) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue to Plaintiff for DBSI's participation in the refinancing of Freedom Communications.

**Document Request No. 35(e)(iv):**

A copy of all documents containing information about:

  e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

     iv.    An agreement with Gannett Corporation for DBSI to participate in a share buyback for approximately $400,000 or 313,185 Euros;

**Response:**

DBSI objects to Request No. 35(e)(iv) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(iv) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue to Plaintiff for DBSI's participation in a share buyback for Gannett Corporation.

**Document Request No. 35(e)(v):**

A copy of all documents containing information about:

  e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

     v.    An agreement with Gannett Corporation for DBSI to participate in a new line of credit for approximately $80,000 or 62,637 Euros;

**Response:**

DBSI objects to Request No. 35(e)(v) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(v) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue to Plaintiff for DBSI's participation in a new line of credit for Gannett Corporation.

**Document Request No. 35(e)(vi):**

A copy of all documents containing information about:

    e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

        vi.    an agreement with Crown Media for DBSI to participate in the sale of its international assets for approximately $2,000,000 or 1,565,925 Euros;

**Response:**

DBSI objects to Request No. 35(e)(vi) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(vi) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating

to the attribution of pipeline revenue to Plaintiff for DBSI's participation in the sale of Crown Media's international assets.

**Document Request No. 35(e)(vii):**

    A copy of all documents containing information about:

        e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

            vii.    An agreement with XM Satellite Radio for DBSI to participate in a sale/leaseback transaction for approximately $1,000,000 or 782,963 Euros;

**Response:**

DBSI objects to Request No. 35(e)(vii) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(vii) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue for DBSI's participation in a sale/leaseback transaction for XM Satellite Radio.

**Document Request No. 35(e)(viii):**

    A copy of all documents containing information about:

        e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

            viii.    An agreement with XM Satellite Radio for DBSI to participate in a bond transaction for approximately $1,000,000 or 782,963 Euros;

**Response:**

DBSI objects to Request No. 35(e)(viii) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(viii) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenues for DBSI's participation in a bond transaction for XM Satellite Radio.

**Document Request No. 35(e)(ix):**

A copy of all documents containing information about:

      e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the following transactions:

            ix.    An agreement with Gray Television for DBSI to lead a convertible bond offering for approximately $1,980,000 or 1,550,266 Euros;

**Response:**

DBSI objects to Request No. 35(e)(ix) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(ix) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have relating