to the attribution of pipeline revenues to Plaintiff for an agreement for DBSI to lead a convertible

bond offering for Gray Television.

**Document Request No. 35(e)(x):**

A copy of all documents containing information about:

e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the
following transactions:

x.    An agreement with Hearst-Argyle for DBSI to participate in a line
of credit for approximately $500,000 or 391,481 Euros; and

**Response:**

DBSI objects to Request No. 35(e)(x) to the extent it is vague, ambiguous, overly broad,

unduly burdensome, argumentative, calls for the production of numerous documents which have

no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

DBSI further objects to Request No. 35(e)(x) because it assumes the existence of facts and

circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI

responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating

to the attribution of pipeline revenue for an agreement for DBSI to participate in a line of credit

for Hearst-Argyle.

**Document Request No. 35(e)(xi):**

A copy of all documents containing information about:

e.    DBSI's decision not to credit plaintiff's 2004 pipeline with any of the
following transactions:

xi.    An agreement with Hearst-Argyle for DBSI to participate in an
equity offering for approximately $3,300,000 or 2,583,777 Euros.

**Response:**

DBSI objects to Request No. 35(e)(xi) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 35(e)(xi) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating to the attribution of pipeline revenue to Plaintiff an agreement for DBSI to participate in an equity offering with Hearst-Argyle.

**Document Request No. 36:**

A copy of every policy on the inclusion, addition, removal, or tiering of clients, or on the inclusion, addition, removal of bankers or SIBs, or information in DBSI's Client Manager system.

**Response:**

DBSI objects to Request No. 36 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive policies, if any, it may have relating to DBSI's Client Manager system as applicable to the Media Group during the relevant period.

**Document Request No. 37(a):**

A copy of all documents containing information about:

39

      a.      DBSI's removal of Gannett Corporation from the Client Manager system;

**Response:**

DBSI objects to Request No. 37(a) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 37(a) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of Gannett Corporation in the Client Manager system.

**Document Request No. 37(b):**

A copy of all documents containing information about:

      b.      DBSI's failure or refusal to reinstate Gannett Corporation to the Client Manager system after plaintiff complained of the removal;

**Response:**

DBSI objects to Request No. 37(b) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 37(b) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of Gannett Corporation in the Client Manager system.

**Document Request No. 37(c):**

A copy of all documents containing information about:

c.    DBSI's failure or refusal to reinstate the Washington Post Co. to the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

**Response:**

DBSI objects to Request No. 37(c) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 37(c) because it assumes the existence of facts and circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(c) because it calls for documents or information that relate to matters outside of the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of Washington Post Co. in the Client Manager system and the SIB assigned to the client.

**Document Request No. 37(d):**

A copy of all documents containing information about:

d.    DBSI's failure or refusal to place the E.W. Scripps Co. on the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

**Response:**

DBSI objects to Request No. 37(d) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 37(d) because it assumes the existence of facts and

circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(d) because it calls for documents or information that relate to matters outside of the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of E.W. Scripps Co. in the Client Manager system and the SIB assigned to the client.

**Document Request No. 37(e):**

A copy of all documents containing information about:

e.  DBSI's failure or refusal to place Media General, Inc. on the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

**Response:**

DBSI objects to Request No. 37(e) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 37(e) because it assumes the existence of facts and circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(e) because it calls for documents or information that relate to matters outside of the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of Media General, Inc. in the Client Manager system and the SIB assigned to the client.

**Document Request No. 37(f):**

A copy of all documents containing information about:

      f.      DBSI's failure or refusal to place Meredith Corporation on the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

**Response:**

DBSI objects to Request No. 37(f) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 37(f) because it assumes the existence of facts and circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(f) because it calls for documents or information that relate to matters outside of the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of Meredith Corporation in the Client Manager system and the SIB assigned to the client.

**Document Request No. 37(g):**

A copy of all documents containing information about:

      g.      DBSI's failure or refusal to place Sirius Satellite Radio, Inc., on the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

**Response:**

DBSI objects to Request No. 37(g) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 37(g) because it assumes the existence of facts and circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(g) because it calls for documents or information that relate to matters outside of the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of Sirius Satellite Radio, Inc. in the Client Manager system and the SIB assigned to the client.

**Document Request No. 37(h):**

A copy of all documents containing information about:

  h. DBSI's failure or refusal to place The McGraw-Hill Companies, Inc., on the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

**Response:**

DBSI objects to Request No. 37(h) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI objects to Request No. 37(h) because it assumes the existence of facts and circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(h) because it calls for documents or information that relate to matters outside of the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of The McGraw-Hill Companies, Inc. in the Client Manager system and the SIB assigned to the client.

**Document Request No. 37(i):**

A copy of all documents containing information about:

  i. DBSI's failure or refusal to place Hearst Corporation on the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

**Response:**

DBSI objects to Request No. 37(i) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI objects to Request No. 37(i) because it assumes the existence of facts and circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(i) because it calls for documents or information that relate to matters outside of the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, in may have regarding the listing of Hearst Corporation in the Client Manager system and the SIB assigned to the client.

**Document Request No. 37(j):**

A copy of all documents containing information about:

j. DBSI's failure or refusal to place Journal Communications, Inc. on the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

**Response:**

DBSI objects to Request No. 37(j) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI objects to Request No. 37(j) because it assumes the existence of facts and circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(j) because it calls for documents or information that relate to matters not raised by the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have

regarding the listing of Journal Communications, Inc. in the Client Manager system and the SIB assigned to the client.

## Document Request No. 37(k):

A copy of all documents containing information about:

k.   DBSI's failure or refusal to place Atlantic Broadband, Inc., on the Client Manager system and/or to assign plaintiff as SIB to this client after plaintiff so requested in 2003;

### Response:

DBSI objects to Request No. 37(k) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI objects to Request No. 37(k) because it assumes the existence of facts and circumstances that did not or do not exist. Further, DBSI objects to Request No. 37(k) because it calls for documents or information that relate to matters outside of the pleadings.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have regarding the listing of Atlantic Broadband, Inc. in the Client Manager system and the SIB assigned to the client.

## Document Request No. 37(l)

A copy of all documents containing information about:

l.   DBSI's assignment of plaintiff as responsible for the Cox Radio client;

### Response:

DBSI objects to Request No. 37(l) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

46

DBSI further objects to Request No. 37(l) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have that reflect plaintiff's coverage relationship with Cox Radio.

**Document Request No. 37(m):**

A copy of all documents containing information about:

m.    DBSI's failure to place Cox Radio on the Client Manager system and/or to assign plaintiff as SIB to this client after informing plaintiff he was responsible for this client;

**Response:**

DBSI objects to Request No. 37(m) to the extent it is vague, ambiguous, overly broad, unduly burdensome, argumentative, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 37(m) because it assumes the existence of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have relating to the existence of Cox Radio in the Client Manager system and the SIB assigned to the client.

**Document Request No. 37(n):**

A copy of all documents containing information about:

n.    plaintiff's informing DBSI that he had developed business prospects with potential clients not then being serviced by other bankers, plaintiff's requests to have such potential clients placed on the Client Manager system, and plaintiff's requests to be assigned as SIB to such clients;

**Response:**

DBSI objects to Request No. 37(n) to the extent it is vague, ambiguous, overly broad,

unduly burdensome, argumentative, calls for the production of numerous documents which have

no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

DBSI objects to Request No. 37(n) because it assumes the existence of facts and circumstances

that did not or do not exist.

**Document Request No. 37(o):**

A copy of all documents containing information about:

o.    DBSI's failure or refusal to place other potential clients on the Client
Manager system, and/or to assign plaintiff as SIB to such clients after
plaintiff informed DBSI he had developed business prospects with such
clients.

**Response:**

DBSI objects to Request No. 37(o) to the extent is vague, ambiguous, overly broad,

unduly burdensome, argumentative, calls for the production of numerous documents which have

no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

DBSI further objects to Request No. 37(o) because it assumes the existence of facts and

circumstances that did not or do not exist.

**Document Request No. 38:**

A copy of all documents containing information about the actual consequences, in
determining compensation and retention, of the allocations of Franchise Revenue pipelines to
any individual bankers, or group of bankers, within the Media Investment Banking Group.

**Response:**

DBSI objects to Request No. 38 to the extent is vague, ambiguous, overly broad, unduly

burdensome, argumentative, calls for the production of numerous documents which have no

bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

DBSI objects to Request No. 38 to the extent that the phrase "actual consequences" is vague,

ambiguous and lacks sufficient precision to permit an answer. Moreover, DBSI objects to

Request No. 38 because it is duplicative of Request No. 27.

**Document Request No. 39(a):**

A copy of all documents containing information about the Franchise Revenues DBSI received for the High-Yield bond offering for Allbritton Communications, including:

        a.     the date each part of the revenues was received;

**Response:**

DBSI objects to Request No. 39(a) to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further

objects to Request No. 39(a) because it seeks disclosure of confidential and proprietary business

information. Additionally, DBSI objects to Request No. 39(a) because it assumes the existence

of facts and circumstances that did not or do not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI

responds: DBSI will produce non-privileged, responsive documents, if any, it may have showing

the franchise revenues DBSI received for a High-Yield bond offering for Allbritton

Communications.

**Document Request No. 39(b):**

A copy of all documents containing information about the Franchise Revenues DBSI received for the High-Yield bond offering for Allbritton Communications, including:

        b.     the date each part of the revenues was booked;

**Response:**

See DBSI's Response to Request No. 39(a).

**Document Request No. 39(c):**

A copy of all documents containing information about the Franchise Revenues DBSI received for the High-Yield bond offering for Allbritton Communications, including:

    c.    separately for each year in which revenues were acknowledged or allocated, the specific revenues acknowledged or allocated to each individual bankers;

**Response:**

<u>See</u> DBSI's Response to Request No. 39(a).

**Document Request No. 39(d):**

A copy of all documents containing information about the Franchise Revenues DBSI received for the High-Yield bond offering for Allbritton Communications, including:

    d.    any disputes of any kind over the years in which revenues were acknowledged or allocated for individual bankers;

**Response:**

<u>See</u> DBSI's Response to Request No. 39(a).

**Document Request No. 39(e):**

A copy of all documents containing information about the Franchise Revenues DBSI received for the High-Yield bond offering for Allbritton Communications, including:

    e.    the consideration of such disputes;

**Response:**

<u>See</u> DBSI's Response to Request No. 39(a).

**Document Request No. 39(f):**

A copy of all documents containing information about the Franchise Revenues DBSI received for the High-Yield bond offering for Allbritton Communications, including:

    f.    the manner in which DBSI recognized or failed to recognize

**Response:**

DBSI objects to Request No. 39(f) on the grounds the Request lacks sufficient precision

to permit a response.

**Document Request No. 39(g):**

A copy of all documents containing information about the Franchise Revenues DBSI received for the High-Yield bond offering for Allbritton Communications, including:

g.     the resolution of such disputes.

**Response:**

See DBSI's Response to Request No. 39(a).

## 11.  Closing of Media Investment Banking Group Offices

**Document Request No. 40:**

A copy of every policy on contracts, terminations or severance arrangements in connection with the partial or complete closing of offices.

**Response:**

DBSI objects to Request No. 40 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action. DBSI further objects to Request No. 40 on the ground the closing of offices had nothing to do with Claimant's employment or his termination.

**Document Request No. 41(a):**

A copy of all documents containing information about the partial or complete closing of offices to which bankers in the Media Investment Banking Group where then assigned, the effect of the partial or complete closing on such bankers, DBSI's policies with respect thereto, and the specific arrangements made with the affected personnel, including but not limited to:

a.     DBSI's partial or complete closing of the Baltimore Office;

**Response:**

See DBSI's Response to Request No. 40.

**Document Request No. 41(b):**

A copy of all documents containing information about the partial or complete closing of offices to which bankers in the Media Investment Banking Group where then assigned, the effect of the partial or complete closing on such bankers, DBSI's policies with respect thereto, and the specific arrangements made with the affected personnel, including but not limited to:

b.    DBSI's partial or complete closing of the San Francisco Office.

**Response:**

See DBSI's Response to Request No. 40.

## 12.  Client Activities

**Document Request No. 42:**

A copy of every policy on the tiering of clients.

**Response:**

See DBSI's Response to Request No. 36.

**Document Request No. 43:**

A copy of every policy on the allocation of Senior Investment Bankers and staff to clients.

**Response:**

See DBSI's Response to Request No. 36.

**Document Request No. 44:**

A copy of all documents containing information about "wallet size," including but not limited to its meaning, calculation, and use in establishing targets, deciding on retention of employees, and deciding on allocation of resources.

**Response:**

See DBSI's Responses to Request No. 36.

**Document Request No. 45:**

A copy of all documents containing information about "Tiger Teams" among Media Bankers or within the Media Investment Banking Group from March 31, 1999, to March 31, 2005, and their preparation.

**Response:**

See Responses to Request No. 36.

**Document Request No. 46:**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time

from March 31, 1999, to the present, as to the assignment or re-assignment of bankers to particular Media sectors or subsectors, or as to any policy governing such assignments or reassignments.

**Response:**

DBSI objects to Request No. 46 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, policies in effect at any time other than the relevant period and which were not applicable to the Media Group are not relevant to Plaintiff's claims in this action. DBSI further objects to Request No. 46 on the grounds that the phrase "Media sectors and subsectors" is vague, ambiguous and lacks sufficient precision to permit a response

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce documents, if any, it may have reflecting the MDs and Directors employed in the Media Group and relevant policies, if any, it may have reflecting the assignment of clients to MDs and Directors in the Media Group during the relevant time period.

**Document Request No. 47(a):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        a.      any policies on the assignment of clients to one or more bankers;

**Response:**

See DBSI's Response to Request No. 46.

**Document Request No. 47(b):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        b.      any policies on changes in the assignments of clients to one or more bankers;

**Response:**

See DBSI's Response to Request No. 46.

**Document Request No. 47(c):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        c.    the actual assignments of clients to one or more bankers;

**Response:**

DBSI objects to Request No. 47(c) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to events occurring at any time other than the relevant period or which affected employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting the assignments of clients to MDs and Directors in the Media Group during the relevant period.

**Document Request No. 47(d):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        d.    changes in the assignments of clients to one or more bankers;

**Response:**

See DBSI's Response to Request No. 47(c).

**Document Request No. 47(e):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        e.    any assignment or change in the assignment of the Salem Communications client to any banker;

**Response:**

See DBSI's Response to Request No. 47(c).

**Document Request No. 47(f):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        f.    any experience of any Director or Managing Director other than plaintiff in any transaction involving the Salem Communications client;

**Response:**

DBSI objects to Request No. 47(f) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to events occurring at any time other than the relevant period or which affected employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting the involvement of the MDs and Directors in the Media Group in transactions involving Salem Communications during the relevant period.

**Document Request No. 47(g):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        g.     any assignment or change in the assignment of the Tribune Company client to any banker;

**Response:**

See DBSI's Response to Request No. 47(c).

**Document Request No. 47(h):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        h.     any experience of any Director or Managing Director other than plaintiff in any transaction involving the Tribune Company client;

**Response:**

DBSI objects to Request No. 47(h) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to events occurring at any time other than the relevant period or which affected employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting the involvement of the MDs and Directors in the Media Group in transactions involving the Tribune Company during the relevant period.

**Document Request No. 47(i):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

      i.    any assignment or change in the assignment of the Adelphia Communications client to any banker;

**Response:**

See DBSI's Response to Request No. 47(c).

**Document Request No. 47(j):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

      j.    any experience of any Director or Managing Director other than plaintiff in any transaction involving the Adelphia Communications client;

**Response:**

DBSI objects to Request No. 47(j) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  For example, documents relating to events occurring at any time other than the relevant period or which affected employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have reflecting the involvement of the MDs and Directors in the Media Group in transactions involving Adelphia Communications during the relevant period.

**Document Request No. 47(k):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

> k.    any assignment or change in the assignment of the Charter Communications client to any banker;

**Response:**

See DBSI's Response to Request No. 47(c).

**Document Request No. 47(l):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

> l.    any experience of any Director or Managing Director other than plaintiff in any transaction involving the Charter Communications client;

**Response:**

DBSI objects to Request No. 47(l) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to events occurring at any time other than the relevant period or which affected employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting the involvement of the MDs and Directors in the Media Group in transactions involving Charter Communications during the relevant period.

**Document Request No. 47(m):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

      m.    any assignment or change in the assignment of the XM Satellite Radio client to any banker;

**Response:**

See DBSI's Response to Request No. 47(c).

**Document Request No. 47(n):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

      n.    any experience of any Director or Managing Director other than plaintiff in any transaction involving the XM Satellite Radio client;

**Response:**

DBSI objects to Request No. 47(n) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to events occurring at any time other than the relevant period or which affected employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting the involvement of the MDs and Directors in the Media Group in transactions involving XM Satellite Radio during the relevant period.

**Document Request No. 47(o):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

> o.    any assignment or change in the assignment of the Cox Communications client to any banker;

**Response:**

See DBSI's Response to Request No. 47(c).

**Document Request No. 47(p):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

> p.    any experience of any Director or Managing Director other than plaintiff in any transaction involving the Cox Communications client;

**Response:**

DBSI objects to Request No. 47(p) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to events occurring at any time other than the relevant period or which affected employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting the involvement of the MDs and Directors in the Media Group in transactions involving Cox Communications during the relevant period.

**Document Request No. 47(q):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        q.  any assignment or change in the assignment of the Cox Enterprises client, including but not limited to its subsidiaries and affiliates not listed above, to any banker;

**Response:**

See DBSI's Response to Request No. 47(c).

**Document Request No. 47(r):**

A copy of every document containing any information for any period of time, as to any banker or group of bankers who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, as to any of the following:

        r.  any experience of any Director or Managing Director other than plaintiff in any transaction involving the Cox Enterprises client, including but not limited to its subsidiaries and affiliates not listed above.

**Response:**

DBSI objects to Request No. 47(r) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to events occurring at any time other than the relevant period or which affected employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting the involvement of the MDs and Directors in the Media Group in transactions involving Cox Enterprises during the relevant period.

**Document Request No. 48:**

A copy of all documents containing information about the assignments or more than one banker to accounts, or about DBSI's policy with respect thereto.

**Response:**

See DBSI's Response to Request No. 47(c).

### 13. Client Activity Databases

**Document Request No. 49(a):**

A copy of all documents containing information about contacts with clients by any individual banker, or group of individual bankers, who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, including but not limited to information on:

     a.      DBSI's Client Manager or similarly-entitled system or database;

See also Request No. 15 above, in connection with these databases.

**Response:**

DBSI objects to Request No. 49(a) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to client contacts at any time other than the relevant period with respect to employees other than MDs and Directors in the Media Group are not relevant to Plaintiff's claims in this action. DBSI further objects to Request No. 49(a) because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action. Additionally, DBSI objects to Request No. 49(a) because it seeks disclosure of confidential and proprietary business information systems.

Without waiving the foregoing objection, and to the extent not objected to therein, DBSI responds: See responsive documents attached hereto. DBSI will produce non-privileged,

responsive documents, if any, it may have reflecting client contact data for the Directors and

MDs in the Media Group during the relevant period.

**Document Request No. 49(b):**

     A copy of all documents containing information about contacts with clients by any individual banker, or group of individual bankers, who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, including but not limited to information on:

       b.     DBSI's Call Report system or similarly-entitled system or database;

See also Request No. 15 above, in connection with these databases.

     **Response:**

     See DBSI's Response to Request No. 49(a).

**Document Request No. 49(c):**

     A copy of all documents containing information about contacts with clients by any individual banker, or group of individual bankers, who worked in the Media Investment Banking Group at any time from March 31, 1999, through March 31, 2005, including but not limited to information on:

       c.     other records of client contacts.

See also Request No. 15 above, in connection with these databases.

     **Response:**

     See DBSI's Response to Request No. 49(a).

**Document Request No. 50:**

     A copy of every policy on the inclusion, addition, or removal of clients, bankers, SIBs, or data in DBSI's Client Manager system, access to the system, limitations on access to the system, or other information about the system.

     **Response:**

     DBSI objects to Request No. 50 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  For example,

documents relating to data in the Client Manager system at any time other than the relevant period with respect to employees other than MDs and Directors in the Media Group is not relevant to Plaintiff's claims in this action. DBSI further objects to Request No. 50 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action. Additionally, DBSI objects to Request No. 50 because it seeks disclosure of confidential and proprietary business information systems.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce policies, if any, reflecting the Client Manager system as applicable to the Media Group during the relevant period.

**Document Request No. 51:**

A copy of every policy on the inclusion, addition, or removal of contacts, clients, bankers, SIBs, or data in DBSI's Call Report system, access to the system, limitations on access to the system, or other information about the system.

**Response:**

DBSI objects to Request No. 51 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to data in the Call Report system at any time other than the relevant period with respect to employees other than MDs and Directors in the Media Group is not relevant to Plaintiff's claims in this action. DBSI further objects to Request No. 51 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action. Additionally, DBSI objects to Request No. 51 because it seeks disclosure of confidential and proprietary business information systems.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce policies, if any, it may have reflecting the Call Report system as applicable to the Media Group during the relevant period.

### 14.  Termination of Media Bankers and of Bankers in the Media Investment Banking Group

**Document Request No. 52:**

A copy of all documents containing information about any decision or suggestion to terminate one or more media Bankers or one of more bankers in the media Investment Banking Group – or any particular Media Banker(s) or banker(s) in the Media Investment Banking Group – from March 31, 1999, to the present.

**Response:**

See DBSI's Response to Request No. 9.

**Document Request No. 53:**

A copy of all documents containing information about any decision or suggestion to reduce the staffing of Media Bankers or of the Media Investment Banking Group from March 31, 1999, to the present.

**Response:**

See DBSI's Response to Request No. 9.

**Document Request No. 54:**

A copy of all documents containing information about any involvement of any manager or supervisor outside the Media Investment Banking Group, in the decision or suggestion to reduce the staffing of, or to terminate one or more bankers in, the Media Investment Banking Group from March 31, 1999, to the present.

**Response:**

See DBSI's Response to Request No. 9.

**Document Request No. 55:**

A copy of all documents containing information about any involvement of any manager or supervisor outside the units in which Media Bankers work, in the decision or suggestion to reduce the staffing of such units, or to terminate one or more Media Bankers, or any particular Media Banker or Media Bankers in, such units from March 31, 1999, to the present.

**Response:**

<u>See</u> DBSI's Response to Request No. 9.

## 14. <u>Treatment of Employees Given Notices of Termination or Suggestion of Resignation</u>

**Document Request No. 56(a):**

A copy of all documents containing information about the bonus, date of DBSI's notice of termination or of DBSI's suggesting that the employee resign, transfer if any, transferee position and assignment and rate of pay if any, need for immediate departure if any, date(s) and amount(s) by which the employee's pay was changed, date the employee left the payroll if applicable, and date the employee no longer had office space and telephone service as if an employee of DBSI if applicable, for any Director or Managing Director whose employment ended by termination, or resignation following a suggestion of resignation, on or after March 31, 1999, and who:

    a.  was or was not awarded a bonus for his or her last full year of work;

DBSI may respond to any part of this request by referring to the database produced in response to Request No. 14, to the extent that plaintiff can obtain the same information from that database, and should respond to this request to the extent that that database does not contain the requested information.

**Response:**

DBSI objects to Request No. 56(a) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents containing information regarding bonuses paid to employees other than the Directors and MDs in the Media Group during the relevant period are not relevant to Plaintiff's claims in this action. DBSI further objects to Request No. 56(a) because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action.

**Document Request No. 56(b):**

A copy of all documents containing information about the bonus, date of DBSI's notice of termination or of DBSI's suggesting that the employee resign, transfer if any, transferee position and assignment and rate of pay if any, need for immediate departure if any, date(s) and

amount(s) by which the employee's pay was changed, date the employee left the payroll if applicable, and date the employee no longer had office space and telephone service as if an employee of DBSI if applicable, for any Director or Managing Director whose employment ended by termination, or resignation following a suggestion of resignation, on or after March 31, 1999, and who:

         b.     was or was not awarded a bonus for his or her current partial year of work;

DBSI may respond to any part of this request by referring to the database produced in response to Request No. 14, to the extent that plaintiff can obtain the same information from that database, and should respond to this request to the extent that that database does not contain the requested information.

    **Response:**

    <u>See</u> DBSI's Response to Request No. 56(a)

**Document Request No. 56(c):**

    A copy of all documents containing information about the bonus, date of DBSI's notice of termination or of DBSI's suggesting that the employee resign, transfer if any, transferee position and assignment and rate of pay if any, need for immediate departure if any, date(s) and amount(s) by which the employee's pay was changed, date the employee left the payroll if applicable, and date the employee no longer had office space and telephone service as if an employee of DBSI if applicable, for any Director or Managing Director whose employment ended by termination, or resignation following a suggestion of resignation, on or after March 31, 1999, and who:

         c.     sought review of the denial of a bonus; or

DBSI may respond to any part of this request by referring to the database produced in response to Request No. 14, to the extent that plaintiff can obtain the same information from that database, and should respond to this request to the extent that that database does not contain the requested information.

    **Response:**

    <u>See</u> DBSI's Response to Request No. 56(a).

**Document Request No. 56(d):**

    A copy of all documents containing information about the bonus, date of DBSI's notice of termination or of DBSI's suggesting that the employee resign, transfer if any, transferee position and assignment and rate of pay if any, need for immediate departure if any, date(s) and amount(s) by which the employee's pay was changed, date the employee left the payroll if applicable, and date the employee no longer had office space and telephone service as if an employee of DBSI if applicable, for any Director or Managing Director whose employment

ended by termination, or resignation following a suggestion of resignation, on or after March 31, 1999, and who:

        d.      was or was not allowed to continue working, or using DBSI's offices as if still an employee, at the same pay without duties, or with reduced duties, or at reduced or no pay, for any period of time.

DBSI may respond to any part of this request by referring to the database produced in response to Request No. 14, to the extent that plaintiff can obtain the same information from that database, and should respond to this request to the extent that that database does not contain the requested information.

### Response:

DBSI objects to Request No. 56(d) to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  For example,

documents reflecting the terms of termination of employees other than the MDs and Directors in

the Media Group during the relevant period are not relevant to Plaintiff's claim in this action.

DBSI further objects to Request No. 56(d) because disclosure of such information would invade

the privacy interests of current or former employees of DBSI who are not parties to this action.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI

responds:  DBSI will produce non-privileged, responsive documents, if any, it may have

reflecting the offers of continued employment to Directors and MDs in the Media Group who

were selected for reductions in force during the relevant period.


### Document Request No. 57:

A copy of all documents containing information about the reason for the decisions described in Request No. 50.

### Response:

DBSI objects to Request No. 57 to the extent it is vague, ambiguous, overly broad,

unduly burdensome, calls for the production of numerous documents which have no bearing on

Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, documents relating to the inclusion, addition or removal of data in the Client Manager system for employees other than MDs and Directors in the Media Group during the relevant period are not relevant to Plaintiff's claims in this matter. Moreover, DBSI objects to Request No. 57 on the ground that the production of documents for every decision taken with respect to the inclusion, addition or removal of data in the Client Manager system would subject DBSI to the production of an excessive amount of documents that have no bearing on this matter. DBSI further objects to Request No. 57 because disclosure of such information would invade the privacy interests of current or former employees of DBSI who are not parties to this action.

## 16. **Plaintiff's Then Prospects and Expectation of Continued Employment**

**Document Request No. 58:**

A copy of all documents containing information about plaintiff's then-future employment prospects with DBSI, whether or not communicated to plaintiff.

**Response:**

DBSI objects to Request No. 58 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 58 on the grounds that the phrase "then-future employment prospects" is vague, ambiguous and lacks sufficient precision to permit a response. In addition, DBSI objects to Request No. 58 on the grounds that it is premature since it relates to a claim that may be dismissed pursuant to Defendant's Motion for Partial Dismissal of the Complaint and to Strike Portions of the Complaint.

**Document Request No. 59:**

A copy of all documents containing information about plaintiff's then expectation of continuing to work for DBSI.

**Response:**

See DBSI's Response to Request No. 58.

### 17. **DBSI's Treatment of Plaintiff**

**Document Request No. 60:**

A copy of all documents containing information about plaintiff's then-future employment prospects with DBSI, whether or not communicated to plaintiff.

**Response:**

See DBSI's Response to Request No. 58.

**Document Request No. 61:**

A copy of all documents containing information about plaintiff's then expectation of continuing to work for DBSI.

**Response:**

See DBSI's Response to Request No. 58.

**Document Request No. 62(a):**

A copy of all documents containing information about:

      a.    DBSI's consideration or rejection of plaintiff's request for his bonus for 2003;

**Response:**

DBSI objects to Request No. 62(a) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have reflecting Plaintiff's purported request for a 2003 bonus.

**Document Request No. 62(b):**

A copy of all documents containing information about:

      b.    the persons involved in such consideration or rejection, their individual recommendations or decisions, or the degree of their involvement

**Response:**

DBSI objects to Request No. 62(b) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.  DBSI further objects to Request No.62(b) on the ground that it assumes the existence of facts or circumstances that do not or did not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds:  DBSI will produce non-privileged, responsive documents, if any, it may have reflecting Plaintiff's purported request for a 2003 bonus and any consideration given to the request.

**Document Request No. 62(c):**

A copy of all documents containing information about:

      c.    DBSI's internal review of the denial of plaintiff's bonus for 2003;

**Response:**

See DBSI's Response to Request No. 62(b).

**Document Request No. 62(d):**

A copy of all documents containing information about:

71

d.    the persons involved in such review, their individual recommendations or decisions, or the degree of their involvement.

**Response:**

See DBSI's Response to Request No. 62(b).

**Document Request No. 63:**

A copy of all documents containing information about DBSI's failure or refusal to transfer plaintiff to a different Media Banker position or to another banker position pursuant to his January 2004 request.

**Response:**

DBSI objects to Request No. 63 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 63 on the ground that it assumes the existence of facts or circumstances that do not or did not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting Plaintiff's purported request for a transfer and consideration of the request.

**Document Request No. 64:**

A copy of all documents containing information about whether DBSI or any of its officials thought there was a need to end plaintiff's employment immediately on or after January 14, 2004, the persons involved in considering this question, any factors they considered as to this matter, the dates of their consideration of the matter, their individual views on the matter, and their conclusions.

**Response:**

See DBSI's Response to Request No. 63.

**Document Request No. 65:**

A copy of all documents containing information about DBSI's consideration or rejection of plaintiff's request to be allowed to continue working for DBSI for some period of months at

reduced or no pay, to help him obtain a comparable job elsewhere, the persons involved in such consideration or rejection, their recommendation or decision, or the degree of their involvement.

**Response:**

DBSI objects to Request No. 65 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 65 on the ground that it assumes the existence of facts or circumstances that do not or did not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting Plaintiff's purported request to be allowed to continue working for DBSI and consideration of the request.

**Document Request No. 66:**

A copy of all documents containing information about DBSI's consideration or rejection of any means of enabling plaintiff to have a "soft landing" from the January 14, 2004, termination that is not mentioned above, the persons involved in such consideration or rejection, their recommendation or decision, or the degree of their involvement.

**Response:**

DBSI objects to Request No. 66 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. DBSI further objects to Request No. 66 on the ground that it assumes the existence of facts or circumstances that do not or did not exist.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have

reflecting any consideration given to Plaintiff's purported request for a "soft landing" and consideration of the request.

**Document Request No. 67(a):**

A copy of all documents containing information about any meetings or telephonic communications (including but not limited to voice-mail messages he left) plaintiff had in January 2004 with any of the following, or that any of the following had with each other concerning the plaintiff:

a.    Jeffrey Amling;

**Response:**

DBSI objects to Request No. 67(a) to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of numerous documents which have no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

Without waiving the foregoing objections, and to the extent not objected to therein, DBSI responds: DBSI will produce non-privileged, responsive documents, if any, it may have reflecting meetings or telephonic communications Plaintiff had with Jeffrey Amling in January 2004.

**Document Request No. 67(b):**

A copy of all documents containing information about any meetings or telephonic communications (including but not limited to voice-mail messages he left) plaintiff had in January 2004 with any of the following, or that any of the following had with each other concerning the plaintiff:

b.    James DeNaut;