Westlaw.

Not Reported in F.Supp.2d
Page 1
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184
(Cite as: Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.))

▷Barnhart v. Federated Dept. Stores, Inc.
S.D.N.Y.,2005.

United States District Court,S.D. New York.
Keith BARNHART, Plaintiff,
v.
FEDERATED DEPARTMENT STORES, INC., et al.
Defendants.
No. 04 Civ. 3668(JGK).

March 8, 2005.

OPINION & ORDER

KOELTL, J.

*1 On April 5, 2004, the plaintiff, Keith Barnhart, filed this action in the New York State Supreme Court, New York County, alleging four causes of action for fraud against the defendants, Federated Department Stores, Inc. ("Federated"), Ed Sheehan ("Sheehan"), an employee of Federated, and Robyn Wonderling as executrix of the estate of John Wonderling ("Wonderling"). In the first two causes of action, the plaintiff alleges that the defendants, knowing that the plaintiff was the sole author of certain musical compositions used in Federated's advertising campaigns (the "Songs"), falsely represented to the American Society of Composer, Authors and Publishers ("ASCAP") that Wonderling was the author of the Songs, and consequently entitled to royalties. In the third and fourth causes of action, the plaintiff alleges that Wonderling, with the cooperation of Sheehan and Federated, filed a copyright application falsely listing Wonderling as the sole or joint author of the Songs. Following removal to this court, the plaintiff moved pursuant to 28 U.S.C. § 1447(c) to remand this action to state court, arguing that the notice of removal was untimely and that this court lacks subject matter jurisdiction. The defendants have moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and pursuant to Federal Rule of Civil Procedure 9(b) for failure to plead fraud with particularity. For the reasons stated below, the motion to remand is denied and the motion to dismiss is granted as to all claims, without prejudice to the plaintiff bringing any claim under 17 U.S.C. § 101, et seq. ("the Copyright Act").

I.

The plaintiff makes the following allegations in the Complaint, which are not disputed for the purposes of the pending motions.

The plaintiff is a musician and composer and a resident of Georgia. (Compl., ¶¶ 1, 6.) The plaintiff alleges that he is the sole author of the Songs, which have been used to advertise Macy's stores. (Id., ¶ 6.) Defendant Federated, a corporation with its headquarters in Ohio, is the parent corporation of Macy's East. (Id., ¶ 3.) Defendant Sheehan is an employee of Macy's East.(Id., ¶ 2.) Robyn Wonderling is executrix to the estate of Wonderling.(Id., ¶ 4.) Wonderling registered the Songs with ASCAP as his own musical compositions and represented to ASCAP that he was entitled to royalties for the Songs. (Id., ¶¶ 9-10, 15.)Wonderling also filed a copyright application listing himself as the sole or joint author of the Songs for the purpose of obtaining royalties. (Id., ¶¶ 19-20, 24-25.)Sheehan, as an agent of Macy's and Federated, despite his alleged knowledge that the plaintiff was the author of the Songs, provided a letter to Wonderling for submission to ASCAP falsely stating that Wonderling had created the Songs. (Id., ¶¶ 11-12, 16.)Sheehan did this knowing that Wonderling would use the letter to obtain royalties for the Songs. (Id., ¶¶ 11-12.)The plaintiff also alleges that Federated and Macy's, through Sheehan, "were aware of and cooperated in this scheme to defraud plaintiff of royalties."(Id., ¶¶ 21, 26.)

II.

A.

*2 Although the plaintiff argues that his complaint states causes of action solely for state law fraud claims, the plaintiff's claims, properly construed, arise under the Copyright Act. Therefore, this Court has original jurisdiction over this action and the action was properly removed. For the reasons explained below, the removal was also timely.

A defendant may remove an action under 28 U.S.C. §

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-05471-BSJ-KNF   Document 39-4   Filed 06/30/2008   Page 2 of 8

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184
(Cite as: Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.))

1441, which states:

(a) [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b).

The party seeking removal bears the burden of establishing that removal is proper. See *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir.2000); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994).

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...."28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348-49 (1999). When applying § 1446(b), "[t]he Court is to construe the thirty-day period narrowly, 'resolving any doubts against removability.' " *Gen. Ins. Co. of Amfrica v. Tilcon New York Inc.,* No. 96 Civ. 1258, 1996 WL 389265, at *1 (S.D.N.Y. July 11, 1996) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.,* 932 F.2d 1043, 1045-46 (2d Cir.1991)).

B.

1.

Federated filed a Notice of Removal on May 13, 2004, based on diversity of citizenship jurisdiction. (Notice of Removal of Civil Action, dated May 13, 2004 ("Federated Notice of Removal").) In the motion, Federated claimed that Robyn Wonderling and Sheehan had not been served with the Summons or Complaint or any other notice of the commencement of the action. (Federated Notice of Removal, ¶ 4.) Federated claimed that diversity jurisdiction was proper because the amount in controversy exceeded $75,000 and because Federated was a citizen of Ohio and Delaware and the plaintiff was a citizen of Georgia. (Federated Notice of Removal, ¶ 6.)

In his Motion to remand, the plaintiff argued that the action could not be removed to the Southern District of New York based on diversity jurisdiction because defendants Robyn Wonderling as executrix of the estate of Wonderling, Sheehan, and Federated are citizens of New York. Removal of a civil action of which the district court does not have original jurisdiction founded on a federal question is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."28 U.S.C. § 1441(b). The plaintiff argued in his Motion to remand that removal based on diversity jurisdiction is improper under § 1441(b) because Robyn Wonderling is a citizen of New York and was served with the summons and complaint in the state court action on April 29, 2004, before Federated filed its Notice of Removal (Memorandum of Law in Support of Plaintiff's Motion to remand ("Pl. Mem. to Remand") at 1.) The plaintiff also argued that removal based on diversity jurisdiction is improper because the plaintiff was attempting to serve defendant Sheehan, who is a citizen of New York, and that Federated is a citizen of New York based on the fact that Macy's has multiple places of business in New York. (*Id.* at 2-3.)The plaintiff also argued that, because all defendants jointly hold the right of removal, the failure of Robyn Wonderling and Sheehan to join in Federated's Notice of Removal constituted a procedural defect that precludes removal. (*Id.* at 3-4.)

*3 Although it argues that its Notice of Removal was proper when filed, Federated has withdrawn its Notice of Removal and relies entirely on a subsequent notice of removal filed by Robyn Wonderling and Sheehan, which states that removal is proper because this Court has original jurisdiction over this action because the claims arise under the Copyright Act.[FN1](Defendants Ed Shechan's and Robyn Wonderling's Joint Notice of Removal, dated May 27, 2004 ("Sheehan and Wonderling's Notice of Removal").)

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184
(Cite as: Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.))

> FN1. Federated argues that its Notice of Removal was proper because, when it was filed, Robyn Wonderling had not received a copy of the Summons and Complaint that the plaintiff claims was served on her on April 29, 2004, Sheehan had not been served, and because Federated is not a citizen of New York. (Fed. Opp. at 2-3.) However, given the fact that Sheehan and Wonderling have now been served, Federated concedes that the grounds on which its Notice of Removal was based no longer exist, and relies on the Notice of Removal filed by Sheehan and Wonderling.

The defendants argue that the plaintiff's claims, despite being cast as state law fraud claims, actually arise under the Copyright Act. The defendants allege that this Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), which grants the district courts "original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights.... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases." Because this Court has exclusive original jurisdiction over these claims, the defendants argue, removal is proper pursuant to 28 U.S.C. §§ 1441(a)-(b).

A claim arises under the Copyright Act if the complaint either (1) seeks a remedy expressly granted by the Act or (2) asserts a claim requiring construction of the Act. See Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 349 (2d Cir.2000); Merchant v. Levy, 92 F.3d 51, 55-56 (2d Cir.1996); T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir.1964); DeCarlo v. Archie Comic Publ., Inc., 127 F.Supp.2d 497, 504 (S.D.N.Y.2001), aff'd, 11 Fed. Appx. 26 (2001). Whether the claim is brought in federal district court originally or by removal from a state court, the court must apply this test to determine whether it has jurisdiction to hear the claim under 28 U.S.C. § 1338(a). See Briarpath Limited L.P. v. Geisler Roberdeau, Inc., 194 F.Supp.2d 246, 254-55 (S.D.N.Y.2002); DeCarlo, 127 F.Supp.2d at 504.

The Complaint plainly falls within the second part of this test. As the defendants argue, the rights the plaintiff alleges he has in the Songs are entirely based on the plaintiff's claim that he is their sole author. This is not a case where the plaintiff contends that he has been assigned rights from another person who was the author or held the copyright in the Songs. The plaintiff's claims require the interpretation of the copyright ownership provisions of the Copyright Act. The Copyright Act is the exclusive source of rights for authors arising from original works of authorship that are fixed in any tangible medium of expression, including a musical work. See 17 U.S.C. §§ 102(a), 301(a) (defining musical works, including accompanying words, fixed in any tangible medium of expression as works of authorship under Copyright Act, and transforming all common law rights arising from authorship of work fixed in tangible medium of expression into federally protected copyrights); DeCarlo, 127 F.Supp.2d at 504-05 (finding that, where authorship forms plaintiff's only alleged basis for rights in work, claim arises under federal law because Copyright Act is exclusive source of rights arising from authorship of work fixed in tangible form).

*4 Although the complaint alleges fraud, such a claim requires a misrepresentation; here, the misrepresentation that the plaintiff alleges the defendants made is that Wonderling was the author of songs of which the plaintiff was the sole author. (Compl., ¶¶ 9-12, 15-16, 19-21, 24-26.) The plaintiff's claims, although ostensibly based on fraud, therefore require that the issue of the plaintiff's rights as the author of the works in question be determined, which requires interpretation of the Copyright Act.

While the plaintiff, in response to this argument, relies on the "well-pleaded complaint" rule, the plaintiff cannot defeat removal by merely disguising a federal claim as a state law claim. The well-pleaded complaint rule provides that to determine whether a claim arises under federal law, the Court must examine the allegations of the complaint and, "as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." See Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003); Franchise Tax Board v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983); Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). The plaintiff argues that because the Complaint does not affirmatively allege a federal claim and the plaintiff is the "master" of his complaint, removal is improper. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("the party who

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-05471-BSJ-KNF   Document 39-4   Filed 06/30/2008   Page 4 of 8

Not Reported in F.Supp.2d											Page 4
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184
(Cite as: Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.))

brings a suit is master to decide what law he will rely upon...."). However, a plaintiff may not overcome federal jurisdiction through "artful pleading" by attempting to ignore or disguise the fact that his claim is one over which federal courts have original jurisdiction, such as a claim requiring construction of the Copyright Act.*Travelers Indem. Co v. Sarkisian,* 794 F.2d 754, 758-62 (2d Cir.1986) ("The Supreme Court has ... allowed federal jurisdiction for state-created claims that involve construction of federal law, ... but only if the federal element is substantial."); *DeCarlo,* 127 F.Supp.2d at 502-06 (denying motion to remand because, despite plaintiff's "artful pleading," claim required construction of Copyright Act, and thus was claim arising under Copyright Act for purposes of federal jurisdiction).

The plaintiff's status as the author of the Songs is central to his claim of fraud. The Complaint alleges that "[t]he Songs are not works for hire," a conclusion that would require the interpretation of the term "works-for-hire" and its corresponding provisions under the Copyright Act. (Compl., ¶ 8).*SeeMerchant,* 92 F .3d at 56 (finding that construction of "work for hire" doctrine involves construing Copyright Act and supports federal jurisdiction); *DeCarlo,* 127 F.Supp.2d at 505 (finding that, in claim of authorship where conflicting stories exist regarding parties' roles in creating work, claim arises under Copyright Act because it will require construction of Copyright Act's work-for-hire provisions and other relevant sections).

*5 Moreover, all the plaintiff's claims are based on the plaintiff's alleged rights as author of the works. The first cause of action claims that Wonderling "defrauded the plaintiff by registering the Songs with [ASCAP] as [Wonderling's] own musical compositions. Wonderling represented that he was the author of the Songs knowing that this was false and that plaintiff was the sole author of the Songs, and intending that there would be reliance on this misrepresentation for the purposes of defrauding plaintiff of royalties."(Compl., ¶¶ 9, 10.) The plaintiff alleges that Federated, through Sheehan, "also defrauded plaintiff by providing a letter to Wonderling for submission to ASCAP falsely stating that Wonderling had created the Songs ... [knowing] that plaintiff was the sole author of the Songs...." (Compl., ¶¶ 11, 12.) The second cause of action also alleges that "Wonderling's fraud" was that he "represented to ASCAP that he was entitled to royalties for ... ad campaigns, which included Songs of which the plaintiff was the sole author" and that Sheehan, on behalf of Macy's, "wrote a letter falsely stating that Wonderling exclusively created the music."(Compl., ¶¶ 15, 16.)

The third cause of action alleges that "Wonderling fraudulently filed a copyright application listing himself as the sole author of Songs which, in fact, were written and recorded solely by plaintiff" and that Federated and Macy's, through Sheehan, "cooperated in this scheme to defraud plaintiff of royalties."(Compl., ¶¶ 19-21, 24-26.) The fourth cause of action makes similar allegations, except it alleges that "Wonderling filed a copyright application listing himself as joint author of Songs written and recorded solely by plaintiff."(Compl., ¶ 24.)

Because the plaintiff's claims require construction of the Copyright Act and therefore arise under that Act, the motion to remand based on lack of subject matter jurisdiction is denied.[FN2]

> FN2. Because the parties do not address the question of whether the claims for fraud are preempted by the Copyright Act, and because the Court finds that these claims are dismissed for failure to state a claim, it is unnecessary for the Court to reach the issue of preemption. *See,e.g.,DeCarlo,* 127 F.Supp.2d at 509 n.64 (declining to resolve preemption issue regarding claims that were dismissed on grounds of equitable estoppel); *Design Art v. National Football League Properties, Inc.,* No. 00CV593, 2000 WL 33151646, at *4 (S.D.Cal. Aug. 18, 2000) (finding that plaintiffs' claim of fraud was preempted by Copyright Act to extent that it simply alleged conversion and improper use of plaintiff's works, but to extent that fraud claim was based on false representations made to others, finding only that plaintiffs had failed to state claim).

2.

The plaintiff also argues that removal is improper because the notice of removal filed by Robyn Wonderling and Sheehan was untimely. Under 28 U.S.C. § 1446(b), a defendant has thirty days to remove an action to federal court. 28 U.S.C. § 1446(b).

Case 1:07-cv-05471-BSJ-KNF   Document 39-4   Filed 06/30/2008   Page 5 of 8

Not Reported in F.Supp.2d                                                                                           Page 5
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184
(Cite as: Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.))

This thirty-day period begins to run on the date of "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."*Murphy Bros., 526 U.S. at 348.* Here, although the date of service of the summons and complaint on Robyn Wonderling is disputed,[FN3] it is undisputed that Federated was the defendant first served with the summons and complaint and was served on April 15, 2004, while Sheehan was served with the summons and complaint on May 26, 2004.[FN4] The plaintiff argues that, because the Sheehan and Wonderling Notice of Removal was filed on May 27, 2004, more than thirty days after Federated was served, the Sheehan and Wonderling Notice of Removal was untimely. (Pl. Opp. at 2-3.) The defendants respond that the thirty-day period in which defendants can file a notice of removal in an action involving multiple defendants is properly measured from the date that service is made on the last defendant to be served. The Sheehan and Wonderling Notice of Removal was filed within thirty days of the date that Sheehan was served. If the "last-served defendant" rule that the defendants argue is proper is applied, the Sheehan and Wonderling Notice of Removal was timely.

> FN3. The plaintiff alleges that Robyn Wonderling was served on April 29, 2004. The defendants, however, claim that as of the May 27, 2004 filing date of Sheehan and Wonderling's Notice of Removal, defendant Wonderling had not been served. (Pl. Opp. Mem. at 1-2; Sheehan & Wonderling Opp. at n.1.) Counsel for Wonderling explained at argument that his law firm accepted service of process for Wonderling on May 25, 2004, and he was not disputing proper service. (Tr. at 9, 11.)

> FN4. The plaintiff has raised the question of whether service of process on Mr. Sheehan and Robyn Wonderling were defective because the attorneys for the respective parties accepted service of the state court summons and complaint after the case had been removed to Federal court by Federated. (Pl. Opp. at 2.) At oral argument on February 17, 2005, however, defendants Wonderling and Sheehan waived any objections with respect to improper service and the plaintiff agreed that he was challenging only the timeliness of the removal and subject matter jurisdiction, and not any procedural defects in service. (Tr. at 8-11.)

*6 In *Murphy Brothers*, the Supreme Court made clear that a defendant is "not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."*Murphy Bros., 526 U.S. at 347.* Hence, service of the summons, and not mere receipt of the complaint, is a prerequisite to a defendant's obligation to engage in litigation, and *Murphy Brothers* held that the receipt of the summons was a prerequisite to the start of the thirty-day period of removal.

*Murphy Brothers* did not deal with the time to remove when multiple defendants are involved. Moreover, the Court of Appeals for the Second Circuit has not determined when the thirty-day period in which removal is permitted begins to run in an action involving multiple defendants. However, following the Supreme Court's decision in *Murphy Brothers*, district courts in this Circuit have generally applied the last-served defendant rule, in which defendants have thirty days from the date that the last defendant is served to file a notice of removal. *See, e.g., Fernandez v. Hale Trailer Brake & Wheel, JBN, 332 F.Supp.2d 621, 622-24 (S.D.N.Y.2004)* (finding last-served defendant rule to be "the more sound approach" and noting that "most district courts in this circuit have adopted the last-served defendant rule); *Piacente v. State Univ. of New York at Buffalo, No. 03-CV-0672E, 2004 WL 816885, at *2-3 (W.D.N.Y. Feb 14, 2004)* (concluding that plain language, Congressional intent, public policy, and Supreme Court precedent favored adopting last-served defendant rule); *Varela v. Flintlock Constr., Inc., 148 F.Supp.2d 297, 300 (S.D.N.Y.2001)* (applying last-served defendant rule as consistent with Supreme Court opinion in *Murphy Brothers* ).*But see Quinones v. Minority Bus Lines Corp., No. 98 Civ. 7167, 1999 WL 225540 (S.D.N.Y. April 19, 1999).*

The last-served defendant rule is more consistent with the *Murphy Brothers* decision than the first-served defendant rule. Unlike the first-served defendant rule, it provides every defendant with a uniform time in which to seek removal and ensures that no defendant is required to take any action in the litigation before

Case 1:07-cv-05471-BSJ-KNF   Document 39-4   Filed 06/30/2008   Page 6 of 8

Not Reported in F.Supp.2d							Page 6
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184
(Cite as: Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.))

that defendant has been served with the summons. *Varela,* 148 F.Supp.2d at 300. Here, the application of the first-served defendant rule as advocated by the plaintiff would allow the right of removal of defendant Sheehan to have expired on May 15, 2004, eleven days before Sheehan was even served with the summons and complaint. Contrary to the ruling in *Murphy Brothers,* this would allow the procedural rights of Sheehan to "slip away ... before one is subject to any court's authority." *Murphy Bros., 526 U.S. at 356; see also Fernandez,* 332 F.Supp.2d at 623; *Varela,* 148 F.Supp.2d at 300.

Accordingly, consistent with the well-reasoned decisions of other courts in this Circuit, this Court will apply the last-served defendant rule. Because the Sheehan and Wonderling Notice of Removal was filed within thirty days of service of the summons and complaint upon Sheehan, the last-served defendant, the Sheehan and Wonderling Notice of Removal is timely. Therefore, the motion to remand based on the alleged untimeliness of the Sheehan and Wonderling Notice of Removal is denied.

### III.

*7 The defendants move to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because each of the causes of action allegedly fails to state a claim upon which relief can be granted.

### A.

On a motion to dismiss, the allegations in the Complaint are accepted as true. *See Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir.1998). In deciding a motion to dismiss, all reasonable inferences are drawn in the plaintiffs' favor. *See Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995); *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *see also Marcus v. Frome,* 329 F.Supp.2d 464, 468 (S.D.N.Y.2004).

On a motion to dismiss pursuant to Rule 12(b)(6), the Court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Therefore, the defendants' motion to dismiss for failure to state a claim should only be granted if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513-14 (2002); *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Grandon,* 147 F.3d at 188; *Goldman,* 754 F.2d at 1065. In deciding the motion, the Court may consider documents that are referenced in the Complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002); *Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Marcus,* 329 F.Supp.2d at 468; *VTech Holdings Ltd. v. Lucent Techs., Inc.,* 172 F.Supp.2d 435, 437 (S.D.N.Y.2001).

Each of the plaintiff's causes of action alleges common law fraud. The first two causes of action allege that the plaintiff was damaged because he lost royalties as a result of the defendants' false misrepresentations to ASCAP that Wonderling was the author of the Songs. The third and fourth causes of action allege that the plaintiff was damaged because he lost royalties as a result of the alleged fraudulent filing of a copyright application by Wonderling in which Wonderling listed himself as the sole author or joint author of the Songs. Under New York law,[FN5] in order to state a claim of fraud, a plaintiff must allege that: (1) the defendant made a material false representation; (2) the defendant intended to defraud the plaintiff thereby; (3) the plaintiff reasonably relied upon the representation; and (4) the plaintiff suffered damage as result of such reliance. *See Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.,* 98 F.3d 13, 19 (2d Cir.1996); *Banque Arabe et International D'Investissement v. Maryland Nat. Bank,* 57 F.3d 146, 153 (2d Cir.1995); *Kregos v. Associated Press,* 3 F.3d 656, 665 (2d Cir.1993).

> FN5. The parties do not dispute that New York law should be applied to determine the elements of a claim for fraud and the Court can accept the agreement of the parties. *See Hannex Corporation v. GMI, Inc.,* 140 F.3d 194, 203 n.7 (2d Cir.1998); *Bhandari v. The Trustees of Columbia University,* No. 00 Civ. 1753, 2000 WL 310344, at *5 n.1 (S.D.N.Y. March 27, 2000).

*8 The defendants argue that the plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-05471-BSJ-KNF  Document 39-4  Filed 06/30/2008  Page 7 of 8

Not Reported in F.Supp.2d    Page 7
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184
(Cite as: Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.))

the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. The defendants argue that the plaintiff's causes of action for fraud do not allege that the plaintiff reasonably relied on the alleged false representations, which is an essential element to fraud under New York law. See Bridgestone/Firestone, 98 F.3d at 19; Bangue Arabe, 57 F.3d at 153; Kregos, 3 F.3d at 665. In response, the plaintiff has not defended his claims, but instead asks the Court for leave to amend the complaint.

The plaintiff's claims must be dismissed for failure to state a claim because the plaintiff has not alleged reasonable reliance, which is an essential element of fraud. Nowhere in his complaint does the plaintiff allege that any of the defendants ever made a misrepresentation upon which the plaintiff reasonably relied. Indeed, the very nature of the misrepresentation-that John Wonderling authored songs of which the plaintiff was in fact the sole author-is such that the plaintiff could not have been misled by the representation because he would have known if he had in fact authored the Songs.

The Complaint instead alleges that the false statements were made to and relied upon by third parties, which cannot be the basis for a claim of fraud under New York law. The Complaint states that the defendants made misrepresentations to ASCAP and the Copyright Office. (Compl., ¶¶ 9-11, 15-16, 19-21, 24-26.) The reliance element of fraud under New York law, however, cannot be established by showing that only a third party, and not the plaintiff, relied on the defendants' allegedly false statements. See Sec. Investor Protection Corp. v. BDO Siedman, LLP, 222 F.3d 63, 71-72 (2d Cir.2000) (finding that, under New York law, plaintiff may state claim for fraudulent misrepresentation made to third party only if plaintiff alleges that he relied to his detriment on defendant's misrepresentation and that defendant intended misrepresentation to be conveyed to plaintiff); Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo, 148 F.3d 194, 196 (2d Cir.1998) ("[A] plaintiff does not establish the reliance element of fraud for purposes of ... New York law by showing only that a third party relied on a defendant's false statements"); Kelly v. L.L. Cool J., 145 F.R.D. 32, 38 n.8 (S.D.N.Y.1992) (stating that fraud claim based on misrepresentations to Copyright Office should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because fraud claim cannot be premised on misrepresentations to and reliance by third party), aff'd, 23 F.3d 398 (2d Cir.1994); Morris v. Castle Rock Entm't, Inc., 246 F.Supp.2d 290, 296 (S.D.N.Y.2003) (finding that third-party reliance that leads third party to take action adverse to plaintiff's interest is not enough to sustain a claim for common law fraud under New York law); Shaw v. Rolex Watch U.S.A., Inc., 673 F.Supp. 674, 682 (S.D.N.Y.1987) ("New York courts have consistently held that a claim of fraud will not lie when premised on the reliance of a third party"). Because the plaintiff has failed to allege an essential element of fraud in any of his causes of action, the complaint must be dismissed in its entirety.

*9 The defendants also argue that the third and fourth causes of action should be dismissed because they are attempts to allege a fraud on the Copyright Office by filing a false application. The defendants argue that this is an effort to plead a private cause of action for filing a false application with the Copyright Office. They argue that, while there is a criminal penalty for filing such a false application, see 17 U.S.C. § 506(e), there is no private right of action for the violation of that provision. Under 17 U.S.C. § 506(e), "[a]ny person who knowingly makes a false representation of a material fact in the application for copyright registration ..." is guilty of a crime and "shall be fined not more than $2,500." 17 U.S.C. § 506(e). There is no corresponding private right of action, however, under 17 U.S.C. § 506(e) for making false claims to the Copyright Office. See Eden Toys, Inc. v. Florelee Undergarment Co., 697 F.2d 27, 37 n.10 (2d Cir.1982) (with respect to request for relief under 17 U.S.C. § 506(c), finding that 17 U.S.C. § 506 "is a criminal provision that does not appear to provide a private right of action); Too, Inc. v. Kohl's Dep't Stores, Inc., 210 F.Supp.2d 402, 405 (S.D.N.Y.2002) ("[U]nder § 506(e), the crime of knowingly mak[ing] a false representation of a material fact in the application for copyright registration ... or in any written statement filed in connection with the application has no corollary private right of action."); see also Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc., 785 F.2d 897, 913 (11th Cir.1986) (finding that Congress intended that 17 U.S.C. § 506 serve as criminal statute and not give rise to private actions).

The plaintiff, however, has not attempted to assert a private cause of action under 17 U.S.C. § 506(e).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-05471-BSJ-KNF   Document 39-4   Filed 06/30/2008   Page 8 of 8

Not Reported in F.Supp.2d                                                                                       Page 8
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184
(Cite as: Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.))

Indeed, if he had, he presumably would not have resisted the assertion of federal jurisdiction over these claims and would not have moved to remand the action to state court. Thus, 17 U.S.C. § 506(e) would not provide a basis to avoid dismissal of the third and fourth causes of action.

In any event, however, the only basis that the plaintiff has attempted to assert for the third and fourth causes of action is common law fraud and, because he does not and could not allege that he relied on the alleged false statements to the Copyright Office, for the reasons stated above, the third and fourth causes of action must be dismissed.[FN6]

> FN6. Because the complaint must be dismissed against all defendants for failure to state a claim, it is unnecessary to reach the defendants' argument that all claims against Federated should be dismissed because the complaint fails to state a claim against Federated. Similarly, because the complaint must be dismissed because of the failure to plead an essential element of fraud, it is unnecessary to reach the defendants' arguments that the fraud attempted to be alleged failed to comply with the particularity requirement for pleading fraud under Federal Rule of Civil Procedure 9(b). Any dismissal for failure to comply with Federal Rule of Civil Procedure 9(b) would generally be without prejudice to the plaintiff's ability to file an amended complaint with the requisite particularity. See Pross v. Katz, 784 F.2d 455, 459 (2d Cir.1986) (noting that, where complaint is deficient with respect to failure to plead fraud with particularity, leave to amend is usually granted); Luce v. Edelstein, 802 F.2d 49, 56 (2d Cir.1986) ("Complaints dismissed under Rule 9(b) are almost always dismissed with leave to amend.") (internal quotations omitted). In this case, however, the plaintiff has not attempted to allege how he could cure the basic defect in his fraud complaint-the inability to allege reliance by the plaintiff.

The plaintiff also asks that the Court give him leave to amend the complaint. Generally, motions to amend should be freely granted. See Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be granted in the absence of "evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir.2000); see also Arbitration Between Space Sys./Loral, Inc. v. Yuzhnoye Design Office, 164 F.Supp.2d 397, 400-01 (S.D.N.Y.2001).

*10 In this case, the plaintiff has only asserted claims for fraud and those claims must be dismissed. The thrust of the defendants' arguments is that any claims the plaintiff has arise under the Copyright Act. It is unclear what, if any, claims the plaintiff may have under the Copyright Act. Those claims have not been asserted or tested and it cannot be determined whether they can be sustained, but the plaintiff should be afforded the opportunity to assert any such claims. Counsel for defendants Federated and Sheehan indicated that they had no objection to an opportunity for the plaintiff to replead such claims. (Tr. at 6.)

CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is denied. The defendant's motion to dismiss the complaint in its entirety is granted without prejudice to any claim that the plaintiff may assert against the defendants under the Copyright Act. Any amended complaint must be served and filed by March 31, 2005.

SO ORDERED.

S.D.N.Y.,2005.
Barnhart v. Federated Dept. Stores, Inc.
Not Reported in F.Supp.2d, 2005 WL 549712 (S.D.N.Y.), 75 U.S.P.Q.2d 1184

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.