LEXSEE


Positive
As of: Jun 30, 2008

ROBERT J. DEVLIN, ANDREW HAGAN, THOMAS HEWSON, STEVEN MILONE, FREDERICK RINCKWITZ, Individually, and on behalf of the Retired Officers, Employees and the Beneficiaries of the Transportation Communications International Union, Plaintiffs, - against - TRANSPORTATION COMMUNICATIONS INTERNATIONAL UNION, and ROBERT A. SCARDELLETTI, International President, Defendants. ROBERT J. DEVLIN, ANDREW HAGAN, THOMAS HEWSON, STEVEN MILONE, FREDERICK RINCKWITZ, Individually, and on behalf of the Retired Officers, Employees and the Beneficiaries of the Transportation Communications International Union, Plaintiffs, - against - TRANSPORTATION COMMUNICATIONS INTERNATIONAL UNION, and ROBERT A. SCARDELLETTI, International President, Defendants.

95 Civ. 0742 (JFK), 95 Civ. 10838 (JFK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2000 U.S. Dist. LEXIS 2441

March 6, 2000, Decided
March 7, 2000, Filed

**DISPOSITION:** [*1] Plaintiffs' motions to amend their complaint denied. Plaintiffs' motion to substitute party granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs retired union members and former union officers moved to amend their complaint accusing defendant employees' union of age discrimination, moved to add a claim for deceptive business practices under N.Y. Gen. Bus. Law § 349 and to substitute a party under Fed. R. Civ. P. 25(a)(1).

**OVERVIEW:** Plaintiffs sued defendant over amendments that were made to defendant's employee benefits system, alleging that the changes were age discriminatory. Plaintiffs moved to add a deceptive business practices claim and to substitute a deceased party with his wife. The court denied plaintiffs' motion to amend its complaint because it found that four years was an unjustifiable delay in asserting the claim. An appellate court decision did not bar plaintiffs' claim until its recent reversal as plaintiffs asserted. The court also found that plaintiffs failed to state a claim under N.Y. Gen. Bus. Law § 349 because it did not show that defendant's actions had an impact on consumers-at-large since defendant's medical plan was available only to its own members and not to the public. The court granted plaintiffs' motion to substitute a party for the party's late husband pursuant to Fed. R. Civ. P. 25(a)(1), because the motion was unopposed.

**OUTCOME:** Motion to amend denied because four years was an unjustifiable delay in asserting the claim and because plaintiffs failed to show that defendant's actions had an impact on consumers-at-large as required by statute. Motion to substitute party granted because it was unopposed.

**CORE TERMS:** age-discrimination, amend, consumer, business practices, deceptive, pre-emption, pre-empted, retirees, elimination, medical plan, death benefit, permission, futile, saved, federal laws, medical services, contract claims, new developments, employee-benefit, pre-1991, provider, at-large, retired, delayed, state laws,

claims arising, deceptive practices, age discrimination, refuse permission, last resort

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
[HN1]A court, in its discretion, may permit a party to amend its pleading pursuant to Fed. R. Civ. P. 15. A court should freely permit such amendments when justice so requires. But, a court may properly refuse permission when an amendment is the result of undue delay, or when it would be futile.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Criminal Law & Procedure > Search & Seizure > Warrantless Searches > Consent to Search > Sufficiency & Voluntariness*
[HN2]A court should not refuse permission to amend because of delay alone. Permission to amend should be freely given when justice so requires, and thus a refusal to do so without some justification is inconsistent with the spirit of the Federal Rules. Undue delay, on the other hand, is proper grounds for refusing permission to amend.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Full Faith & Credit > General Overview*
*Governments > Courts > Judicial Precedents*
[HN3]A federal court deciding issues of state law is bound only by the decisions of the state court of last resort. Although the decisions of intermediate state courts may indicate how the court of last resort would rule, they are not binding per se upon a federal court.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
[HN4]A court may properly refuse permission to amend when the amendment would be futile. An amendment is futile when, beyond doubt, the proposed claim is legally insufficient on its face. Therefore, the test for futility is similar to the test for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
[HN5]In a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court only assesses the legal sufficiency of a claim, it does not weigh the evidence that might be offered in support of that claim. The motion, for failure to state a claim, should be granted only if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
[HN6]In deciding a motion to dismiss, a court must view the claim in the light most favorable to the plaintiffs. A court must accept the factual allegations in support of the claim as true.

*Labor & Employment Law > Discrimination > Age Discrimination > Defenses & Exceptions > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > Applicability*
[HN7]A plaintiff's claim is pre-empted by the Employee Retirement Income Security Act (ERISA) if (1) it "relates to" an ERISA employee-benefit plan, and (2) it is not saved from pre-emption by an exception under ERISA.

*Pensions & Benefits Law > Employee Benefit Plans > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > Applicability*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > State Laws*
[HN8]The Employee Retirement Income Security Act (ERISA) was designed to be a comprehensive and exclusive framework for governing the interests of employees and their beneficiaries in employee benefit plans. As a result, ERISA's pre-emptive effect is expansive and supersedes all state laws that "relate to" any employee-benefit plan under ERISA, subject to certain exceptions. One such exception is contained in 29 U.S.C.S. § 514(d), which states that ERISA does not supersede or alter any federal laws or regulations.

*Labor & Employment Law > Discrimination > Age Discrimination > Enforcement*
*Labor & Employment Law > Discrimination > Age Discrimination > Federal & State Interrelationships*
[HN9]The federal law pertaining to age discrimination, the Age Discrimination in Employment Act (ADEA), provides for joint federal and state enforcement of fed-

eral age-discrimination protections. 29 U.S.C.S. § 621 et. seq.). State age-discrimination laws, therefore, are incorporated into the federal enforcement framework to the extent that they mirror the ADEA's own provisions.

*Torts > Business Torts > Unfair Business Practices > General Overview*
[HN10]N.Y. Gen. Bus. Law § 349 protects consumers from the deceptive business practices of merchants. The statute was designed to protect consumers rather than punish wrongdoers. A plaintiff, therefore, must allege deceptive conduct that impacts consumers at-large in order to state a claim under § 349.

*Evidence > Authentication > General Overview*
*Torts > Business Torts > Unfair Business Practices > General Overview*
[HN11]N.Y. Gen. Bus. Law § 349 applies to merchants who engage in materially deceptive practices.

*Torts > Business Torts > Unfair Business Practices > General Overview*
[HN12]To state a claim under N.Y. Gen. Bus. Law § 349, a plaintiff must allege conduct that impacts consumers at-large.

*Civil Procedure > Appeals > Reviewability > General Overview*
[HN13]Courts generally refuse to revisit issues that they themselves or coordinate courts have already decided. This practice, the doctrine of the law of the case, derives from a strong public policy favoring finality. Therefore, although a court has the power to reexamine a prior decision, it should only do so sparingly.

*Civil Procedure > Appeals > Reviewability > General Overview*
*Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review*
[HN14]In general, a court should be loathe to reexamine a prior decision in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice. A court may also choose to do so where a fundamental change in the governing law impacts directly upon the parties' rights and obligations.

*Civil Procedure > Parties > Intervention > General Overview*
[HN15]Whether a party may permissively intervene in a matter pursuant to Fed. R. Civ. P. 24(b) is at the discretion of the court.

**COUNSEL:** For Plaintiffs: Arthur M. Wischart, Esq., Of Counsel, WISEHART & KOCH, New York, New York.

For Transportation Communications International Union, Robert A. Scardelletti, Defendants: Barry I. Levy, Esq., Of Counsel, SHAPIRO, BEILLY, ROSENBERG, ARONOWITZ, LEVY & FOX, New York, New York.

For Transportation Communications International Union, Robert A. Scardelletti, Defendants: John A. Edmond, Esq., Of Counsel, GUERRIERI, EDMOND & CLAYMAN, P.C., Washington, D.C.

**JUDGES:** JOHN F. KEENAN, United States District Judge.

**OPINION BY:** JOHN F. KEENAN

**OPINION**

*OPINION and ORDER*

**JOHN F. KEENAN, United States District Judge:**

Before the Court are the Plaintiffs' motions to amend their complaint pursuant to Fed. R. Civ. P. 15(a), (c), and (d), so that they may plead a N.Y. Gen. Bus. L. § 349 claim for deceptive business practices and replead their claims relating to the rescission of a cost-of-living adjustment to their retirement benefits. In addition, the Plaintiffs move to substitute a party pursuant to Fed. R. Civ. P. 25(a)(1). The Defendants, Transportation Communications International [*2] Union and Robert A. Scardelletti (collectively, "TCU"), oppose the motions to amend. For the reasons that follow, the motions to amend are denied and the motion to substitute is granted.

*BACKGROUND*

The background to this case has been discussed in previous opinions of this Court, *see Devlin v. Transportation Communications Int'l Union*, 1997 U.S. Dist. LEXIS 15953, No. 95 Civ. 10838, 1997 WL 634179 (S.D.N.Y. Oct. 15, 1997) ("*Devlin II*"); *Devlin v. Transportation Communications Int'l Union*, 1997 U.S. Dist. LEXIS 13916, No. 95 Civ. 0742, 1997 WL 570512 (S.D.N.Y. Sept. 15, 1997) ("*Devlin I*"); *Devlin I*, 1995 U.S. Dist. LEXIS 8813, 1995 WL 380374 (S.D.N.Y. June 26, 1995); and of the Second Circuit Court of Appeals, *see Devlin II*, 175 F.3d 121 (2d Cir. 1999); *Devlin I*, 173 F.3d 94 (2d Cir. 1999). As a result, only those facts relevant to the instant motions shall be discussed.

This case is a consolidation of two formerly separate actions, *Devlin I* and *Devlin II*, that stem from the following amendments to TCU's employee-benefits system: (1) the addition of a $ 100 monthly fee to retired members for continued health benefits under TCU's medical plan; (2) the elimination [*3] of a $ 300 death benefit paid to deceased members' families; and (3) the elimination of a 1991 cost-of-living adjustment ("COLA") to retired members' pension benefits under TCU's staff-retirement plan. The Plaintiffs are all retired members or former officers of TCU.

*Medical Benefits*

In *Devlin I*, the Plaintiffs asserted ERISA, state-law age-discrimination, and contract claims stemming from the imposition of the monthly medical-insurance fee. This Court dismissed the ERISA claims, ruling that the medical plan was properly amended pursuant to TCU's unambiguous right under the medical plan itself to amend it. See *Devlin I*, 1997 WL 570512 (dismissing Plaintiffs' ERISA claim under Fed. R. Civ. P. 56). This Court also dismissed the Plaintiffs' contract claims and state-law age discrimination claims, finding them pre-empted by ERISA because they arose out of an ERISA employee-benefit plan. See *Devlin I*, 1995 WL 380374 (dismissing Plaintiffs' state-law and contract claims under Fed. R. Civ. P. 12(b)(6)). The Plaintiffs subsequently filed a federal age-discrimination claim in a separate action, which this Court dismissed on res judicata grounds. [*4] See *Devlin II*, 1997 WL 634179.

The Second Circuit Court of Appeals reversed the dismissal of the Plaintiffs' state age-discrimination claims, holding that even though those claims related to an ERISA plan, they were saved from pre-emption by an exception under ERISA. See *Devlin I*, 173 F.3d 94. The court noted that although ERISA pre-empts state laws to the extent they relate to ERISA plans, it expressly does not supersede or modify any federal laws, such as federal age-discrimination laws. *Id.* at 98-101 (discussing 29 U.S.C. §§ 1144(a), (d)). The court further noted that federal age-discrimination laws depend upon a joint state/federal scheme for their enforcement. See *id.* (discussing 29 U.S.C. §§ 621 et. seq.). The court therefore ruled that state age-discrimination laws, such as those raised by the Plaintiffs, survive ERISA pre-emption to the extent that they mirror federal age-discrimination laws. *Id.*

The Second Circuit also reversed the dismissal of the Plaintiffs' federal age-discrimination claim. See *Devlin II*, 175 F.3d at 128-130. The Plaintiffs explained [*5] that a delay in receiving a right-to-sue letter from the EEOC had caused the eleven-month delay between the filing of *Devlin I* and the additional federal age-discrimination claim. *Id.* The court ruled that this precluded the effect of res judicata in light of the fact that the two cases were simultaneously pending on this Court's active docket. *Id.* Furthermore, the court suggested that this Court consolidate *Devlin I* and *Devlin II* into one case. *Id.*

*Death Benefit*

The Plaintiffs also raised ERISA, age-discrimination, and conversion claims arising out of TCU's elimination of the $ 300 death benefit. See *Devlin II*, 175 F.3d at 126-28. The Second Circuit affirmed this Court's dismissal of the ERISA claim, finding that the death benefit fell outside of ERISA because it was not a welfare or pension benefit. See *id.* The court also affirmed this Court's dismissal of the age-discrimination claim, because the Plaintiffs had not established a prima facie case. *Id.* But, the court remanded the Plaintiffs' conversion claim to this Court, finding that this Court had not addressed the claim in its decision. *Id.*

*COLA*

The Plaintiffs [*6] asserted claims in *Devlin II* relating to TCU's elimination of its 1991 retirement-plan COLA. *Devlin II*, 175 F.3d at 125-26. This Court reiterated its dismissal of the COLA claims on a motion to reconsider *Devlin II* under Fed. R. Civ. P. 59, 60, and 65. See *Devlin*, 1998 U.S. Dist. LEXIS 800, 1998 WL 37545, at *2. This Court noted that a case involving those claims and many of the *Devlin* Plaintiffs was currently pending before a court in the District of Maryland, a court that was very familiar with the COLA issue. See *id.* The Second Circuit agreed and affirmed. See *Devlin II*, 175 F.3d at 130-32.

That District of Maryland court had originally dealt with the propriety of the 1991 COLA in *Scardelletti v. Bobo*, 897 F. Supp. 913 (D. Md. 1995) ("*Bobo I*"). The *Bobo I* court ruled that the 1990 trustees of the retirement plan had breached their fiduciary duty by enacting the COLA because it excessively strained TCU's funds. *Id.* The court also ruled that the COLA could be repealed for pre-1991 retirees because they had not relied upon it when they retired. *Id.* TCU repealed the COLA for pre-1991 retirees shortly after that [*7] ruling. *Id.*

The current trustees of the retirement plan subsequently brought suit before the same District of Maryland court against a class of retirees that included many of the *Devlin* Plaintiffs. *Id.* (discussing *Scardelletti v. Devlin*, 97 Civ. 3464 (D. Md. 1997) ("*Bobo II*")). The trustees sought to determine whether the 1991 COLA, as a breach of fiduciary duty, was void upon its enactment, and whether the elimination of the COLA for pre-1991 retirees was lawful. *Id.* The *Bobo II* court provisionally approved a settlement agreement and release resolving

all COLA-related claims; a decision which is now on appeal to the Fourth Circuit. *See* Letter from TCU to this Court of 1/31/00.

*Plaintiffs' Current Motion*

The consolidated case now before this Court encompasses the Plaintiffs' state and federal age-discrimination claims arising from TCU's fee-amendment to its medical plan, as well as the Plaintiffs' conversion claim arising from TCU's elimination of the death benefit. The Plaintiffs have now moved to amend their complaint under Rule 15 so that they may add two claims. First, the Plaintiffs seek to add a claim for deceptive business practices [*8] under Section 349 of New York's General Business Law for TCU's fee-amendment to the medical-plan. Second, the Plaintiffs request that this Court restore their COLA claim in light of events that have occurred since its dismissal. The Plaintiffs further seek to substitute Mary Milone as a named plaintiff for her late husband, Mr. Steven Milone.

DISCUSSION

*I. Whether To Add Plaintiffs' Deceptive Business Practices Claim*

[HN1]A court, in its discretion, may permit a party to amend its pleading pursuant to Fed. R. Civ. P. 15. *See Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995). A court should freely permit such amendments "when justice so requires." *See Rachman Bag Co. v. Liberty Mutual Insurance Co.,* 46 F.3d 230 (2d Cir. 1995). But, a court may properly refuse permission when an amendment is the result of undue delay, or when it would be futile. *See id.*

The Plaintiffs seek permission to amend their complaint and add a claim for deceptive business practices under N.Y. Gen. Bus. L. § 349. In opposition to the motion, TCU argues that the Plaintiffs have impermissibly delayed raising this claim. TCU also argues that the Plaintiffs' [*9] motion is futile. In particular, TCU states that the proposed claim is not viable because it is pre-empted by ERISA, and because it also fails to meet the required standards under § 349.

This Court finds that the Plaintiffs have unjustifiably delayed asserting their § 349 claim, and that they have failed to meet the standards required by § 349. The Plaintiffs' motion, therefore, is denied.

*A. Excessive Delay*

[HN2]A court should not refuse permission to amend because of delay alone. *See Rachman Bag Co. v. Liberty Mutual Insurance Co.,* 46 F.3d 230 (2d Cir. 1995). Permission to amend should be "freely given when justice so requires," and thus a refusal to do so without some justification is "inconsistent with the spirit of the Federal Rules." *See id.* (permitting an amendment after four years because the issues in the case had changed over time and the plaintiff had offered no other reason to question the defendant's delay). Undue delay, on the other hand, is proper grounds for refusing permission to amend. *See Zahra v. Town of Southold,* 48 F.3d 674 (2d Cir. 1995).

The *Devlin* Plaintiffs have delayed over four years in bringing their claim [*10] under § 349. There have been numerous proceedings in this case before this Court and before the Second Circuit Court of Appeals. These have included prior motions to amend and motions for summary judgment.

The Plaintiffs' § 349 claim is admittedly based upon the same conduct alleged in this case from the beginning. Indeed, in their previously asserted promissory estoppel claim, the Plaintiffs already raised the issue of whether TCU failed to live up to its promises by imposing a fee for medical benefits. Although that claim was held pre-empted by ERISA, the issue is clearly not new. Nevertheless, the Plaintiffs argue that because their § 349 claim was barred until recently by a decision of the New York Appellate Division, their delay in asserting it should be excused.

Before its recent reversal, the Appellate Division, Second Department ruled that New York's consumer fraud statutes, General Business Law §§ 349-50, did not apply to providers of medical services. *See Karlin v. IVF America, Inc.,* 239 A.D.2d 560, 658 N.Y.S.2d 73 (App. Div. 1997). In *Karlin,* the defendant IVF had provided in vitro fertility treatments to the public through affiliated clinical facilities. [*11] *Id.* at *2-3. IVF advertised considerably inflated success rates to prospective customers and denied the health risks involved in its treatments. *Id.* at *3-5. The plaintiffs sued after having undergone seven unsuccessful cycles of treatment. *Id.* at *2-5.

The Second Department dismissed the plaintiffs' §§ 349-50 claims for deceptive business practices, leaving only their claim for lack of informed consent. 658 N.Y.S.2d at 74. The court concluded that it could not extend §§ 349-50 to sellers of medical services and thereby drastically change basic tort law without explicit legislative license. *Id.* In doing so, the court only cited two similar decisions, both from the Pennsylvania superior court. *Id.* (citing *Foflygen v. Zemel,* 420 Pa. Super. 18, 615 A.2d 1345 (Pa. Super. Ct. 1992), and *Gatten v. Merzi,* 397 Pa. Super. 148, 579 A.2d 974 (Pa. Super. Ct. 1990)).

The *Devlin* Plaintiffs argue that this decision, until its reversal, precluded their claim against TCU in its ca-

pacity as a provider of medical-insurance coverage to them. However, [HN3]a federal court deciding issues of state law is bound only by the decisions of the state court of [*12] last resort. See *O'Neill v. City of Auburn*, 23 F.3d 685, 689-90 (2d Cir. 1994). Although the decisions of intermediate state courts may indicate how the court of last resort would rule, they are not binding per se upon a federal court. See *id.*

Because the decision of the Appellate Division did not bar the Plaintiffs' § 349 claim, their delay in raising it before this Court is unjustified. The ruling that the Plaintiffs say precluded their § 349 claim was by an intermediate court in New York, not the Court of Appeals, New York's court of last resort. That ruling, then, did not bind this court, and could, at most, have only had persuasive effect. The ruling, therefore, did not preclude the Plaintiffs' § 349 claim.

Moreover, the ruling itself was grounded in two Pennsylvania decisions, and thus was not as persuasive as it might have been had it relied on decisions emanating from New York courts. Indeed, the New York Court of Appeals itself eventually reversed that ruling on appeal. See *Karlin v. IVF America, Inc.*, 93 N.Y.2d 282, 690 N.Y.S.2d 495, 712 N.E.2d 662 (1999). Because the Plaintiffs have unduly delayed raising their § 349 claim, this [*13] Court cannot grant permission to do so at this late stage in the proceedings. Their motion to amend is denied.

B. ERISA Pre-Emption

[HN4]A court may properly refuse permission to amend when the amendment would be futile. See *Acito v. Imcera Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995). An amendment is futile when, beyond doubt, the proposed claim is legally insufficient on its face. See *Sullivan v. Schweikhard*, 968 F. Supp. 910, 916 (S.D.N.Y. 1997). Therefore, the test for futility is similar to the test for dismissal pursuant to *Fed. R. Civ. P. 12(b)(6)*. *Id.*

[HN5]In a *Rule 12(b)(6)* motion to dismiss, a court only assesses the legal sufficiency of a claim, it does not weigh the evidence that might be offered in support of that claim. See *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). The motion, for failure to state a claim, should be granted only if it appears, beyond doubt, that the Plaintiffs can prove no facts in support of their claim that entitle them to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

[HN6]In deciding a motion to dismiss, a court must view the claim [*14] in the light most favorable to the Plaintiffs. See *Scheuer v. Rhodes*, 416 U.S. 232, 237, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 562 (2d Cir. 1985). A court must accept the factual allegations in support of the claim as true. See *Cooper v. Pate*, 378 U.S. 546, 12 L. Ed. 2d 1030, 84 S. Ct. 1733 (1964).

TCU argues that the Plaintiffs' proposed amendment is futile because they have not asserted a viable claim. In particular, TCU argues that the Plaintiffs' § 349 claim is pre-empted by ERISA because it "relates to" an ERISA plan. Because neither TCU nor the Plaintiffs have addressed whether § 349 may survive pre-emption through one of ERISA's exceptions, this Court declines to rule on the issue.

[HN7]The Plaintiffs' claim under § 349 is pre-empted by ERISA if (1) it "relates to" an ERISA employee-benefit plan, and (2) it is not saved from pre-emption by an exception under ERISA. See *Devlin I*, 173 F.3d at 101. In *Devlin I*, the Second Circuit reversed this Court's dismissal of the Plaintiffs' state age-discrimination claims. *Id.* Although those claims "related [*15] to" an ERISA plan, they were saved from pre-emption by an exception under ERISA, § 514(d), that limits ERISA's pre-emptive effect upon federal laws. *Id.* at 98-101.

The Second Circuit noted that [HN8]ERISA was designed to be a comprehensive and exclusive framework for governing "the interests of employees and their beneficiaries in employee benefit plans." *Id.* at 98 (quoting *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90, 77 L. Ed. 2d 490, 103 S. Ct. 2890 (1983)). As a result, ERISA's pre-emptive effect is expansive and supersedes all state laws that "relate to" any employee-benefit plan under ERISA, subject to certain exceptions. *Id.* One such exception is contained in § 514(d), which states that ERISA does not supersede or alter any federal laws or regulations. *Id.* at 100.

The Second Circuit noted that [HN9]the federal law pertaining to age discrimination, the Age Discrimination in Employment Act ("ADEA"), provides for joint federal and state enforcement of federal age-discrimination protections. *Id.* (discussing 29 U.S.C. §§ 621 et. seq.). State age-discrimination laws, therefore, are incorporated [*16] into the federal enforcement framework to the extent that they mirror the ADEA's own provisions. *Id.* As a result, the Second Circuit ruled that § 514(d) saved the Plaintiffs' state age-discrimination claims from pre-emption to the extent that they mirrored the ADEA's own provisions. *Id.*

The court also applied this two-step inquiry to the Plaintiffs' common-law contract claims, and affirmed the dismissal of those claims. *Id.* at 101. The court ruled that those claims clearly related to an ERISA plan because their resolution "would necessarily involve interpreting the plan, its design, and ERISA." *Id.* Because those claims were not saved by any of the exceptions to

ERISA pre-emption provided in §§ 514(b) or (d), they were pre-empted. *Id.*

TCU argues that the Plaintiffs' § 349 claim is pre-empted by ERISA because any adjudication of the claim requires an examination of an ERISA plan. In addition, TCU notes that the Plaintiffs' desired remedy conflicts with those available under ERISA. Nevertheless, neither TCU nor the Plaintiffs have addressed whether § 349 might fit into any of the exceptions under ERISA §§ 514(b) or (d). Consequently, this Court declines [*17] to rule on the issue of whether ERISA pre-empts § 349.

*C. Standards Required Under § 349*

[HN10]Section 349 of the New York General Business Law protects consumers from the deceptive business practices of merchants. *See Kramer v. Pollock-Krasner Foundation*, 890 F. Supp. 250 (S.D.N.Y. 1995). The statute was designed to protect consumers rather than punish wrongdoers. *See Azby Brokerage, Inc. v. Allstate Insurance Co.*, 681 F. Supp. 1084 (S.D.N.Y. 1988); *Genesco Entertainment v. Koch*, 593 F. Supp. 743 (S.D.N.Y. 1984). A plaintiff, therefore, must allege deceptive conduct that impacts consumers at-large in order to state a claim under § 349. *See Karlin v. IVF America, Inc.*, 93 N.Y.2d 282, 690 N.Y.S.2d 495, 712 N.E.2d 662 (1999); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995).

[HN11]Section 349 applies to merchants who engage in materially deceptive practices. *See Kramer v. Pollock-Krasner Foundation*, 890 F. Supp. 250 (S.D.N.Y. 1995). In *Kramer*, the plaintiff was an art dealer who bought a painting that he believed [*18] could be very valuable if it was authenticated as a Jackson Pollack and sold at auction. *Id.* at 253. The authentication-board defendant would not authenticate the painting, and as a result, the auction-house defendants would not sell it. *Id.* Alleging a conspiracy to limit the number and increase the value of authenticated Jackson Pollack paintings, the plaintiff asserted a § 349 claim for deceptive business practices against the defendants. *Id.*

The court granted the defendants' Rule 12(b)(6) motion to dismiss the claim. *Id.* at 258. In doing so, the court noted that neither defendant had ever tried to sell anything to the plaintiff. *Id.* The court ruled that § 349 did not apply to either defendant because the authentication board was not a merchant, and because no materially dishonest or misleading acts were ever alleged against the auction houses. *Id.*

The statute's purpose is to protect consumers, rather than simply to punish wrongdoers. *See Azby Brokerage, Inc. v. Allstate Insurance Co.*, 681 F. Supp. 1084 (S.D.N.Y. 1988). In *Azby Brokerage*, the plaintiffs were insurance brokers who alleged that the defendant [*19] Allstate, a large insurance company, had "maliciously pirated away high risk automobile insurance accounts and commissions" from the plaintiffs, sometimes without the consent of the policy holders. *Id.* at 1085. Among other claims, the plaintiffs asserted a claim for deceptive business practices under § 349. *Id.*

The court stated that § 349 was intended to protect public consumers against the deceptive practices of sellers. *Id.* at 1089. The court noted that the alleged injury in this case, a loss of the plaintiffs' brokerage commissions, was not an injury to consumers or to the public interest. *Id.* As a result, the court dismissed the claim under Rule 12(b)(6). *Id.*

[HN12]To state a claim under § 349, then, a plaintiff must allege conduct that impacts consumers at-large. *See Karlin v. IVF America, Inc.*, 93 N.Y.2d 282, 690 N.Y.S.2d 495, 712 N.E.2d 662 (1999). *Karlin*, as discussed earlier, involved false advertising by a provider of fertility treatments. *Id.* The New York Court of Appeals reversed the Appellate Division and held that the consumer protection statutes, §§ 349-50, could apply to providers of medical services. [*20] *Id.* at 288.

The court ruled that the "defendants' alleged multi-media dissemination of information to the public is precisely the sort of consumer-oriented conduct that is targeted by . . . §§ 349 and 350." *Id.* at 293. Moreover, the statutes were enacted with an acknowledgment that "consumers of medical services and products might be particularly vulnerable to unscrupulous business practices." *Id.* at 291.

The court downplayed fears that this would lead to massive litigation against doctors. *Id.* at 294. The court noted that "because plaintiffs bringing a claim under the consumer protection statutes must demonstrate an impact on consumers at large -- something that a physician's treatment of an individual patient typically does not have -- these statutes will not supplant traditional medical malpractice actions." *Id.*

In this case, the Plaintiffs have failed to demonstrate an impact on consumers at-large, and thus have failed to state a claim under § 349. TCU's medical plan is available only to its own members, not to consumers at-large. TCU neither sells nor advertises its medical-plan coverage to the public. [*21] Although it charges its retirees $ 100 per month to participate in the plan, past membership in TCU is a pre-requisite to participation in the plan. The effects of any deceptive practices by TCU, therefore, were private in nature and limited in scope. As a result, this Court must also deny the Plaintiffs' motion to amend because of their failure to state a claim under § 349.

*II. Whether To Restore Plaintiffs' COLA Claim*

The Plaintiffs seek to reassert their COLA claim in a supplemental pleading pursuant to Fed. R. Civ. P. 15(d). This Court previously dismissed the claim, denied a motion to reconsider that dismissal, and was affirmed by the Second Circuit. The Plaintiffs now urge a reexamination of those decisions in light of certain new developments. The Court sees no need to reverse its previous decisions in light of these purportedly new developments, and therefore denies the motion.

[HN13]Courts generally refuse to revisit issues that they themselves or coordinate courts have already decided. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988). This practice, the doctrine of the law of the case, derives [*22] from a strong public policy favoring finality. See North River Ins. Co. v. Philadelphia Reinsurance Corp., 63 F.3d 160, 165 (2d Cir. 1995). Therefore, although a court has the power to reexamine a prior decision, it should only do so sparingly. See id.

[HN14]In general, a court should be "loathe" to reexamine a prior decision "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Id. (quoting Christianson, 486 U.S. at 817). A court may also choose to do so "where a fundamental change in the governing law impacts directly upon the parties' rights and obligations." Id.

This Court originally dismissed the Plaintiffs' COLA claim for lack of standing. See Devlin II, 1997 WL 634179. This Court found that because the COLA had not yet been rescinded at that time, the Plaintiffs' had not shown an injury in fact. Id. at *3-4. The mere fact that TCU sought judicial permission to rescind the COLA was not sufficient to give the Plaintiffs' standing. Id.

The Plaintiffs subsequently moved pursuant to Fed. R. Civ. P. 59 for reconsideration of that [*23] ruling in light of events unbeknownst to this Court at that time. See Devlin, 1998 U.S. Dist. LEXIS 800, No. 95 Civ. 0742, No. 95 Civ. 10838, 1998 WL 37545, at *2 (S.D.N.Y. Jan. 29, 1998). In particular, the Bobo I court had ruled that TCU could rescind the COLA for pre-1991 retirees, and, as a result, TCU rescinded the COLA for those retirees. Id.

This Court denied the motion for reconsideration, ruling that the issue was properly before the Bobo II court, before whom the COLA issue was then (and now) pending. Id. This Court noted that the Bobo II court was far more familiar with the COLA issue, since it had already dealt with the issue in Bobo I. Id. In addition, this Court noted that many of the Devlin Plaintiffs were also members of the defendant class in Bobo II. Id. The Second Circuit affirmed, noting that the Devlin Plaintiffs could seek more active involvement in Bobo II through permissive intervention under Fed. R. Civ. P. 24(b). See Devlin II, 175 F.3d at 132.

The Plaintiffs now state that additional new events support their quest to restore their COLA claim in a supplemental pleading under Rule 15(d). They state that [*24] their COLA claim is about age discrimination, as is this case, while Bobo II is not. This, however, is merely a rehashed argument against the dismissal of the COLA claim. It is not a new development that should affect the claim's dismissal.

The Plaintiffs also argue that the Second Circuit affirmed the COLA claim's dismissal because of TCU's "representations" that it would support the Plaintiffs' intervention in Bobo II.[1] Instead, the Plaintiffs report that TCU did not support their intervention, and, as a result, their motion to intervene in Bobo II was denied.

---

[1] In oral argument before the Second Circuit, TCU urged the court to affirm the dismissal of the COLA claim and stated: "There is simply no basis for duplicating the litigation here in New York, and plaintiffs are free as they have been to proceed in the context of the Maryland litigation." See Wischart Aff., Ex. G, at 16. This Court cannot agree that TCU's statement was a "representation" of support for the Plaintiffs' intervention in Bobo II upon which the Second Circuit relied in its decision.

---

[*25] Contrary to the Plaintiffs' assertions, the Second Circuit does not appear to have relied on any representations of support from TCU before affirming this Court's dismissal of the COLA claim. Rather, the Second Circuit stated that it was "eminently sensible" for the Bobo II court to resolve the COLA claim in light of its past and current experience with the COLA. See Devlin II, 175 F.3d at 132. The court noted Devlin's reluctance to act as a lead defendant in Bobo II, but stated that he nevertheless could seek active involvement in that case pursuant to Fed. R. Civ. P. 24(b). See id.

[HN15]Whether a party may permissively intervene in a matter pursuant to Rule 24(b) is at the discretion of the court. See Fed. R. Civ. P. 24(b). The success of such a motion, therefore, is not guaranteed. As a result, this Court does not regard TCU's failure to support such a motion, or even the motion's ultimate lack of success, as a new development that should affect this Court's dismissal of the COLA claim.

Many of the Plaintiffs remain class members in Bobo II, and thus are parties to the proposed settlement there that would resolve the COLA claim. They may still [*26] participate in that capacity. Moreover, they

should direct any complaints they have regarding their representation and participation in those proceedings to Judge Motz, rather than to this Court. The Plaintiffs' motion to reassert their COLA claim in a supplemental pleading is denied.

### III. Whether To Substitute A Plaintiff

The Court grants the Plaintiffs' unopposed motion to substitute Mary Milone for her late husband, Steven Milone, as a lead plaintiff in this matter pursuant to Fed. R. Civ. P. 25(a)(1).

### CONCLUSION

The Court denies the Plaintiffs' motions to amend their complaint. The Court grants the Plaintiffs' motion to substitute a party. All discovery should be completed in this case by the close of business on Monday, April 3, 2000. The parties are scheduled to appear before this Court on Monday, April 10, 2000 to discuss a potential summary judgment motion schedule.

**SO ORDERED.**

Dated: New York, New York

March 6, 2000

**JOHN F. KEENAN**
   United States District Judge