LEXSEE

Caution
As of: Jun 30, 2008

Kenneth Ledford, Plaintiff, v. Rapid-American Corporation and Schenley Industries, Inc., Defendants

No. 86 Civ. 9116 (JFK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1988 U.S. Dist. LEXIS 79; 47 Fair Empl. Prac. Cas. (BNA) 312

January 8, 1988, Decided and Filed

CASE SUMMARY:

**PROCEDURAL POSTURE:** Defendants, corporation and parent corporation, filed motions to strike one paragraph of plaintiff employee's complaint, pursuant to Fed. R. Civ. P. 12(f), to dismiss the employee's complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and to grant summary judgment as to the parent corporation, pursuant to Fed. R. Civ. P. 56.

**OVERVIEW:** The employee filed an age discrimination action against defendants. Defendants filed a motion to strike one paragraph of the employee's complaint, pursuant to Fed. R. Civ. P. 12(f), on the ground that the allegations concerning a prior finding of probable cause was irrelevant, immaterial, and prejudicial to defendants. Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that the complaint improperly relied upon an immaterial finding to state a cause of action. Defendants also filed a motion for summary judgment as to the parent corporation, pursuant to Fed. R. Civ. P. 56. The court granted defendants' motion to dismiss as to the one paragraph of the employee's complaint. The court held that dismissal of the one paragraph did not mandate dismissal of the employee's entire complaint because the complaint properly stated a cause of action with the one paragraph stricken. The court denied defendants' motion under Fed. R. Civ. P. 12(b)(6) because defendants failed to persuade the court that there was a true, factual issue as to the second prong of defendants' motion. The court granted summary judgment as to the parent corporation.

**OUTCOME:** The court granted defendants' motion to dismiss one paragraph of the employee's complaint. The court granted summary judgment, dismissing the employee's complaint as to the parent corporation. The court held that the remainder of the employee's complaint survived defendants' motion to dismiss and ordered that discovery was to proceed and to be completed by a certain date.

**CORE TERMS:** age discrimination, probable cause, stricken, terminated, termination of employment, cause of action, termination, evidentiary, immaterial, prong

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Strike > General Overview*
[HN1]Motions pursuant to Fed. R. Civ. P. 12(f) are not favored. However, references in a complaint to proceedings that do not adjudicate underlying issues may be stricken.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Strike > General Overview*
[HN2]Where there is no actual adjudication of issues in a prior proceeding, it can not be used as evidence in sub-

Page 1

Case 1:07-cv-05471-BSJ-KNF   Document 39-9   Filed 06/30/2008   Page 2 of 3

1988 U.S. Dist. LEXIS 79, *; 47 Fair Empl. Prac. Cas. (BNA) 312

sequent litigation between that defendant and another party.

*Civil Procedure > Pretrial Judgments > General Overview*

[HN3]Under the statutory format of New York's Human Rights Law, a determination by the division of probable cause is an initial non-adjudicative step in the administrative process. No findings of fact are made until after the evidentiary hearing. N.Y. Exec. Law § 297(4)(c).

**COUNSEL:** [*1] Edward T. Chase, Esq., for Plaintiff.

Rubin Baum Levin Constant & Friedman, Of Counsel: Jeffrey Mann, Esq., Leonard D. Steinman, Esq., for Defendants.

**OPINION BY:** KEENAN

**OPINION**

*OPINION and ORDER*

JOHN F. KEENAN, United States District Judge.

*Background*

This is an age discrimination case. Plaintiff Kenneth Ledford alleges in his Complaint that he was illegally terminated from his employment with Schenley Industries, Inc. ("Schenley") on the basis of his age, 52, when he was terminated. (Complaint, paras. 6, 9-11). At the time of his termination, Ledford held the title of Director General Accounting at Schenley. (Complaint, para. 6).

Defendants move (a) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike paragraph 10 of the Complaint on the ground that the allegations therein concerning a prior finding of the New York State Division of Human Rights (the "Division") of probable cause to believe that age discrimination against plaintiff had occurred is irrelevant, immaterial and prejudicial to defendants, and pursuant to Rule 12(b)(6), to dismiss the Complaint since it improperly relies on the immaterial Division finding to state a cause of action; and (b) pursuant to Rule 56, [*2] granting summary judgment to Rapid-American Corporation ("Rapid"), on the ground that plaintiff cannot maintain an action for illegal termination of employment against Rapid since plaintiff was not an employee of Rapid and the only connection between Rapid and Schenley was that at the time of plaintiff's termination, Rapid was the parent corporation of defendant.

In February 1985, Ledford filed a complaint with the Division, charging that his employment had been terminated because of his age. A copy of Ledford's complaint was filed, on March 5, 1985, with the New York District Office of the Equal Employment Opportunity Commission.

Plaintiff has included in paragraph 10 of his Complaint allegations that the Division "conducted a full investigation into plaintiff's complaint" and that the Division found "there was probable cause to believe that the defendants had engaged in age discrimination against the plaintiff." (Complaint, para. 10). It is this allegation to which defendants object in the first prong of their motion.

Defendants further urge that because the Complaint also names Rapid as a defendant in this action, and since Rapid was only Schenley's parent corporation and was not [*3] plaintiff's employer, the Complaint should, as to Rapid, be dismissed as a matter of law under Rule 56.

*Discussion*

A. *The Allegations of Paragragh 10 of the Complaint*

The Court is aware that [HN1]Rule 12(f) motions are not favored. However, references in a complaint to proceedings which do not adjudicate underlying issues may be stricken, *see Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976). In *Lipsky*, the Second Circuit wrote that [HN2]where there is no actual adjudication of issues in the other proceeding "it can not be used as evidence in subsequent litigation between that corporation and another party." *Id. at 893*.

[HN3]Under the statutory format of New York's Human Rights Law (New York Executive Law Article 15), a determination by the Division of probable cause is an initial non-adjudicative step in the administrative process. No findings of fact are made until after the evidentiary hearing (N.Y. Exec. Law § 297(4)(c)). In the instant case, the proceedings before the Division did not progress beyond the preliminary investigative stage which led to the probable cause determination. Thus, *Lipsky* applies here.

In connection with this aspect of the motion, [*4] both sides rely on *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982). Plaintiff's reliance on *Kremer* is misplaced. The Supreme Court in footnote 7 of *Kremer* pointed out that it is not

plausible to suggest that Congress intended federal courts to be bound further by state administrative decisions than by decisions of the EEOC. Since it is settled that decisions by the EEOC do not preclude a trial de novo in

Case 1:07-cv-05471-BSJ-KNF   Document 39-9   Filed 06/30/2008   Page 3 of 3

1988 U.S. Dist. LEXIS 79, *; 47 Fair Empl. Prac. Cas. (BNA) 312

federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review . . . .

*Id.* at 470.

The closest reported case to the instant one is *Mitchell v. Bendix Corp.*, 603 F. Supp. 920 (N.D. Ind. 1985). There, plaintiff brought an action for illegal termination of employment based on race. In the complaint, plaintiff referred to the results of a state administrative proceeding which found that plaintiff had been discharged "but not for proven just cause" within the meaning of the state statute in question. Defendant moved to strike the reference to the prior state administrative proceeding in the complaint. The court held that since the state's administrative findings had no preclusive effect, [*5] allegations in respect thereto were irrelevant to the action before the court and were thus stricken from the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. It is significant that plaintiff makes no effort to distinguish, criticize or analyze *Mitchell*. In fact, plaintiff doesn't even mention it in his papers on this motion.

The cases which plaintiff cites in opposition to the effort to dismiss paragraph 10 are not on point. The references in many of those cases, *e.g.*, *Chandler v. Roudebush*, 425 U.S. 840, 863 n.39 (1976); *Theobald v. Botein, Hays, Sklar & Herzberg*, 493 F. Supp. 1 (S.D.N.Y. 1979), are to Rule 803(8)(c) of the Fed. R. Evid. This Rule relates to hearsay exceptions and has nothing at all to do with Rules 402 and 403 which are the governing evidentiary Rules, together with Rule 12(f) of the Fed. R. Civ. P., the applicable pleading rule.

Other authorities to which plaintiff directs the Court, *Gillin v. Federal Paper Board Co.*, 479 F.2d 97 (2d Cir. 1973), and *Philbrook v. Ansonia Board of Education*, 757 F.2d 476 (2d Cir. 1985), aff'd, 55 U.S.L.W. 4019 (1987), are inapposite also because they relate to non-jury proceedings. [*6] Here the Complaint, on the first page, has the clear words "Jury Demand."

Paragraph 10 of the Complaint is a bootstrapping allegation and evidence pertaining thereto would in this Court's view violate Fed. R. Evid. 403. Further, there is a real question as to whether the allegations in paragraph 10 of the Complaint even meet the tests of Fed. R. Evid. 401 and 402.

Paragraph 10 of the Complaint is dismissed.

Defendants' argument that the dismissal of paragraph 10 mandates a dismissal of the entire Complaint does not hold water. A fair reading of the Complaint, particularly paragraphs 5 through 11 with 10 stricken, supports a cause of action. The motion under Rule 12(b)(6) is denied.

B. *Rule 56* Motion as to Rapid-American Corp.

In opposition to this motion, plaintiff has failed to comply with Rule 3(g) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. This means that defendants' contentions that Rapid is separate and distinct from Schenley and that Rapid's operations are independent (para. 3 of Affidavit of Paul Weiner) of Schenley are admitted. Also in defendant's Rule 3(g) Statement they state "3. Rapid is and has always [*7] been a separate and distinct corporation from Schenley. 4. Rapid was never the employer of plaintiff, Kenneth Ledford." Nothing defendants put in their papers or numerous letters and other papers filed subsequent to the return date of this motion persuade the Court that there is a true, factual issue as to the second prong of defendants' motion.

The Complaint is dismissed as to Rapid-American Corporation under Rule 56.

*Conclusion*

Paragraph 10 of the Complaint is dismissed. Summary judgment is granted dismissing the Complaint as to Rapid.

The remainder of the Complaint survives defendants' Rule 12(b)(6) motion. Discovery is to proceed and to be completed by June 8, 1988. The parties are to appear for a status conference on June 10, 1988 at 9:45 a.m.

SO ORDERED.