LEXSEE



Analysis
As of: Jun 30, 2008

NATHANIEL PASS, Plaintiff, v. NATIONAL BROADCASTING COMPANY, INC., and GENERAL ELECTRIC CORPORATION, Defendants.

92 Civ. 9266 (RPP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1994 U.S. Dist. LEXIS 131

January 8, 1994, Decided
January 10, 1994, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee filed a motion for leave to file a second amended complaint in his employment discrimination claim under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.S. § 2000e et seq., against defendant former employers. The former employee sought to add nine new defendants, to add a multitude of claims, and to bring suit as a class action.

**OVERVIEW:** The former employee alleged racial discrimination. The court denied the motion. While leave to amend was liberally granted under Fed. R. Civ. P. 15(a), amendment would be denied when it was futile. The second amended complaint was futile. Many of the claims were time barred, including claims under Title VII, the labor laws, and for defamation. The nine individual defendants were not named in the charge of discrimination, and suit could not have been brought against them. The amended complaint also raised new discrimination claims not within the charge. The former employee did not raise the class issue in the charge, and he could not meet the requirements of Fed. R. Civ. P. 23. A claim of discrimination after the formation of a contract was not actionable under 42 U.S.C.S. § 1981. There were no allegations of action under color of state law under 42 U.S.C.S. § 1983. The former employee failed to follow state administrative procedure for his claims under New York's civil rights law. The Civil Rights Act of 1991 did not apply retroactively, and the former employee was thus not entitled to a jury trial or compensatory or punitive damages under Title VII.

**OUTCOME:** The former employee's motion for leave to file a second amended complaint was denied.

**CORE TERMS:** leave to file, Civil Rights Act, common law, pro se, national origin, conditions of employment, punitive damages, jury trial, class action, discriminatory, compensatory, commonality, typicality, actionable, invalid, futile

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court*
[HN1]Pursuant to Fed. R. Civ. P. 15(a), pleadings may be amended by leave of the court and leave shall be freely given when justice so requires. Leave may be denied, however, for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or the futility of amendment.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court*

*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview*
[HN2]A Title VII of the Civil Rights Act of 1964 suit cannot be brought against persons not named in the Equal Employment Opportunity Commission charge of discrimination.

*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Exhaustion of Remedies*
*Labor & Employment Law > Discrimination > National Origin Discrimination > Exhaustion of Remedies*
*Labor & Employment Law > Discrimination > Racial Discrimination > Exhaustion of Remedies*
[HN3]A civil complaint may not include new and unrelated types of discrimination which are not similar to or reasonably related to the charges filed with the Equal Employment Opportunity Commission.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Labor & Employment Law > Discrimination > Actionable Discrimination*
[HN4]Relation back is not appropriate where the facts alleged in the timely Equal Employment Opportunity Commission charge refer exclusively to one type of discrimination wholly distinct from that alleged in the untimely amendment.

*Civil Procedure > Class Actions > Prerequisites > Commonality*
*Civil Procedure > Class Actions > Prerequisites > Typicality*
[HN5]The commonality and typicality requirements are guideposts for determining whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
*Labor & Employment Law > Discrimination > Actionable Discrimination*
[HN6]Plaintiffs who did not suffer injury as a result of the alleged discriminatory practices are simply ineligible to represent a class of persons who did allegedly suffer injury.

*Contracts Law > Contract Conditions & Provisions > General Overview*
*Labor & Employment Law > Discrimination > Reconstruction Statutes (secs. 1981, 1983 & 1985)*
*Labor & Employment Law > Employment Relationships > Employment Contracts > Conditions & Terms > General Overview*
[HN7]Discrimination in the terms and conditions of employment after the formation of contract are not actionable under 42 U.S.C.S. § 1981.

*Labor & Employment Law > Discrimination > Reconstruction Statutes (secs. 1981, 1983 & 1985)*
[HN8]The discriminatory termination of employment is not actionable under 42 U.S.C.S. § 1981.

*Civil Rights Law > Private Discrimination*
*Civil Rights Law > Section 1983 Actions > Scope*
[HN9]Where the source of the alleged discrimination is a private organization, the state must be significantly involved with invidious discrimination in order for the private action to run afoul of constitutional prohibitions.

*Criminal Law & Procedure > Criminal Offenses > Fraud > Fraud Against the Government > False Statements > General Overview*
*Governments > Courts > Common Law*
*Governments > Legislation > Statutory Remedies & Rights*
[HN10] 18 U.S.C.S. § 1001 does not confer a right of action on private parties.

*Governments > Legislation > Effect & Operation > Retrospective Operation*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > Amendments*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > Remedies > Punitive Damages*
[HN11]The Civil Rights Act of 1991 does not apply retroactively.

**COUNSEL:** [*1] Plaintiff Pro Se: Nathaniel Pass, Hackensack, NJ.

For Defendants: National Broadcasting Company, Inc. and General Electric Company, New York, NY, By: Ellen Miller-Wachtel, Esq. Marshall & McEvoy, New York, NY, By: David R. Marshall, Esq.

**JUDGES:** PATTERSON, JR.

OPINION BY: ROBERT P. PATTERSON, JR.

OPINION

OPINION AND ORDER

ROBERT P. PATTERSON, JR., U.S.D.J.

Plaintiff Nathaniel Pass moves for leave to file a second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Pass, a pro se litigant, commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as a result of his having filed a charge with the Equal Employment Opportunity Commission ("EEOC") in May 1991 and the EEOC's issuance of a Notice of Right to Sue on September 29, 1992. Plaintiff's EEOC charge was that he was terminated by defendant National Broadcasting Company, Inc. ("NBC") on March 1, 1991, because of his race.

Plaintiff filed his original complaint in this Court on December 23, 1992, and an amended complaint on December 28, 1992. Both the original and amended complaint assert claims under Title VII charging that defendants NBC and [*2] General Electric Corporation ("GE") discriminated against him (i) in the terms and conditions of his employment; (ii) in discharging him; (iii) in retaliating against him for statements made against other employees; and (iv) in failing to take correction action with respect to the aforesaid acts.

On May 18, 1993, plaintiff moved for leave to file a 65-page second amended complaint in which he seeks (1) to add nine individual defendants; (2) to assert new claims under various state and federal statutes, common law and constitutional provisions; (3) to recover compensatory and punitive damages and obtain a jury trial, and (4) to bring such claims as a class action on behalf of "all others similarly situated."

[HN1]Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, pleadings may be amended by leave of the court and "leave shall be freely given when justice so requires." Leave may be denied, however, for reasons

> such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment.

Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). [*3]

Plaintiff's motion for leave to file a second amended complaint to add as defendants nine individuals must be denied as futile. The second amended complaint demonstrates he had knowledge of these individuals' role in his discharge. Plaintiff did not name these individuals in his EEOC charges. Accordingly, [HN2]a Title VII suit cannot be brought against them. Johnson v. Palma, 931 F.2d 203, 209-10 (2d Cir. 1991). Also, plaintiff did not commence his action against the nine individuals within 90 days after he received his Notice of Right to Sue from the EEOC. See 42 U.S.C. § 2000e-5(f)(1).

Plaintiff also seeks to add new Title VII claims of discrimination in promotion, training and compensation on the basis of gender (female) and national origin (Hispanic), as well as race. Claims of sex and national origin discrimination were not included in plaintiff's charges before the EEOC and, thus, cannot be made a part of this action. Torriero v. Olin Corp., 684 F. Supp. 1165, 1170 (S.D.N.Y. 1989) [HN3]("civil complaint may not include new and unrelated types of discrimination" which are not "similar [*4] to or reasonably related to the charges filed with the EEOC"); cf. Miller v. International Telephone and Telegraph Corp., 755 F.2d 20, 23-24 (2d Cir.), cert. denied, 474 U.S. 851 (1985) (Age Discrimination in Employment Act case).

Similarly, because plaintiff's claims of discrimination in various "past practices and procedures" challenge activities by NBC during a period earlier than the period encompassed by his EEOC claim, namely from January 1, 1987 to January 1, 1989, the Court lacks subject matter jurisdiction. See Torriero, 684 F. Supp. at 1170; Ritzie v. City University, 703 F. Supp. 271, 727 (S.D.N.Y. 1988). The applicable statute of limitations, 42 U.S.C. § 2000e-5(e), also bars such charges since the alleged acts of discrimination occurred more than 300 days before the filing of plaintiff's EEOC charge on May 15, 1991. Drummer v. DCI Contracting Corp., 772 F. Supp. 821, 825 (S.D.N.Y. 1991) [HN4]("relation back is not appropriate where the facts alleged in the timely EEOC charge refer [*5] exclusively to one type of discrimination wholly distinct from that alleged in the untimely amendment" (citation omitted)); Byrd v. Long Island Lighting Co., 565 F. Supp. 1455, 1465 (E.D.N.Y. 1983).

Plaintiff's effort to allege a class action fails. The plaintiff made no such claims before the EEOC. But, more importantly, plaintiff has not met and cannot meet the commonality, typicality and adequacy of representation requirements of Rule 23 of the Federal Rules of Civil Procedure. He does not claim that he was adversely affected by the various practices and procedures of defendants for which he seeks class action status in the

proposed second amended complaint. Accordingly, his interests are not typical of those of the putative class. See *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982) (noting that [HN5]the commonality and typicality requirements are "guideposts for determining . . . whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence"); *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403-04, 52 L. Ed. 2d 453, 97 S. Ct. 1891 (1977) [*6] (holding that named [HN6]plaintiffs who did not suffer injury as a result of the alleged discriminatory practices were "simply ineligible to represent a class of persons who did allegedly suffer injury").

Nor has Plaintiff shown that he is "qualified, experienced and able to conduct the proposed litigation" such that he, appearing pro se, is capable of adequately representing the class. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968). To the contrary, his moving papers reflect that he does not possess the required qualifications to represent the class.

Plaintiff also seeks to allege claims under 42 U.S.C. §§ 1981, 1983, 1985 (2) and (3) and the Fifth and Fourteenth Amendments to the United States Constitution. His Section 1981 claim concerning the terms and conditions of his employment is invalid. *Patterson v. McLean Credit Union*, 491 U.S. 164, 175, 105 L. Ed. 2d 132, 109 S. Ct. 2363 (1989) [HN7](discrimination in the terms and conditions of employment after formation of contract not actionable under Section 1981); *see also Patterson v. Intercoast Management of Hartford, Inc.*, 918 F.2d 12, 13-14 (2d Cir. 1990) [*7] [HN8](discriminatory termination of employment not actionable under Section 1981), cert. denied, 114 L. Ed. 2d 81, 111 S. Ct. 1686 (1991). Furthermore, the terms and conditions of employment claims based on conduct that occurred from January 1, 1987 to January 1, 1989 are barred by the three-year state of limitations. See *Butts v. City of New York Dep't of Housing Pres. and Dev.*, 990 F.2d 1397, 1412 (2d Cir. 1993).

Plaintiff's Section 1983 claim is barred since plaintiff has not alleged that defendants acted under color of state law. 42 U.S.C. § 1983; *Dean Tarry Corp. v. Friedlander*, 650 F. Supp. 1544 (S.D.N.Y.), aff'd, 826 F.2d 210 (2d Cir. 1987).

Plaintiff's constitutional claims under the Fifth and Fourteenth Amendments are invalid also because no state action is alleged. *McPartland v. American Broadcasting Co., Inc.*, 623 F. Supp. 1334, 1341 (S.D.N.Y. 1985) [HN9]("Where, as here, the source of the alleged discrimination is a private organization, the state must be significantly involved with invidious discrimination [*8] in order for the private action to run afoul of constitutional prohibitions.").

Plaintiff's allegations claiming violations of 42 U.S.C. § 1985(2) and (3) are also insufficient. Plaintiff has not alleged that any party or witness in any court of the United States has been intimidated or threatened. 42 U.S.C. § 1985(2); cf. *McLean v. International Harvester Co.*, 817 F.2d 1214, 1218 (5th Cir. 1987). Plaintiff's claim of conspiracy to violate Title VII also is insufficient to allege a violation of Section 1985(3). *Great American Federal Savings & Loan Assoc. v. Novotny*, 442 U.S. 366, 378, 60 L. Ed. 2d 957, 99 S. Ct. 2345 (1979).

Plaintiff also seeks to make claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. These claims are futile since they were not initiated within six months of his discharge or the arbitration award upholding his discharge on August 20, 1991. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 159 n.12, 76 L. Ed. 2d 476, 103 S. Ct. 2281 (1983).

Alleging that NBC made false statements to [*9] the EEOC, plaintiff also seeks to add a claim for defamation based on common law and 18 U.S.C. § 1001. The common law claim, the latest event of which allegedly took place in June 1991, has not been brought within one year and, thus, is time barred. See New York C.P.L.R. § 215(3). [HN10]Section 1001 of Title 18 does not confer a right of action on private parties. *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992).

Plaintiff's claim under New York's Human Right Law is barred because plaintiff filed his claim with the Division of Human Rights but withdrew it. Under these circumstances, the plaintiff is precluded from commencing an action at law based on the same facts. *Emil v. Dewey*, 49 N.Y.2d 968, 428 N.Y.S.2d 887, 887, 406 N.E.2d 744 (N.Y. 1980).

Lastly, plaintiff is not entitled to a jury trial or compensatory or punitive damages on his Title VII claim. *Butts v. City of New York*, 990 F.2d at 1411 [HN11](Civil Rights Act of 1991 does not apply retroactively).

Plaintiff's motion for leave to file a second amended complaint is denied. The parties are to complete discovery by May 1, [*10] 1994, file a pretrial order by May 15, 1994, and proceed to trial on May 22, 1994, at 9:30 a.m. in Courtroom 302.

IT IS SO ORDERED.

Dated: New York, New York

January 8, 1994

ROBERT P. PATTERSON, JR.                    U.S.D.J.