LEXSEE


Analysis
As of: Jun 30, 2008

**In re UNITED BRANDS CO. SECURITIES LITIGATION; This Document Relates To: ALL ACTIONS**

**No. 85 Civ. 5445 (JFK)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**1990 U.S. Dist. LEXIS 1711; Fed. Sec. L. Rep. (CCH) P94,948**

**February 16, 1990, Decided**

**PRIOR HISTORY:** [*1] Original Opinion of June 16, 1988, Reported at: 1988 U.S. Dist. LEXIS 5703.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff stockholders sought leave to amend their complaint, pursuant to Fed. R. Civ. P. 15(a), against defendant corporation for violation of the Security and Exchange Act of 1934 in its sale of shares of the common stock of the stockholder's company. The stockholders also sought an order compelling discovery and imposing sanctions under Fed. R. Civ. P. 37(a). The corporation sought an order to end discovery and for summary judgment.

**OVERVIEW:** The corporation bought shares of common stock of another company in a tender offer. The stockholders of the company whose stock the corporation sold filed a complaint as a class that alleged that the sale violated the Securities and Exchange Act of 1934 and breach of fiduciary duty under state common law. The parties entered a protracted discovery battle, even to the extent that they disputed the scope of the trial court's original order. The stockholders sought leave to amend their complaint pursuant to Fed. R. Civ. P. 15(c). The stockholders also sought an order compelling discovery of information and sanctions pursuant to Fed. R. Civ. P. 37. The court granted the stockholder leave to amend. The court found no prejudice to the corporation because any delay was not the cause of dilatory tactics of the stockholders. The court granted an order compelling discovery testimony from an officer that prepared an analysis of the purchased company and the tender offer of the corporation because his testimony could reasonably be calculated to lead to information regarding the information considered by the corporation's board. The court denied the corporation's motion for summary judgment.

**OUTCOME:** The court granted the stockholders leave to amend their complaint against the corporation for its violation of federal securities law, and compelled discovery testimony from an officer of the corporation. The court denied the corporation's motion for summary judgment.

**CORE TERMS:** disclosure, discovery, leave to amend, fiduciary duty, tender offer, soft, deposition testimony, summary judgment, shareholder, deposition, claims relating, reconsideration, documentary, ending, futile, state common law, proposed amendment, common stock, undue delay, consolidated, cross-moved, conditioned, partial, deposed, amplify, movant, amend, Securities Exchange Act, Law Professor's, bad faith

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN1]Fed. R. Civ. P. 15(a) reflects the federal rules' "permissive approach," which favors deciding claims on

Case 1:07-cv-05471-BSJ-KNF   Document 39-16   Filed 06/30/2008   Page 2 of 6

1990 U.S. Dist. LEXIS 1711, *; Fed. Sec. L. Rep. (CCH) P94,948

the merits. Thus, the court begins with the presumption that the motion to amend a pleading should be granted unless good reason exists to deny it. The standard under which requests for leave to amend should be judged is that in the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc., the leave sought should, as the rules require, be "freely given." Ordinarily, delay alone is an insufficient basis for denying leave to amend. Prejudice must be shown.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court*
[HN2]If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Judicial Officers > Judges > Discretion*
[HN3]Denial of leave to amend is proper where a plaintiff merely restates earlier claims.

*Business & Corporate Law > Mergers & Acquisitions > Takeovers & Tender Offers > Duties & Liabilities of Directors & Officers*
*Civil Procedure > Discovery > Disclosures > Motions to Compel*
*Governments > Fiduciary Responsibilities*
[HN4]The fiduciary duties of a director or controlling shareholder in the context of a tender offer include but are not limited to fair disclosure.

**COUNSEL:** For Plaintiff: Lowey, Dannenberg, Brachtl, Bemporad & Selinger, New York, New York.

For Defendant: Kaye, Scholer, Fierman, Hays & Handler, New York, New York, Of Counsel: Jay G. Strum, Esq., Michael A. Lynn, Esq.

**OPINION BY:** KEENAN

**OPINION**

*MEMORANDUM OPINION and ORDER*

JOHN F. KEENAN, UNITED STATES DISTRICT JUDGE

BACKGROUND

This class action arises out of a tender offer by FMI Financial Corporation ("FMI") for 4 million shares of United Brands Company ("UB") common stock. The named plaintiffs and the class they represent allege violations of sections 10(b) and 14(e) of the Securities Exchange Act of 1934 as well as violations of state common law.[1] Plaintiffs have moved for -- (1) leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a); (2) an order compelling discovery and imposing sanctions pursuant to Fed. R. Civ. P. 37(a) and (b); and (3) reconsideration of the Court's order dated June 16, 1988 insofar as it granted summary judgment in favor of defendants on the claims relating to disclosure of soft information. Defendants have cross-moved for an order ending all discovery and for summary judgment on the remaining claims.

> [1] UB is a New Jersey corporation. Hence, the law of New Jersey governs the duties owed by directors to shareholders and by majority shareholders to minority shareholders. New Jersey courts have not squarely addressed these issues, but it is likely a New Jersey court would apply Delaware law to resolve them. See Pogostin v. Leighton, 216 N.J. Super. 363, 523 A.2d 1078, 1083 (N.J. Super. Ct. App. Div.), cert. denied, 108 S. Ct. 454 (1987).

[*2] A brief recitation of the facts and procedural posture of the case is worthwhile.[2] On July 5, 1985, FMI announced its intention to tender for approximately 4 million shares of UB common stock at $20 per share. FMI formally commenced its tender offer a week later. Shortly after the offer was announced several lawsuits were commenced, both in this Court and in the federal district court in New Jersey. These actions were consolidated in this Court on December 20, 1985. In April, 1987, the Court certified plaintiffs' class, which consists of UB shareholders who tendered their stock in response to the offer. Plaintiffs filed their Second, Consolidated, Amended and Supplemental Complaint ("Complaint") on June 12, 1987, alleging violations of the Securities Exchange Act of 1934 and breaches of fiduciary duty under state common law. Defendants subsequently moved for summary judgment and plaintiffs cross-moved for partial summary judgment and for further discovery. The Court granted partial summary judgment for defendants, dismissing plaintiffs' claims relating to the disclosure of certain soft information. The parties, however, differed over the scope of the Court's order and discovery [*3] quarrels ensued. The Court attempted to resolve this dispute with its Order dated September 27, 1988 which authorized, pursuant to Fed. R. Civ. P. 26(f)(5), deposition testimony and documentary discovery relating to:

Case 1:07-cv-05471-BSJ-KNF    Document 39-16    Filed 06/30/2008    Page 3 of 6

1990 U.S. Dist. LEXIS 1711, *; Fed. Sec. L. Rep. (CCH) P94,948

(1) the knowledge of defendants and timing of that knowledge with respect to the results of UB's operations for the quarters ending March 31, 1985 and June 30, 1985; (2) the July 3, 1985 meeting of the FMI Board of Directors.

(2) the July 3, 1985 meeting of the FMI Board of Directors.

(3) the source and significance of financial information for the period ended March 31, 1985 that was submitted to the FMI Board in advance of the July 3 meeting;

(4) the significance of the March 31, 1985 and June 30, 1985 data in the determination of whether to commence the tender offer;

(5) the role of FMI representatives with respect to the preparation of UB's 1985 annual report or to the release or nonrelease of information regarding the fourth quarter results of the United Fruit division;

(6) the determination of the $ 20 per share offering price;

(7) representations made to interested parties regarding the feasibility or desirability of tendering for UB common stock;

(8) Arthur [*4] Young's workpapers for the quarters ended March 31 and June 30, 1985.

This order notwithstanding, the parties continued to wrangle over the breadth of discovery, defendants contending that discovery should be concluded and plaintiff asserting it should be expanded.

   2   The Court's Memorandum Opinion and Order of June 16, 1988 details the pertinent facts of this case. See Fed. Sec. L. Rep. (CCH) para. 93,810 (1988).

DISCUSSION

*I. Plaintiffs' Motion for Leave to Amend*

[HN1]Fed. R. Civ. P. 15(a) reflects the federal rules' "permissive approach," which favors deciding claims on the merits. See Siegal v. Converters Transportation, Inc., 714 F.2d 213, 216 (2d Cir. 1983); C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 1471, at 359 (1971). Thus, the Court begins with the presumption that the motion should be granted unless good reason exists to deny it. See Gumer v. Shearson, Hammill & Co., Inc., 516 F.2d 283, 287 (2d Cir. 1974); Minami International Corp. v. Clark, No. 88-2135 (S.D.N.Y. Nov. 1, 1989) (order granting leave to amend); Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 A. Miller, supra, § 1484 at 417. In Foman v. Davis, [*5] 371 U.S. 178 (1962),

the Supreme Court enunciated the standard under which requests for leave to amend should be judged:

In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Id. at 182. Since there has been no suggestion that plaintiffs acted with bad faith or dilatory motive, nor that plaintiffs have repeatedly failed to cure deficiencies, the Court will address whether leave to amend would cause undue delay or prejudice and whether the proposed amendment would be futile.

"Ordinarily, delay alone is an insufficient basis for denying leave to amend. Prejudice must be shown." Hanson v. Hunt Oil Co., 398 F.2d 578, 582 (8th Cir. 1968) (citing 3 Moore's Federal Practice para. 15.08(4)); see also Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 (S.D.N.Y. 1983) (delay alone insufficient basis for denying motion, though considerable delay may shift [*6] burden to movant to show valid reason for delay). In this case, the delay and prejudice resulting from granting plaintiffs leave to amend simply does not rise to a level that would justify denying the motion. While there was some delay in plaintiffs' motion, it is largely justifiable: The actions against defendants were first filed in July, 1985 but were consolidated in December, 1985. The class was not certified until April, 1987. Shortly thereafter plaintiffs filed their second amended complaint. Defendants moved for summary judgement and plaintiffs cross-moved for partial summary judgment. The Court ruled on the motions in June, 1988. In September, 1988, the Court issued an order regarding the appropriate scope of discovery. Since that time, plaintiffs and defendants have quarreled over what is discoverable and who may properly be deposed. This can hardly be characterized as undue delay. Compare Bradick v. Israel, 377 F.2d 262, 263 (2d Cir.) (no error in denying leave to amend where amendment would cause substantial delay and was made on eve of trial after movant had represented he was ready for trial), cert. denied, 389 U.S. 858 (1967). Furthermore, except for a conclusory [*7] allegation that defendants will be forced to defend a "moving target," defendants fail to demonstrate any unfair prejudice they would suffer should plaintiffs be granted leave to amend. Compare Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155-1158 (2d Cir. 1968) (leave to amend answer to include statute of limitations defense denied where defendant had delayed and plaintiff's claim now time-barred in alternative jurisdictions).

Case 1:07-cv-05471-BSJ-KNF   Document 39-16   Filed 06/30/2008   Page 4 of 6

1990 U.S. Dist. LEXIS 1711, *; Fed. Sec. L. Rep. (CCH) P94,948

Defendants principally oppose plaintiffs' motion for leave to amend on the ground that amendment is futile. See Foman, 371 U.S. at 182; C. Wright & A. Miller, supra, § 1487, at 432 [HN2]("if the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend"). Insofar as plaintiffs seek to replead claims already dismissed, leave to amend is denied. See Fidelity Financial Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir. 1986) [HN3](denial of leave to amend proper when plaintiff merely restates earlier claims), cert. denied, 479 U.S. 1064 (1987); Wakeen v. Hoffman House, Inc., 724 F.2d 1238 (7th Cir. 1983) (trial judge "within his discretion in denying [*8] [plaintiff] the opportunity to amend his complaint again in order to reinstate the previously denied claim"). Thus plaintiffs may not reinstate their claims with respect to the disclosure or nondisclosure [3] of certain "soft information." These claims were adjudicated in the Court's Memorandum Opinion and Order of June 16, 1988 and are therefore futile.

   3   For purposes of clarity, it should be noted that by "disclosure" the Court means disclosure to the public. The Court has not addressed the adequacy or inadequacy of disclosures from interested to disinterested directors. Such disclosure, or lack thereof, may or may not serve as the basis of a claim for breach of fiduciary duty. See 1 R. Balotti & J. Finkelstein, The Delaware Law of Corporations and Business Organizations, § 4.9, at 125 ("Inadequate disclosure to disinterested directors is an issue in determining the question of fair dealing"); Ruder, Duty of Loyalty -- A Law Professor's Status Report, 40 Bus. Law. 1383, 1391 (1985).

Plaintiffs, however, correctly assert that [HN4]"the fiduciary duties of a director or controlling shareholder in the context of a tender offer include but are not limited to fair disclosure." [*9] Plaintiffs' Memorandum of Law In Support of Their Motion to Compel Discovery, at 38; see also Ruder, Duty of Loyalty -- A Law Professor's Status Report, 40 Bus. Law. 1383, 1386-89 (1985). The Court's June 16, 1988 Order only addressed plaintiffs' allegations of incomplete and misleading disclosures under the federal securities laws and state common law. Except as to disclosure, the Court has not passed upon plaintiffs' allegations regarding breaches of defendants' fiduciary duties. Thus, insofar as plaintiffs' proposed amendments amplify these state claims, they are not futile and leave to amend is granted. [4]

   4   It is within the Court's discretion to condition the granting of plaintiffs' leave to amend upon the striking of certain paragraphs of the proposed amendment. See Spampinato v. M. Breger & Co., 176 F. Supp. 149, 151 (S.D.N.Y. 1958), aff'd on other grounds, 270 F.2d 46 (2d Cir. 1959), cert. denied, 361 U.S. 944 (1960); C. Wright & A. Miller, supra, § 1486, at 426. Thus, the Court grants plaintiffs' motion to amend conditioned upon their striking of claims that relate to the disclosure of soft information.

In sum, plaintiffs shall be granted leave [*10] to amend, conditioned as follows:

(1) All allegations that relate to the disclosure or nondisclosure of "soft information" shall be deleted.

(2) the amendments that amplify plaintiffs' allegations regarding the disclosure of certain "hard information" are allowed. By "hard information," the Court refers to plaintiffs claims relating to the disclosure of "the financial results for the United Fruits division for the March 31, 1985 quarter and the June 30, 1985 quarter," Memorandum Opinion and Order, June 16, 1988, Fed. Sec. L. Rep. (CCH) para. 93,810, at 98,891, and "when UB knew the results for the quarter ending June 30, 1985." Id. at 98,892. All other claims relating to disclosure have been dismissed. Thus, plaintiffs' amendments relating to disclosure of the role of William Purdy shall not be permitted. Factual allegations regarding Mr. Purdy's role in the transaction, insofar as they relate to the breach of fiduciary duty claim, shall be permitted.

(3) Factual allegations that amplify or pertain to plaintiffs' state law breach of fiduciary duty claims are allowed.

## II. Motions for Orders Compelling Discovery and for Sanctions

Plaintiffs have moved for an order compelling [*11] the depositions of defendants Harper Sibley, Kenneth Luban, William Purdy, S. Craig Lindner, Ronald Walker, and Carl Lindner. Plaintiffs have also moved for orders compelling defendant Keith Lindner to answer certain questions and for the production of certain documents. Finally, plaintiffs request the Court to impose sanctions against the defendants for allegedly failing to produce certain documents and for refusing to produce certain parties for deposition testimony.

### A. Deposition Testimony

Messrs. Sibley, Luban, and S. Craig Lindner were all present at the July 3, 1985 meeting of the FMI Board of Directors. Discovery of information relating to that meeting was encompassed by the Court's September 27, 1988 Order. This Court authorized "[d]eposition testimony and documentary production regarding what transpired on July 3, 1985 at the Board of Directors meeting

Case 1:07-cv-05471-BSJ-KNF    Document 39-16    Filed 06/30/2008    Page 5 of 6

1990 U.S. Dist. LEXIS 1711, *; Fed. Sec. L. Rep. (CCH) P94,948

of FMI," which Messrs. Sibley, Luban and S. Craig Lindner attended as directors of FMI. Order, September 27, 1988. Not once in their Memorandum of Law in Opposition to Plaintiffs' Motion to Compel do the defendants discuss why these directors should not be deposed by plaintiffs. Instead, defendants focus almost exclusively [*12] on what plaintiffs had discovered, or failed to discover, in other depositions and discovery.

William Purdy prepared analyses of UB and the tender offer for FMI. These were supplied to the FMI Board of Directors. Therefore, deposition testimony of Mr. Purdy could reasonably be calculated to lead to information regarding the scope, timing, and substance of information considered by the FMI Board of Directors in deciding to commence the tender offer. This information is clearly within the scope of discovery as set forth in this Court's September 27, 1988 Order: the Court authorized "deposition testimony and documentary production regarding the source and significance of the information relating to the year ending March 31, 1985 submitted to the FMI Board of Directors [and] . . . regarding the determination of the $ 20 per share price of the tender offer." Order, September 27, 1988.

Ronald Walker was at all relevant times chief operating officer and a director of both AFC and UB. Carl Lindner was at all relevant times Chairman of the Board of Directors of both UB and AFC. [5] Defendants do not refute plaintiffs' claim that Walker and Lindner were intimately involved in orchestrating the [*13] tender offer. Nor do defendants explain to the Court why these defendants should not be deposed. Defendants have obscured the issue by focusing on deposition testimony of other individuals and discovery of other matters from other sources. See, e.g., Defendant's Motion in Opposition to Plaintiffs' Motion to Compel, at 15-17, 44-46. Plaintiffs could reasonably expect to elicit testimony from Walker and Lindner that would fall within the Court's previous Order regarding the scope of discovery.

    5    Carl Lindner controls AFC and, through AFC, FMI.

Plaintiffs seek to compel defendant Keith Lindner to answer eight questions [6] directed to him in his deposition on January 6, 1989. These questions relate to Lindner's understanding of his fiduciary duties, as a director of UB, to UB's shareholders. Had the questions propounded by plaintiffs' counsel been calculated to elicit a mere "colloquy" on the law of fiduciaries, Notice of Motion to Compel Answers to Deposition Questions, Exhibit 1, at 61 (Keith Lindner deposition), the Court would be inclined to agree with defendants' counsel that Mr. Lindner need not have answered the questions. However, the questions were not so phrased. Rather [*14] the questions were and are relevant to plaintiffs' breach of fiduciary duty claim. As to each of the seven disputed questions, defendants' counsel objected on the grounds that the questions were irrelevant. That statement was simply incorrect; plaintiffs' state law breach of fiduciary duty claim is still at issue. Thus, Mr. Lindner is directed to answer the seven questions at issue here.

    6    The record reflects that the deponent answered the question denominated as number "4" by plaintiffs in their Notice of Motion to Compel Answers. Thus, only seven unanswered questions propounded by plaintiffs' counsel shall be considered by the Court.

B. Production of Documents

Plaintiffs request the production of documents which they refer to as the "Latest Total Year Estimates" ("LTYE") and the "Breakout Value Analysis." Defendants have objected to the production of these documents on the grounds that they are "soft information" and therefore not relevant to the issues that remain in this case. As discussed supra, this contention is erroneous. While these documents represent "soft information" and are therefore irrelevant to plaintiffs' disclosure claims, they may be relevant to plaintiffs' [*15] state law claims. Thus, they are properly discoverable and their production is ordered.

C. Sanctions

The Court is generally in agreement with plaintiffs that the September 27, 1988 Order authorized the discovery plaintiffs are now seeking to compel. Nonetheless, the Court finds the imposition of sanctions unwarranted. Defendants embraced a narrow, though not unreasonable, interpretation of the Court's June 16, 1988 Memorandum Opinion and Order. While this Order makes plain the error of defendants' position vis-a-vis the issues remaining in this case and the proper scope of discovery, it was not an untenable position. Accordingly, the Court declines to sanction the defendants.

III. Reconsideration of the June 16, 1988 Order

Relying on the discovery of "new evidence," plaintiffs urge the Court to reconsider its June 16, 1988. This Court abides by its previous ruling that the adequacy of FMI's disclosure of soft information did not present an issue of material fact. See Memorandum Opinion and Order, June 16, 1988, Fed. Sec. L. Rep. (CCH) para. 93,810. Plaintiffs do not articulate an adequate reason to allow them to relitigate these claims. Accordingly, their motion for reconsideration [*16] is denied.

*Conclusion*

Case 1:07-cv-05471-BSJ-KNF   Document 39-16   Filed 06/30/2008   Page 6 of 6

1990 U.S. Dist. LEXIS 1711, *; Fed. Sec. L. Rep. (CCH) P94,948

For the foregoing reasons, plaintiffs' motion for leave to amend its complaint is granted, conditioned upon revision of the amended complaint in accordance with this opinion. Plaintiffs' motions to compel deposition testimony and documentary production are granted and their motion for imposition of sanctions is denied. Accordingly, defendants' cross-motion for a protective order and an end to discovery is denied. Finally, plaintiffs' motion for reconsideration of the Court's June 16, 1988 Memorandum Opinion and Order is denied.

*SO ORDERED.*

Dated: New York, New York

February 16, 1990