UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
DANIEL B. GRAVES,
:
                Plaintiff,             07 Civ. 5471 (BSJ)
:
    - against -
:
DEUTSCHE BANK SECURITIES INC.,
:
                Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S
<u>COMPLAINT AND TO STRIKE PORTIONS OF THE COMPLAINT</u>**

SIDLEY AUSTIN LLP

ATTORNEYS FOR  Defendant
                       DEUTSCHE BANK SECURITIES INC.

787 SEVENTH AVENUE
NEW YORK, NEW YORK  10019
(212) 839-5300

pipeline revenues (Complaint, ¶ 99 (a)-(i); 102-107; 109 (a)-(h); 113-118); and (4) using "made-up" figures (Complaint, ¶ 100 (a)-(e); 110 (a)-(c); 111(a)-(b); 112 (a)-(b)), all intended to place Graves's performance in a "false light" to convince the EEOC not to bring suit on his behalf. (Complaint, ¶¶ 119-124.)  The Court should strike these paragraphs of the Complaint for two reasons:  (1) they are irrelevant to the claims brought by Graves and substantially prejudice DBSI in the eyes of the public and of the Court, and (2) they concern DBSI's submissions in an administrative proceeding which are per se immaterial under Rule 12(f).

Rule 12(f), which is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct," provides that the court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  In re Merrill Lynch & Co., Inc. Research Reports Sec. Litigation, 218 F.R.D. 76, 78 (S.D.N.Y. 2003). Although motions to strike are generally disfavored, "allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones."  G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002) (citations omitted).  Stated differently, a court may strike matter from a complaint where its material is prejudicial.  Id. (citing Wright Miller & Marcus, Fed. Prac. & Proc.: Civil 2d § 1382, at 714 (West 1994 & Supp. 2001)) ("Scandalous allegations . . . will often be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations."); See also Smith v. AVSC Int'l., Inc., 148 F. Supp. 2d 302, 317 (S.D.N.Y. 2001).

In Smith, the plaintiff brought claims under federal and state law alleging discrimination based on sex and age, as well as a claim for retaliatory discharge. Id. at 306.  In his complaint, however, the plaintiff raised allegations of "various fraudulent and improper financial practices by [the defendant]," and the court struck those paragraphs, stating that the

-23-

"ethical obligations to report financial misconduct, and specific instances of such acts, are not relevant to the only remaining claims in the complaint, the discrimination claims." Id. at 317. Similarly, here, the allegations Graves makes in paragraphs 14 and 95-124 concerning allegedly false statements made by DBSI in its EEOC Position Statement and a violation by DBSI of 18 U.S.C. § 1001 have no bearing on any of the issues in dispute. Graves's legal claims concern DBSI's purported discriminatory and retaliatory acts against him, but the allegations concerning the Position Statement do more than merely dispute its contents; they allege something separate and apart from Graves's legal claims – that DBSI (and its lawyers) defrauded the EEOC. The obvious purpose for making these scandalous allegations on the public record is to influence the Court and to prejudice DBSI. Such evidence is properly excluded. Since there is no reason for paragraphs 14 and 95-124 to remain in the Complaint, DBSI's motion to strike them should be granted. Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (striking references that were "immaterial and impertinent to the case" because they served "no purpose except to inflame the reader"); Kent v. AVCO Corp., 815 F. Supp. 67, 71 (D. Conn. 1992) (striking immaterial allegations where the value of allowing the allegations "is outweighed by the prejudicial effect they would have").[8]

Moreover, Second Circuit law makes it clear that references to preliminary steps in litigation and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f). In re Merrill Lynch, 218 F.R.D. at 78 (citing Lipsky v. Commonwealth United Corp., 551 F.2d 887, 892-94 (2d Cir. 1976)). In Ledford v. Rapid-Am. Corp., No. 86 Civ. 9116, 1988 U.S. Dist.

---

[8] In addition to their scandalous nature, the allegations that DBSI and its lawyers submitted a fraudulent position statement are based on conjecture, as evidenced by Graves's liberal use, in most of these paragraphs, of the phrases "upon information and belief" or "by clear and necessary implication."

LEXIS 79 (S.D.N.Y. Jan. 8, 1988), a case alleging discriminatory termination on the basis of age, the defendant moved, pursuant to Rule 12(f), to strike paragraphs of the complaint that set forth findings in the State Division of probable cause to believe discrimination had occurred. Id. at *1. The Court held that since the State Division's administrative findings had no preclusive effect, allegations in respect to the findings were irrelevant to the action and were stricken from the complaint pursuant to Rule 12(f). See id. at *4. See also Mitchell v. Bendix Corp., 603 F. Supp. 920, 921 (N.D. Ill. 1985) (granting motion to strike paragraphs of the complaint alleging the determination of a state administrative review of the plaintiff's claim). Just as the Court in Ledford struck the State Division's findings from a complaint, the Court here should strike Graves's inflammatory mischaracterizations of DBSI's submission to a similar agency.[9]

---

[9] It is also well settled under New York law that statements or submissions to the EEOC are protected by an absolute privilege and cannot be the basis for imposing liability on a party. See Witchard v. Montefiore Med. Ctr., 05 Civ. 5957, 2006 U.S. Dist. LEXIS 72811, at *31 (S.D.N.Y. July 19, 2006) (citing cases); Dwerk Law Firm v. Mann, 02 Civ. 8481, 2003 U.S. Dist. LEXIS 19535, at *12 (S.D.N.Y. Oct. 30, 2003).

-26-

## CONCLUSION

For the foregoing reasons, DBSI respectfully requests that the Court grant its motion for partial dismissal of Graves's Complaint and dismiss all claims brought by Graves, other than his timely claims under the ADEA, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 3, 2007

SIDLEY AUSTIN LLP

By: _____
Cliff Fonstein
Joanne Seltzer
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendant
Deutsche Bank Securities Inc.

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that on July 3, 2007, I caused a true and correct copy of the foregoing Memorandum of Law in Support of Defendants' Motion For Partial Dismissal of Plaintiff's Complaint and to Strike Portions of the Complaint to be served upon the following:

>Richard T. Seymour
>Law Office of Richard T. Seymour, PLLC
>1150 Connecticut Avenue, NW, Suite 900
>Washington, D.C. 20036-4129
>(via Federal Express overnight delivery)

>Steven A. Berger
>Berger & Webb, LLP
>1633 Broadway, 46th Floor
>New York, New York 10019
>(via hand delivery)

_____
Joanne Seltzer