IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. GRAVES,<br><br>                    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>                    Defendant. | **CIVIL ACTION NO.**<br>**1:07-cv-05471-BSJ-KNF**<br><br>**(Electronically Filed)** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A DETERMINATION THAT THE DEADLINE FOR PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS PROPOSED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT IS JULY 11, 2008, AND THAT IT IS FILED TIMELY UNDER LOCAL CIVIL RULE 5.3(a) AND ECF PROCEDURE PART 9, AND IN THE ALTERNATIVE FOR A RETROACTIVE THREE-DAY EXTENSION OF PLAINTIFF'S TIME TO FILE HIS REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS PROPOSED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

A.  **Introduction**

This Motion involves different interpretations of the Federal Rules of Civil Procedure and local rules by the parties, and is brought to a point by defendant's practice of hand-delivering a copy of its papers to local counsel. Plaintiff urges that such hand-delivery on local counsel on the date of filing does not deprive him of the three additional days lead counsel would otherwise have for service by the Court's ECF system or for service by overnight delivery.

If plaintiff is correct, the deadline for filing his Reply in Support of his Motion for Leave to File His Second Amended and Supplemental Complaint is today, July 11, 2008, and the Reply is being filed timely. Defendant urges that service on local counsel by hand is sufficient to take away the additional three days for service by the Court's ECF system or by overnight delivery on lead counsel, and that the deadline was therefore July 8, 2008.

Plaintiff requested the defendant's consent to a three-day extension in the alternative, and defendant refused consent on the ground that the deadline had already passed.

### B.     The Papers in Question

Plaintiff filed his Motion for Leave to File his Second Amended and Supplemental Complaint on June 16, 2008. (Docs. ## 29-31.) Defendant filed its Opposition on June 30, 2008, through the Court's ECF system. (Docs. ## 39, 40.) Defendant delivered a copy by hand to local counsel in New York City on the date of filing, and sent a copy to lead counsel in Washington, D.C., by overnight delivery.

#### 1.     The Federal Rules of Civil Procedure

Through an interaction of Rules 5(b)(2)(E), 5(b)(3), and 6(d), service of papers through a court's ECF system is treated like service by mail, and three additional days are available. The text of the rules is as follows:

Rule 5(b)(2)(E), Fed. R. Civ. Pro., provides as follows:

> (2) *Service in General.* A paper is served under this rule by:
>
> \*            \*            \*
>
> (E) sending it by electronic means if the person consented in writing — in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
>
> \*            \*            \*

Rule 5(b)(3), Fed. R. Civ. Pro., provides as follows:

>   (3) *Using Court Facilities.* If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E).

Rule 6(d), Fed. R. Civ. Pro., provides as follows:

>   **(d) Additional Time After Certain Kinds of Service.** When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

### C. The Court's Procedures for Electronic Case Filing

The Court's March 6, 2003, Procedures for Electronic Case Filing set forth a system of Filing Users, and specify what shall be service on any Filing User such as an attorney:

>   **9. Service of Documents by Electronic Means**
>
>   <u>Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case.</u>  It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document.  Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

(Emphasis supplied.)  The provision is specific to each Filing User, not general for all attorneys representing a party as in the days before the ECF system.

### D. Local Civil Rule 5.3(a)

Local Civil Rule 5.3(a) is also phrased in terms of the attorney, and not in terms of all attorneys representing a party. It provides as follows:

>   **Local Civil Rule 5.3 - Service by Overnight Delivery and Fax**
>
>   (a) Service <u>upon an attorney</u> of all papers other than a subpoena or a summons and complaint or any other paper required by statute or rule to be served in the same manner as a summons and complaint shall be permitted by dispatching the paper to the attorney by overnight delivery service at the address designated by the attorney for that purpose, or if none is designated, at the attorney's last known address. Service by overnight delivery service shall be complete upon deposit of the paper enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.  Overnight service shall be deemed service by mail for purposes

of Fed. R. Civ. P. 6(e). "Overnight delivery service" means any delivery service which regularly accepts items for overnight delivery.

(Emphasis supplied.)

### E. Discussion

Plaintiff has not found any local case construing Local Civil Rule 5.3(a), or Part 9 of the Court's Procedures for Electronic Case Filing. The plain language of these provisions, however, suggests that that service is made on each Filing User or attorney under these provisions, and the form of service used with that Filing User or attorney determines whether the three additional days for service under Rule 6(d), Fed. R. Civ. Pro., applies. Nothing in the rules states that the manner of service on local counsel governs all attorneys for the same party, even where the manner of service on lead counsel is different and would by itself give rise to the three additional days allowed by Rule 6(d). Indeed, such an interpretation runs counter to the language of Local Civil Rule 5.3(a), and of Part 9 of the Court's Procedures for Electronic Case Filing.

Defendant has brought to plaintiff's attention the decision in *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir.( 1990), in which the court held that Rule 5, Fed. R. Civ. Pro., requires service upon a party, that this can be accomplished by serving one of the co-counsel representing a party, and that the rule does not require serving all counsel for the party. MOORE'S FEDERAL PRACTICE ¶ 5.04[1][a] is to the same effect: "If an individual is represented by several attorneys, service on any one of them constitutes valid service on the party under the Rule."

*Daniel* and MOORE'S FEDERAL PRACTICE dealt with a complete failure of service on an attorney of record, and the assumption that any attorney served will notify the others. Neither dealt with the question whether different manners of service can deprive lead counsel of the additional three days provided by Rule 6(d). Neither dealt with the general focus of ECF

- 4 -

systems on ensuring that every attorney of record be served through the system, and neither dealt with the specific provisions cited above.

In addition to the language of the rule, plaintiff relies on policy considerations.  Plaintiff submits that the Court should not construe its rules so as to allow an uneven playing field, under which defendant is normally entitled to the benefit of the three additional days, and plaintiff is normally deprived of the benefit, because lead counsel for plaintiff is filing papers from out of town and will often not be able to deliver a hard copy to defendant within business hours, but defendant is ordinarily able to deliver a hard copy to local counsel within business hours.

F. **Alternative Motion for Retroactive Three-Day Extension of the Deadline**

In the alternative, plaintiff urges that the Court grant his motion for a retroactive three-day extension of the deadline.  Plaintiff urges the following reasons:

Even if the Court determines that plaintiff erred in calculating the deadline, the error was made in good faith based on language of the local rules and Procedures for Electronic Case Filing that have never been construed by the court at least insofar as such constructions can be found on WestLaw.

Plaintiff has previously demonstrated a record of diligence in this action, and intends to continue to do so.

The filing by defendant to which plaintiff replied was improper in that it sought without leave of court to re-argue its July 3, 2007, Motion for Partial Dismissal of Plaintiff's Complaint and to Strike Portions of the Complaint (Docs. ## 4, 5, and 7) and to add to—and in some instances quarrel with—its briefing on its already-submitted May 30, 2008, Motion for Sanctions (Docs. ## 24, 27, and 28).

Plaintiff has substantial responses to defendant's arguments, and these deserve to be heard on the merits.

Defendant will suffer no prejudice by allowing the extension. Its arguments will simply be addressed on the merits, and that is not prejudice.

WHEREFORE, plaintiff prays that his Motion be granted.

Respectfully submitted,

Richard T. Seymour (RS-8094)
rick@rickseymourlaw.net
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    (202) 862-4320 – Telephone
    (202) 549-1454 – Cell
    (800) 805-1065 – Telecopier

Steven A. Berger (SB-2038)
sberger@bergerwebb.com
Jonathan Rogin (JR-9800)
jrogin@bergerwebb.com
Berger & Webb, LLP
1633 Broadway, 46th Floor
New York, N.Y. 10019
    (212) 319-1900 – Telephone
    (212) 319-2017 and -2018 – Telecopiers


By: ___/s/ Richard T. Seymour_____
    Richard T. Seymour (RS 8094)
    Attorneys for Plaintiff

Dated: July 11, 2008