UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DANIEL B. GRAVES,

                Plaintiff,                07 Civ. 5471 (BSJ)(KNF)

        - against -

DEUTSCHE BANK SECURITIES INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A DETERMINATION THAT THE DEADLINE FOR HIS
REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS PROPOSED
SECOND AMENDED AND SUPPLEMENTAL COMPLAINT IS JULY 11, 2008, AND
THAT IT IS FILED TIMELY UNDER LOCAL CIVIL RULE 5.3(a) AND ECF
PROCEDURE PART 9, AND IN THE ALTERNATIVE FOR A RETROACTIVE
THREE-DAY EXTENSION OF PLAINTIFF'S TIME TO FILE HIS REPLY IN
SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS PROPOSED SECOND
AMENDED AND SUPPLEMENTAL COMPLAINT**

SIDLEY AUSTIN LLP

ATTORNEYS FOR  Defendant
               DEUTSCHE BANK SECURITIES INC.

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
(212) 839-5300

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL STATEMENT .........................................................................................................1

ARGUMENT............................................................................................................................2

   I.    GRAVES'S MOTION TO ALLOW HIS REPLY PAPERS TO BE DEEMED
       TIMELY FILED AS OF JULY 11, 2008 SHOULD BE DENIED ...........................2

          A.    Graves Cannot Avoid ECF Rule 9 that Service Was Effectuated on
               Him Through the Electronic Case Filing System on June 30, 2008.............2

          B.    Graves's Cannot Rely on DBSI's Service of Courtesy Copies on Local
               Counsel to Avoid the ECF Service Rules......................................................4

          C.    Graves Understands but Ignored the ECF Rules ...........................................6

   II.    GRAVES'S ALTERNATIVE MOTION FOR A RETROACTIVE THREE-
       DAY EXTENSION OF TIME TO FILE HIS REPLY PAPERS SHOULD BE
       DENIED ......................................................................................................................7

CONCLUSION ........................................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

Buchanan v. Sherrill,
  51 F.3d 227 (10th Cir. 1995) .................................................................................5

Collier v. Boy Melgreen Developers,
  No. 06 Civ. 5425, 2007 U.S. Dist. LEXIS 36181 (E.D.N.Y. May 17, 2007) .........................4

Daniel Int'l Corp. v. Fishback & Moore Inc.,
  916 F.2d 1061 (5th Cir. 1990) ...............................................................................5

Gadsden v. Jones Lang Lasalle Ams., Inc.,
  210 F. Supp. 2d 43 (S.D.N.Y. 2002) .......................................................................7

Hodge v. City of Long Beach,
  No. 02 Civ. 5851, 2007 U.S. Dist. LEXIS 72871 (E.D.N.Y. Sept. 28, 2007)........................4

Quigley v. Rosenthal,
  427 F.3d 1232 (10th Cir. 2005) .............................................................................8

Trerotola v. Local 72 of Int'l Bhd. of Teamsters,
  947 F. Supp. 654 (S.D.N.Y. 1996) .........................................................................8

STATUTES

Federal Rule of Civil Procedure 5 .......................................................................3, 4, 5

Federal Rule of Civil Procedure 6 .........................................................................3, 8

U.S. Dist. Ct. Rules S. & E.D.N.Y. Rule 5.2................................................................3-4

OTHER AUTHORITIES

Moore's Federal Practice § 5.04[1][a]......................................................................5

United States District Court, Southern District of New York, Electronic Case Filing Rules
  & Instructions ......................................................................................2, 3, 5, 6

## PRELIMINARY STATEMENT

Defendant Deutsche Bank Securities Inc. ("DBSI") hereby opposes Plaintiff Daniel Graves's motion for a determination that his reply papers in support of his motion for leave to file his proposed second amended complaint were timely filed. In addition, DBSI opposes Graves's alternative motion for a retroactive three-day extension of his time to file his reply papers. The Electronic Case Filing ("ECF") Rules and Instructions for the Southern District of New York are clear that service of DBSI's opposition papers was effectuated upon Graves on June 30, 2008, the date DBSI filed its opposition papers electronically through the ECF system. Under the ECF Rules, Graves's reply papers should have been filed five business days later, on July 8, 2008. Accordingly, Graves's reply papers, filed on July 11, 2008, were untimely, and his motion should be denied. Denial of Graves's motion is particularly warranted here since – as explained more fully below – there is no question that Graves's counsel has known full well the import of the ECF's service rules for well over a year. Indeed, any claim of confusion over the rules is belied by a July 20, 2007 email where Graves's counsel not only emphatically states that service is effectuated by a party's filing a document through the court's ECF system, but also rejects an argument he now makes to excuse his late reply. Since the ECF Rules regarding service are clear, and because Graves had an unambiguous, documented understanding of the rules, the Court should award DBSI its attorneys' fees and costs incurred in litigating this motion.

## FACTUAL STATEMENT

On June 16, 2008, Graves filed and served a Motion for Leave to File his Second Amended and Supplemental Complaint through the Court's ECF system. On June 30, 2008, DBSI filed and served its Opposition through the Court's ECF system. The following attorneys representing Graves were sent an Notice of Electronic Filing on June 30, 2008: Jonathan Rogin,

Richard T. Seymour, Steven Arthur Berger, and Thomas E. Hone. As a courtesy and consistent with its usual practice in this case, DBSI served hard copies of its opposition papers on Graves's local counsel, Steven Berger, by hand and on Richard Seymour by overnight Federal Express delivery. On July 10, 2008, two days after Graves's papers were due, Joanne Seltzer, counsel for DBSI, emailed Mr. Seymour asking whether he intended to file the required courtesy copies of the fully briefed motion.[1] Mr. Seymour responded that he would file the courtesy copies when the reply was due, which according to his calculation, was not until July 11.[2] In the past, both parties had based their response times with respect to the date of the ECF filing.[3]

### ARGUMENT

**I.    GRAVES'S MOTION TO ALLOW HIS REPLY PAPERS TO BE DEEMED TIMELY FILED AS OF JULY 11, 2008 SHOULD BE DENIED**

This is an ECF case. Both parties are represented by attorneys who are Filing Users, and who receive service through the Court's Notice of Electronic Filing. The ECF Rules require service through the ECF system, and the parties have been abiding by those rules, and in particular Rule 9, which states that the Notice of Electronic Filing of a document constitutes service upon any Filing User. In his moving papers, Graves tries to circumvent Rule 9, making two arguments that he is entitled to an extra three days to submit his reply brief. As explained below, both of these arguments are not only clear evasions of Rule 9, but they are also inconsistent with the parties' practice and the articulated understanding of Graves's counsel.

**A.    Graves Cannot Avoid ECF Rule 9 that Service Was Effectuated on Him Through the Electronic Case Filing System on June 30, 2008.**

Under ECF Rule 9, "[t]ransmission of the Clerk's Notice of Filing of a document shall constitute service of such document upon any Filing User in that case." Electronic Case Filing

---

[1] A copy of the July 10, 2008 email from Joanne Seltzer to Richard Seymour is attached to the Affidavit of Joanne Seltzer (the "Seltzer Aff.") as Exh. D.
[2] A copy of the July 10, 2008 email from Seymour to Seltzer is attached to the Seltzer Aff. as Exh E.
[3] Graves's counsel never called DBSI's counsel before the due date of his brief to ask for an extension, even though DBSI has assented to similar requests on prior occasions.

Rules & Instructions, May 28, 2008 (the "ECF Rules," or the "ECF Instructions"). On June 30,

2008, DBSI filed its papers opposing Graves's motion for leave to file his second amended

complaint, and a Notice of Electronic Filing was transmitted to counsel for both parties on that

same day.[4] Accordingly, DBSI's Opposition was properly served on June 30, 2008. See also

ECF Instruction 13.16 ("In ECF cases, service is accomplished by an e-mail sent by the Court.

However, e-mail is not foolproof, and you may miss an e-mail message. Therefore it remains the

duty of the attorney for a party to review regularly the docket sheet of the case in order not to

miss a filing.")

　　　Despite Rule 9's clarity, Graves argues in his motion that "[t]hrough an interaction of

Federal Rules of Civil Procedure 5(b)(2)(E), 5(b)(3), and 6(d)" service through the ECF system

"is treated like service by mail," and thus, Graves should have three additional days for filing

responding papers. See Plaintiff's Motion for a Determination That the Deadline for Plaintiff's

Reply in Support of His Motion for Leave to File His Proposed Second Amended and

Supplemental Complaint is July 11, 2008, and That It Is Filed Timely Under Local Civil Rule

5.3(a) and ECF Procedure Part 9, and in the Alternative for a Retroactive Three-Day Extension

of Plaintiff's Time to File His Reply in Support of His Motion for Leave to File His Proposed

Second Amended and Supplemental Complaint (the "Opening Brief"), p. 2). Graves's contorted

argument is based on his purposeful misinterpretation of the rules governing electronic filing.

He maintains that when the parties voluntarily agree to electronic filing under 5(b)(2)(E), and opt

to use the court's transmission facilities to effectuate that service, three days are added to the

response deadline. This argument fails because electronic service in this case was not something

the parties voluntarily agreed to: it is required by the ECF Rules. Thus, under those rules,

service is effectuated by way of an e-mail sent by the clerk of the Court. ECF Rule 9. The

---

[4] A copy of the June 30, 2008 Notice of Electronic Filing is attached to the Seltzer Aff. as Exh. C.

parties have not voluntarily agreed to service by "electronic means" pursuant to Federal Rule 5(b)(2)(E), the predicate to Graves's argument.

Further, Graves glaringly omits any discussion of Local Rule 5.2. This rule states that "[a] paper served and filed by electronic means in accordance with procedures promulgated by the Court is, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local civil rules of the Southern and Eastern Districts of New York." U.S. Dist. Ct. Rules S. & E.D.N.Y. Rule 5.2. See Collier v. Boy Melgreen Developers, No. 06 Civ. 5425, 2007 U.S. Dist. LEXIS 36181, at *4 n.1 (E.D.N.Y. May 17, 2007) (finding that although hard copies of defendant's submission were never served upon plaintiffs, service was effective because defendant properly filed its submission using the ECF system, and stating, "[a]pparently, Plaintiffs are unfamiliar with Local Civil Rule 5.2, which states that any paper submitted through CM/ECF satisfies service and filing requirements").[5] See also Hodge v. City of Long Beach, No. 02 Civ. 5851, 2007 U.S. Dist. LEXIS 72871, at *7-8 (E.D.N.Y. Sept. 28, 2007) (citing Local Rule 5.2 and finding that defendants were on notice of plaintiff's motion as of the date the motion papers were filed through the ECF system). The Court here should deny Graves's motion for an extension of time because Graves was properly served, under the Federal and Local Rules, when DBSI filed its June 30, 2008 Opposition through the ECF system.

**B.    Graves's Cannot Rely on DBSI's Service of Courtesy Copies on Local Counsel to Avoid the ECF Service Rules**

As noted above, on June 30, 2008, DBSI served courtesy copies of its opposition papers on Graves's local counsel by messenger and on Mr. Seymour by overnight delivery. Graves argues that service of these courtesy copies negates service under the ECF Rules and that hand delivery on local counsel does not constitute valid service. (Opening Brief, pp. 4-5.) Although

---

[5] Copies of unpublished opinions cited in this memorandum are attached hereto as Exhibit A.

his argument is far from clear, Graves says "the manner of service on local counsel [does not

govern] all attorneys for the same party." (Opening Brief, p. 4.)  In essence, Graves is arguing

that each attorney served will be governed by different service rules and thus different response

times.  As outlined below, this argument is nonsensical and wrong.

First, that DBSI served its papers by hand in addition to serving its papers through the

ECF system is irrelevant, because such courtesy service is not mandatory.  ECF Instruction 19.2

("If all parties will receive electronic notification of the filing, then service is complete upon

transmission by the Court of the Notice of Electronic Filing email (NEF) and you are <u>not</u>

<u>required</u> to serve a paper copy.") (Emphasis added).  Indeed, in a July 20, 2007 email, Mr.

Seymour recognized that the courtesy service had no bearing on the electronic service.[6]  <u>See</u> July

20, 2007 email from Seymour to Seltzer ("The paper copy did not contain anything that was

different from the electronic copy served on July 18 through the court's ECF system, and that is

the relevant service starting your time running.").

Second, even if the ECF Rules did not apply, service by hand on local counsel constitutes

valid service on the party under Rule 5 of the Federal Rules of Civil Procedure.  <u>Buchanan v.</u>

<u>Sherrill</u>, 51 F.3d 227, 228 (10th Cir. 1995) ("Rule 5 requires service on all parties, not on all

attorneys."); <u>Daniel Int'l Corp. v. Fishback & Moore Inc.</u>, 916 F.2d 1061, 1063 (5th Cir. 1990)

("The burden is to serve all other *parties*.  This does not require service on each of several

counsel appearing on behalf of a party . . . [S]ervice upon one, but not all, of its counsel is

effective service. ").  <u>See also</u> Moore's Federal Practice § 5.04[1][a].

Finally, no case law or rule supports Graves's peculiar argument that that each and every

attorney representing a party is governed by his or her own service rules.

---

[6] A copy of the July 20, 2007 email from Richard Seymour to Joanne Seltzer is attached to the Seltzer Aff. as Exh. B.

### C.    Graves Understands but Ignored the ECF Rules

Graves demonstrated his understanding of the ECF Rules and their effect on service early

on in this litigation. On July 18, 2007, Graves filed his Opposition to DBSI's Motion for Partial

Dismissal and to Strike Portions of the Complaint through the Court's ECF system, and DBSI

received a Notice of Electronic Filing on that night at 9:20 p.m.[7] On July 19, 2007, DBSI

received paper courtesy copies of Graves's opposition papers, as it was the practice of the parties

to serve courtesy copies of all filings. On July 20, 2008, Joanne Seltzer, counsel for DBSI,

called Graves's counsel, Richard Seymour, and asked for an extra day of time to file the reply

brief due to the filing of his opposition after normal business hours on July 18, 2008. Mr.

Seymour responded to DBSI's request through an email, dated July 20, 2007.[8] Critical to the

motion here, in his email, Graves's counsel wrote:

> Since all counsel for defendant are on the ECF system, and since the paper
> copy did not contain anything that was different from the electronic copy
> served on July 18 through the court's ECF system, the ECF filing seems to
> us to be the service contemplated by the rules. There was no duty to
> provide a paper copy, and plaintiff did so to return the courtesy shown to us
> by providing us with a courtesy paper copy of your Motion. Mentioning it
> in the Certificate of Service does not seem to us to be capable of changing
> the rules.

In accordance with ECF Rule 9, DBSI filed its reply papers five days from Graves's filing of his

opposition papers with the Court's ECF system.

Graves, fully understanding the rules in July 2007, cannot plead ignorance and confusion

as to how these rules apply to him today. To date, all of the papers in this case have been filed in

a timely fashion, as measured from service on the Court's ECF system. He should not now be

allowed to unilaterally change the rules.

---

[7] A copy of the July 18, 2007 Notice of Electronic Filing is attached to the Seltzer Aff. as Exh. A.
[8] See Footnote 6.

In sum, this is an ECF case. The ECF Rules apply. The Local Rules provide that the ECF Rules apply. And Mr. Seymour has insisted that the ECF Rules apply. Graves was served on June 30, 2008, the date that DBSI filed its Opposition on the ECF system, and his attorneys received Notice of Electronic Filing that same day. Graves, therefore, had five days to reply, or until July 8, 2008. He did not request an extension before the July 8 deadline, and he should not be granted an extension after the deadline has passed, particularly given his earlier insistence that the ECF Rules apply.

## II.    GRAVES'S ALTERNATIVE MOTION FOR A RETROACTIVE THREE-DAY EXTENSION OF TIME TO FILE HIS REPLY PAPERS SHOULD BE DENIED

Under Rule 6(b)(1)(B) a of the Federal Rules of Civil Procedure, a "court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Graves has failed to demonstrate that his failure to act was the result of "excusable neglect" and thus his motion should be denied.

To determine whether a failure to abide by a specified time constraint constitutes "excusable neglect" a court will take "account of all relevant circumstances surrounding the party's omission, including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." Gadsden v. Jones Lang Lasalle Ams., Inc., 210 F. Supp. 2d 430, 437 (S.D.N.Y. 2002) (citations omitted). In his moving papers, Graves fails to demonstrate, let along argue, that he meets the "excusable neglect" standard.

The only argument Graves makes in support of his alternative motion for an extension of time is that if the Court were to determine that he erred in calculating the deadline, his extension should be granted because his position was set forth in "good faith." (Opening Brief, p. 5.) But this is untrue. As demonstrated in Section I(C), Graves's counsel knew the ECF Rules as they applied to service in this case and asserted that DBSI would be at "risk" were it not to follow the

7

ECF Rules.  See July 20, 2007 email.  Graves cannot now attempt to escape the consequences of his late filing by asserting a position that directly contradicts a position he once held and used to his benefit.

Furthermore, even if Graves were to show that he made his arguments in "good faith", his motion should be denied.  Mistaken reliance on provisions of the Rules or unfamiliarity with the Rules will ordinarily not rise to the level of excusable neglect.  Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005) ("It is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect."); Trerotola v. Local 72 of Int'l Bhd. of Teamsters, 947 F. Supp. 654 (S.D.N.Y. 1996) (late filing caused by defense counsel's inadvertent misreading of local rule governing extensions of time did not constitute excusable neglect).  Accordingly, Graves has not shown "excusable neglect" under Federal Rule 6(b)(1)(B) and his motion should be denied.

## CONCLUSION

For the foregoing reasons, DBSI respectfully requests that the Court deny Graves's motion, and should award DBSI its attorneys' fees and costs incurred in litigating it.

Dated: New York, New York
      July 25, 2008

                              SIDLEY AUSTIN LLP


                              By:  _____
                                   Cliff Fonstein
                                   Joanne Seltzer
                                   787 Seventh Avenue
                                   New York, New York 10019
                                   (212) 839-5300

                              Attorneys for Defendant
                              Deutsche Bank Securities Inc.

8

**CERTIFICATE OF SERVICE**

I, Allison E. Maue, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that on July 25, 2008, I caused a true and correct courtesy copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for a Determination That the Deadline for Plaintiff's Reply in Support of His Motion for Leave to File His Proposed Second Amended and Supplemental Complaint is July 11, 2008, and That It Is Filed Timely Under Local Civil Rule 5.3(a) and ECF Procedure Part 9, and in the Alternative for a Retroactive Three-Day Extension of Plaintiff's Time to File His Reply in Support of His Motion for Leave to File His Proposed Second Amended and Supplemental Complaint to be served upon the following:

> Richard T. Seymour
> Law Office of Richard T. Seymour, PLLC
> 1150 Connecticut Avenue, NW, Suite 900
> Washington, D.C. 20036-4129
> (via Federal Express overnight delivery)
>
> Steven A. Berger
> Berger & Webb, LLP
> 1633 Broadway, 46th Floor
> New York, New York 10019
> (via hand delivery)

Allison E. Maue

NY1 6695444v.6

9