IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. GRAVES,<br><br>       Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>       Defendant. | CIVIL ACTION NO.<br><br>1:07-cv-05471-BSJ-KNF<br><br>(Electronically Filed) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR A DETERMINATION THAT THE DEADLINE FOR PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS PROPOSED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT IS JULY 11, 2008, AND THAT IT IS FILED TIMELY UNDER LOCAL CIVIL RULE 5.3(a) AND ECF PROCEDURE PART 9, AND IN THE ALTERNATIVE FOR A RETROACTIVE THREE-DAY EXTENSION OF PLAINTIFF'S TIME TO FILE HIS REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS PROPOSED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

A. **Defendant's Argument that Federal Rules of Civil Procedure 5(b)(2)(E), 5(b)(3), and 6(d) Are Inapplicable**

Part A of Defendant's Opposition argues at pp 2-4 that the three additional days provided by Rules 5(b)(2)(E), 5(b)(3), and 6(d) of the Federal Rules of Civil Procedure are inapplicable in the Southern District of New York because use of the ECF system is mandatory and no one consents to it, and because the Clerk sends the e-mail service.

To the contrary, the ECF Registration Form used in this District specifically states: "I also consent to service by electronic means in the circumstances permitted under those rules, orders, policies and procedures."[1] The consent provided by the form does not distinguish between service provided directly by a party and service provided by the Clerk through the ECF system.

The Notes of the Advisory Committee on the Civil Rules as to the 2001 amendments make clear that the Advisory Committee intended that there be an additional three days after service through an ECF system.[2]

---

[1] Seymour Declaration, ¶ 2, Exhibit 1.

[2] As shown on WestLaw, the Notes on the 2001 amendments state:

    Subparagraph (D) of Rule 5(b)(2) is new. It authorizes service by electronic means or any other means, but only if consent is obtained from the person served. The consent must be express, and cannot be implied from conduct. Early experience with electronic filing as authorized by Rule 5(d) is positive, supporting service by electronic means as well. Consent is required, however, because it is not yet possible to assume universal entry into the world of electronic communication. Subparagraph (D) also authorizes service by nonelectronic means. The Rule 5(b)(2)(B) provision making mail service complete on mailing is extended in subparagraph (D) to make service by electronic means complete on transmission; transmission is effected when the sender does the last act that must be performed by the sender. Service by other agencies is complete on delivery to the designated agency.

    Finally, subparagraph (D) authorizes adoption of local rules providing for service through the court. Electronic case filing systems will come to include the capacity to make service by using the court's facilities to transmit all documents filed in the case. It may prove most efficient to establish an environment in which a party can file with the court, making use of the court's transmission facilities to serve the filed paper on all other parties. Transmission might be by such means as direct transmission of the paper, or by transmission of a notice of filing that includes an electronic link for direct access to the paper. Because service is under subparagraph (D), consent must be obtained from the persons served.

    Consent to service under Rule 5(b)(2)(D) must be in writing, which can be provided by electronic means. Parties are encouraged to specify the scope and duration of the consent. The specification should include at least the persons to whom service should be made, the appropriate address or location for such service--such as the e-mail address or facsimile machine number, and the format to be used for attachments. A district court may establish a registry or other facility that allows advance consent to service by specified means for future actions.

    Rule 6(e) is amended to allow additional time to respond when service is made under Rule 5(b)(2)(D). The additional time does not relieve a party who consents to service under Rule 5(b)(2)(D) of the responsibilities to monitor the facility designated for receiving service and to provide prompt notice of any address change.

Nothing in the rules or procedures of the Southern District of New York purports to limit former Rule 6(e)—current Rule 6(d)—of the Federal Rules of Civil Procedure.[3] Similarly, there is no warning to counsel that Rule 6(d) may be inapplicable.

Defendant seeks to make much of a year-old e-mail dated July 20, 2007, in which plaintiff did not take Rule 6(d), Fed. R. Civ. Pro., into account but offered to agree to an extension of time for defendant to file a paper.[4] Defendant has provided other e-mails from July 10, 2008,[5] but failed to provide the July10, 2008 e-mail in which counsel for plaintiff explained that the July 20, 2007, e-mail did not take Rule 6(d) into account. Defendant has cited no authority, and plaintiff knows of none, to the effect that inadvertent failure to note a rule in a communication estops a party from reliance on that rule for the remainder of the case.

Defendant cites two cases that do not bear on any of these questions. *Collier v. Boymelgreen Developers*, 2007 U.S. Dist. LEXIS 36181 (E.D.N.Y. May 17, 2007, No. 06-CV-5425 (SJ)), simply states at p.*4 n.1 the unexceptionable proposition that service through an ECF system is effective without service of a hard copy of the document. *Hodge v. City of Long Beach*, 2007 U.S. Dist. LEXIS 72871 (E.D.N.Y., September 28, 2007, No. CV 02-5851 (TCP) (AKT)), simply states at pp. *7-*8 the similarly unexceptionable proposition that service through an ECF system places the served parties on notice of the filing. Neither discusses Rule 6(d)—or its predecessor Rule 6(e)—of the Federal Rules of Civil Procedure, and neither provide authority for defendant's apparent argument that inadvertent failure to note a rule creates a kind of "inadvertent failure of the case" rule barring counsel forever after from relying on the rule.

---

[3] By contrast, the Eastern District of New York has by an Administrative Order limited the three days provided by then Rule 6(e), Fed. R Civ. Pro., to one additional day. Seymour Dec., ¶ 3, Exhibit 2.
[4] Seltzer Affirmation, ¶6, Exhibit B; defendant's Opposition at 5, 6-7, and 7-8.
[5] Seltzer Affirmation, ¶ 8-9, Exhibits D and E; defendant's Opposition at 2.

    **B.**    **Defendant's Misconstruction of Plaintiff's Argument**

Defendant argues at pp. 4-5 of its Opposition that plaintiff contends at pp. 4-5 of his opening Memorandum that service of courtesy copies "negates service under the ECF rules." Plaintiff made no such argument.

Plaintiff's actual argument at pp. 4-5 of his opening brief is clear, and defendant has not responded to it. Defendant has cited the cases plaintiff cited, but has not responded to plaintiff's explanation why those cases fall short of supporting defendant's position.

    **C.**    **In the Alternative, Plaintiff Has Shown Excusable Neglect**

Rule 6(b)(1), Fed. R. Civ. Pro., states:

> **(b) Extending Time.**
>
> **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>                   \*                  \*                  \*
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendant argues that mistakes concerning the rules cannot constitute excusable neglect, citing a Tenth Circuit decision and a 1996 decision from this District. Defendant did not cite the decision of the Supreme Court holding otherwise under Bankruptcy Rule 9006(b) and relying on Rule 6(b), Fed. R. Civ. Pro.:

> It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not <u>usually</u> constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 391-92 (1993) (emphasis supplied; footnotes omitted). The Court held that the determination whether neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances

- 4 -

surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395 (footnote omitted).

Defendant also did not cite the relevant Second Circuit authority, *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997), *cert. denied*, 522 U.S. 1117 (1998). Although the court held there that plaintiff's counsel's distraction by running for public office, failure to note a clear statement of a deadline, and misfiling of a summary judgment motion did not constitute excusable neglect, it provided relevant guidance as to the operation of Rule 6(b)(2) where there is a question as to the meaning of the rules: "In accordance with that holding, a finding that the failure to comply with a filing deadline was excusable may in some circumstances be appropriate. For example, neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules." Where the rule provides "clear dictates," or is "entirely clear," the court stated, excusable neglect will "generally" not be found or not be found "in the ordinary course." *Id.* at 250-51. The Second Circuit's language, like that of the Supreme Court in *Pioneer*, strongly suggests that there are exceptions.

Similarly, *Raymond v. International Business Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998), held that the lower court did not abuse its discretion in allowing plaintiff to file a jury demand two years late. The court held that "mere inadvertence, without more, *can* in some circumstances be enough to constitute "excusable neglect" justifying relief under Rule 6(b)(2)." (Emphasis in original.)

Here, defendant has not even attempted to contest plaintiff's showing of good faith, arguing only that it is insufficient, and has not attempted to argue prejudice.

Defendant cites *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005), for the proposition that "'mistakes construing the rules do not constitute excusable neglect,'" but does not mention that the mistake there was in counsel's belief that an amended final judgment was not a judgment within the meaning of Rule 54 and does not mention that one of the court's supporting authorities referred to a "'readily accessible, unambiguous rule.'" Defendant's arguments that Rule 6(d) has no application to service through an ECF system and that a one-time failure to cite a relevant rule forever bars plaintiff from relying on the rule are entirely unsupported, and are not the kind of "'readily accessible, unambiguous rule'" *Quigley* had in mind.

Defendant cites *Trerotola v. Local 72, Int'l Bhd. of Teamsters*, 947 F. Supp. 654 (S.D.N.Y. 1996), for the proposition that a misreading of the local rules does not constitute excusable neglect, but fails to mention that the court based its decision on the fact that the same defense counsel had made the identical "mistake" in an earlier case and had been excused under Rule 6(b)(2) with an admonition never to make that mistake again, filed a virtually identical memorandum of law in both of the cases, relied on the same excuses in both cases, had been "disingenuous" in its filings, found that "such disingenuity borders on bad faith," and found that defendant would not be prejudiced because its cross-motion for summary judgment contained the same arguments as its untimely opposition to plaintiff's summary-judgment motion. *Id.* at 656-58. It would be difficult to imagine a case more unlike the case at bar.

### D. **Defendant Has Failed to Explain Why Plaintiff Should Not Be Allowed to Respond to Defendant's Unauthorized, Out-of-Time Supplementation of its Briefing on its Motion to Dismiss and its Motion for Sanctions**

The interests of justice must surely be considered in making the equitable determination whether "excusable neglect" has been shown. Rule 1, Fed. R. Civ. Pro., itself states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

Plaintiff's opening Memorandum stated at 5:

> The filing by defendant to which plaintiff replied was improper in that it sought without leave of court to re-argue its July 3, 2007, Motion for Partial Dismissal of Plaintiff's Complaint and to Strike Portions of the Complaint (Docs. ## 4, 5, and 7) and to add to—and in some instances quarrel with—its briefing on its already-submitted May 30, 2008, Motion for Sanctions (Docs. ## 24, 27, and 28).

Defendant's Opposition did not quarrel with this statement.

Defendant's re-arguments and changed arguments were more than a year late in the case of the Motion for Partial Dismissal, and more than a month late with respect to its Motion for Sanctions. Defendant did not seek leave to supplement its briefing, and sought no extension of its prior briefing deadlines.

A denial of plaintiff's Motion would allow defendant's unauthorized and out-of-time re-arguments and changed arguments to go without response, where meritorious responses are available. Such a result would be contrary to the interests of justice, and inequitable.

### E. **Defendant's Request for Fees is Improper**

Defendant has requested an award of attorneys' fees in the event that the Court denies plaintiff's Motion. This is extreme.

Neither Rule 6, Fed. R. Civ. Pro., nor the rules of this Court, provide any support for such an award. The Age Discrimination in Employment Act, 29 U.S.C. § 626(b), provides that "the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a)

thereof), and 217 of this title," §§ 11(b), 16, and 17 of the Fair Labor Standards Act, govern enforcement proceedings.  The FLSA is not a "prevailing party" statute like Title VII of the Civil Rights Act of 1964, allowing fee awards to a defendant prevailing on the merits in closely limited circumstances, *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).  Instead, § 16(b) of the FLSA, 29 U.S.C. § 216(b), authorizes only fee awards on behalf of plaintiff, to be paid by defendant: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Defendant is a huge global corporation with enormous resources.  Plaintiff is an individual who lost his job four years ago and has still not obtained employment with any investment bank.  Defendant's demand for an award of attorneys' fees on a procedural motion, without any legal support for such an award, appears to be nothing other than an effort to intimidate plaintiff.

**F.     Conclusion**

Plaintiff prays that his Motion be granted.

> Respectfully submitted,
>
> Richard T. Seymour (RS-8094)
> rick@rickseymourlaw.net
> Law Office of Richard T. Seymour, P.L.L.C.
> 1150 Connecticut Avenue N.W., Suite 900
> Washington, D.C.  20036-4129
>     (202) 862-4320 – Telephone
>     (202) 549-1454 – Cell
>     (800) 805-1065 – Telecopier

>Steven A. Berger (SB-2038)
>sberger@bergerwebb.com
>Jonathan Rogin (JR-9800)
>jrogin@bergerwebb.com
>Berger & Webb, LLP
>1633 Broadway, 46th Floor
>New York, N.Y. 10019
>>(212) 319-1900 – Telephone
>>(212) 319-2017 and -2018 – Telecopiers
>
>By: ___/s/ Richard T. Seymour_____
>>Richard T. Seymour (RS 8094)
>>Attorneys for Plaintiff

Dated: August 1, 2008

- 9 -

**Certificate of Service**

I certify that I have, this 1st day of August, 2008, caused a true and correct copy of Plaintiff's Reply Memorandum in Support of His Motion For a Determination that the Deadline for Plaintiff's Reply in Support of his Motion for Leave to File his Proposed Second Amended and Supplemental Complaint is July 11, 2008, and That it is Filed Timely under Local Civil Rule 5.3(a) and ECF Procedure Part 9, and in The Alternative for a Retroactive Three-Day Extension of Plaintiff's Time to File His Reply In Support of his Motion for Leave to File his Proposed Second Amended and Supplemental Complaint, Memorandum In Support, and proposed form of Order, on counsel for defendant by electronic service through the Court's ECF system.

/s/ Richard T. Seymour
Richard T. Seymour (RS-8094)
rick@rickseymourlaw.net
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    (202) 862-4320 – Telephone
    (202) 549-1454 – Cell
    (800) 805-1065 – Telecopier