## Richard T. Seymour

| | |
|---|---|
| From: | Richard T. Seymour [rick@rickseymourlaw.net] |
| Sent: | Thursday, July 10, 2008 11:53 PM |
| To: | 'Seltzer, Joanne' |
| Cc: | 'Fonstein, Cliff H.'; 'Rogin, Jonathan' |
| Subject: | Graves: Deadlines, and Request for Consent |

Tracking:

| Recipient | Read |
|---|---|
| 'Seltzer, Joanne' | Read: 7/11/2008 8:14 AM |
| 'Fonstein, Cliff H.' | Read: 7/11/2008 4:32 AM |
| 'Rogin, Jonathan' | |
| 'Dan Graves' | |

      Thank you for your message reminding me of my July 20, 2007, e-mail in which I told you I would consent to a motion by defendant for leave to file on the date it was ready. Plaintiff requests defendant's consent to the filing of our Reply on July 11.

      My July 20 e-mail did not take Rule 6(d), Fed. R. Civ. Pro., into account. Rule 6(d) says that there are three additional days after service has been made under Rule 5(b)(2)(E),among other provisions. Rule 5(b)(2)(E) provides for electronic service where consented. Rule 5(b)(3) says that a court's transmission facilities can be used to make service under Rule 5(b)(2)(E). Thus, the ECF filing would clearly have put our deadline on July 11 if there had not been any other form of service.

      Your message states that we are treating Mr. Berger as a party. Not so. It is our contention that Local Civil Rule 5.3(a) is attorney-specific, and under the ECF system applies to each Filing User. The pre-ECF authority you cite that service on one attorney is service on all attorneys for a party is no longer applicable under the local rule and ECF practice. Thus, we think that the hand delivery to Mr. Berger did not cutoff the three additional days to which we were entitled.

      To remove any doubt, we are willing to file a protective motion and request your consent.

      Rick

Richard T. Seymour
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W.
Suite 900
Washington, D.C.  20036-4129
  Voice:  202-862-4320
  Cell:    202-549-1454
  Facsimile:  800-805-1065
  e-mail:  rick@rickseymourlaw.net
  Web Site:  www.rickseymourlaw.com

"We represent the dispossessed of the Earth, and executives recently shown the door."

Mediation

Arbitration: Listed on American Arbitration Association Commercial Arbitration Roster and Employment Panel Roster.

CONFIDENTIALITY:  Please note that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or some computer unconnected to either of us which this e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

   The information contained in this e-mail transmission may be legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited.  If you have received this transmission in error, please call (202) 862-4320.

**From:** Seltzer, Joanne [mailto:JSeltzer@Sidley.com]
**Sent:** Thursday, July 10, 2008 8:49 PM
**To:** rick@rickseymourlaw.net
**Cc:** Fonstein, Cliff H.; Rogin, Jonathan
**Subject:** Graves v DBSI

Rick:

As you pointed out early on in the case, this is an ECF case and the Electronic Case Filing Rules apply.  See your July 20, 2007 email to us.  Specifically, ECF Rule 9 states that "[t]ransmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case."  See also Local Rule 5.2 ("A paper served and filed by electronic means in accordance with procedures promulgated by the Court is, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local rules of the Southern and Eastern Districts of New York.")

Because you receive electronic notification of filings in this case, we were not obligated to serve you with paper copies.  See Electronic Case Filing Instructions 19.2.  We served you with hard copies as a courtesy.

As you pointed out in your July 20, 2007 email, when a document is served by ECF and by mail, the ECF service is the one that counts for determining the timing of a reply paper.  We have attached a copy of your July 20 email.

Furthermore, we do not understand your argument that Steven Berger, your local counsel, is a party and not an attorney.  In any event, if an individual is represented

by several attorneys, service on any one of them constitutes valid service on the party under the Rule. Daniel Int'l Corp. v. Fishback & Moore Inc., 916 F.2d 1061, 1063 (5th Cir. 1990) (service on local counsel complies with FRCP 5 service requirement even though lead counsel not served); See also Moore's Federal Practice sec. 5.04[1][a]. Thus, even if we did not serve the opposition papers by ECF, your reply brief was due on July 8, five days after we personally served Mr. Berger by hand. FRCP 5.

Finally, we are perplexed about your asking us to "prospectively" raise the issue of timeliness of Mr. Graves's filings. We did not know that you would be filing late, and thus could not raise the issue ahead of time. All other filings, to date, have been made in a timely fashion, based on the notion that service was complete as of the ECF filing, even if paper copies were also served by mail.

In sum, as you explained in your July 20, 2007 email, you have taken a "risk" by not following the ECF Rules. We will ague that Mr. Graves's reply brief is untimely.

**Joanne Seltzer, Esq.**
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
Direct dial: (212) 839-5985
Fax: (212) 839-5599
Email: *jseltzer@sidley.com*

```
Sidley Austin LLP mail server made the following annotations on 07/10/08, 19:49:01:
-----------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

*********************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

*********************************************************************************************
```