UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DANIEL B. GRAVES,                            :

               Plaintiff,        :

       -against-                        :        **MEMORANDUM AND ORDER**

DEUTSCHE BANK SECURITIES, INC.,   :        07 Civ. 05471 (BSJ)(KNF)

            Defendant.        :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE


      Before the Court is the defendant's unopposed motion to compel the plaintiff "to produce

handwritten notes which he disclosed in discovery [on November 24, 2010] but subsequently

'clawed-back' under a purported claim of attorney-client privilege pursuant to Fed. R. Civ. P.

26(b)(5)(B)."  The defendant contends that the plaintiff's handwritten notes, "authored around

the time of his termination in 2004, report on various oral communications around his

termination" and "contradict his central allegation that he was told his employment was being

terminated because his clients were 'needed for younger bankers.'" According to the defendant,

the plaintiff already produced these notes to the defendant but claimed, subsequently, that the

production was inadvertent.  The defendant contends that the plaintiff described his notes in

various ways, including as: (a) "documents that Mr. Graves prepared after the events described,

at the request of the attorney or attorneys he was seeking to retain or had retained," in the

plaintiff's letter to the defendant, dated December 20, 2010; (b) "Notes on his termination,

prepared for the benefit of the counsel he expected to retain," in the plaintiff's privilege log,

dated August 21, 2009; and (c) notes "prepared for the purpose of communication with

1

prospective and future counsel stated in the Privilege Log, for use by prospective and future

counsel identified in the Privilege Log," in the plaintiff's letter to the defendant, dated January 5,

2011.  Thus, the plaintiff "has variously described the Notes as being prepared 'for the benefit

of' counsel, 'at the request of' counsel and 'for the purpose of communication with' counsel."

Moreover, the plaintiff was not able to recall, at his deposition, "whether he ever gave the Notes

to the prospective attorneys he met with" and he waived any privilege because he used the notes

"in preparation for his deposition and the Notes likely had an impact on his testimony."

### *Legal Standard*

> If information produced in discovery is subject to a claim of privilege or of
> protection as trial-preparation material, the party making the claim may notify any
> party that received the information of the claim and the basis for it.  After being
> notified, a party . . . may promptly present the information to the court under seal for
> a determination of the claim.  The producing party must preserve the information
> until the claim is resolved.

> Fed. R. Civ. P. 26 (b)(5)(B).

Since the plaintiff asserted, in his December 20, 2011 letter to the defendant, that the plaintiff's

notes were produced inadvertently and that they are privileged, as recorded in his privilege log

of August 21, 2009, the defendant's motion to compel is, in fact, a motion to determine the

privilege claim, pursuant to Rule 26(b)(5)(B).

"Confidential disclosures by a client to an attorney made in order to obtain legal

assistance are privileged."  United States v. Defonte, 441 F.3d 92, 95 (2d Cir. 2006) (citation

omitted).  The notes taken by a client in anticipation of the meeting with the client's attorney

may be subject to the attorney-client privilege.  However,

> [c]entral to the finding of privilege . . . is the fact that the notes were communicated
> by the client to the attorney.  Such a requirement comports with the language of the
> rule—i.e., that there be a *communication* by the client—and makes sense from a
> policy perspective.  A rule that recognizes a privilege for any writing made with an

2

eye toward legal representation would be too broad.  A rule that allows no privilege at all for such records would discourage clients from taking the reasonable step of preparing an outline to assist in a conversation with their attorney.

Id. at 95-96.

While physical delivery of the plaintiff's handwritten notes to his counsel is not a requirement for the attorney-client privilege to attach, "as long as the [notes] did serve as an outline for an attorney-client conversation," the notes would be privileged.  Id. at 96.

### Application of Legal Standard

In his privilege log, the plaintiff asserted the attorney-client privilege in connection with the handwritten "notes on his termination, prepared for the benefit of the counsel he expected to retain."  The privilege log indicates that the recipients of the notes were:

> His various counsel at the firm of Friedman, Kaplan and Seiler in New York City, the firm of Berger & Webb LLP in New York City, and later the Law Office of Richard T. Seymour, P.L.L.C., in Washington D.C., advising him on his potential claims prior to his filing his EEOC charge, representing or advising him when he was before the EEOC, or representing or advising him in this case.

The plaintiff testified at his deposition: "I was preparing to attempt to get retained by counsel, and I prepared the notes in anticipation of - - of - - of that."  He also stated he created the notes "[t]o prepare for a meeting with Mr. Seiler and Ed Friedman, his partner.  The name of the firm was Friedman Kaplan & Seiler."  However, the plaintiff did not recall whether he gave his handwritten notes to counsel.  Nothing in the record indicates that the content of the plaintiff's handwritten notes served as a basis for any conversation that the plaintiff might have had with counsel he was attempting to engage or that he actually engaged, or that the content of his notes was orally communicated or discussed with his counsel.  Absent any evidence that a communication by the plaintiff to his counsel occurred, based on the plaintiff's handwritten notes, the burden of establishing the first element of the attorney-client privilege has not been

3

met. Accordingly, the Court finds that the plaintiff's handwritten notes are not protected by the attorney-client privilege and must be surrendered to the defendant.

      This memorandum and order resolves Docket Entry No. 82.

Dated: New York, New York
       February 10, 2011

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

4