UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DANIEL B. GRAVES,                                :

                Plaintiff,        :

        -against-                  :        **MEMORANDUM AND ORDER**

DEUTSCHE BANK SECURITIES, INC.,    :          07 Civ. 05471 (BSJ)(KNF)

                Defendant.     :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      By an order, dated January 21, 2011, the Court directed the defendant to serve and file its motion to compel the plaintiff to produce his handwritten notes, alleged to be protected by the attorney-client privilege, on or before January 27, 2011. The order stated: "The response to the motion, and any reply, shall be served and filed in accordance with Local Civil Rule 6.1 of this court." On January 27, 2011, the defendant filed its motion. On February 7, 2011, the plaintiff filed his "Consented Motion for One-Day Extension of Time to File Plaintiff's Opposition to Defendant's Motion to Compel Production of Documents Clawed-Back by Plaintiff Pursuant to Rule 26(b)(5)(B)." In that motion, the plaintiff stated: "The current deadline is February 7, 2011. Plaintiff seeks to change the deadline to February 8, 2011," because the plaintiff's "wife broke her foot at mid-day on February 7, and I had to leave work and assist her . . . ." Thus, the "Opposition could not be completed on February 7 without neglecting my wife's need for medical attention and for my assistance, but can be completed on February 8." Without receiving permission to do so, the plaintiff filed his opposition papers on February 8, 2011. Thereafter, on February 10, 2011, the defendant filed a reply memorandum of law.

      Filing deadlines, like statutes of limitations, necessarily operate harshly and

1

arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.

United States v. Locke, 471 U.S. 84, 101, 105 S. Ct. 1785, 1796 (1985).

Local Civil Rule 6.1 provides, inter alia: "On all motions and exceptions under Rule 26 through 37 inclusive and Rule 45(c)(3) of the Federal Rules of Civil Procedure . . . any opposing affidavits and answering memoranda of law shall be served within seven days after service of the moving papers." Since the defendant's motion was served and filed on January 27, 2011, the plaintiff's opposition was due on February 3, 2011. Therefore, the plaintiff failed to comply with this Court's January 21, 2011 order and with Local Civil Rule 6.1.

A court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001). No extension is warranted here because the plaintiff had clear notice of Local Civil Rule 6.1 but failed to familiarize himself with it, which is evident from his erroneous belief that "the current deadline [for his opposition] is February 7, 2011." That the defendant "consented" to the "one-day extension" is irrelevant, given that the motion for an extension was made after the deadline for the opposition expired. Accordingly, the plaintiff's motion for a one-day extension of time to file his opposition to the defendant's motion to compel, Docket Entry No. 92, is denied and the Clerk of Court is directed to strike from the record Docket Entry Nos. 95, 96 and 101, because they were filed improperly.

Dated: New York, New York
       February 14, 2011

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

2