UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DANIEL B. GRAVES,                                   :

                Plaintiff,         :

       -against-                                     :        **MEMORANDUM AND ORDER**

DEUTSCHE BANK SECURITIES, INC.,       :            07 Civ. 05471 (BSJ)(KNF)

                Defendant.    :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On January 24, 2011, the Court directed the plaintiff to file, on or before January 27, 2011, his motion to disqualify the law firms Sidley Austin LLP and Seyfarth Shaw LLP from representing, in this action, witnesses who are former employees of the defendant. The docket sheet maintained by the Clerk of Court indicates that the plaintiff filed his notice of motion on January 27, 2011, Docket Entry No. 85. However, the plaintiff filed his memorandum of law, declaration and exhibits in support of the motion as well as a corrected certificate of service, Docket Entry Nos. 86-88, on January 28, 2011.

      On January 28, 2011, the plaintiff made a motion for an extension of time, <u>nunc pro tunc</u>, to file his motion to disqualify the above mentioned law firms. The motion is unopposed. The plaintiff's counsel contends that, from January 24 to January 27, 2011, he was conducting depositions in Baltimore and New York, where he stayed in a hotel. He explains:

> All documents would have been filed before midnight on January 27 if I had not made some mistake with the portable scanner that first caused it to stop working while I was trying to scan the signature page on my Declaration, and then freeze my laptop. I consulted the manual for the software and looked for a program that might start it up again, but was unsuccessful. . . . I was forced to reboot, which on my laptop takes five to ten minutes for the reloading of software, but the scanner still did not work after the reboot. . . . I attempted to use the hotel's self-service business

1

> center to fax the signed page to my laptop so that I could use that signature, and spent at least ten minutes trying to get the hotel's equipment to read or register my credit card. When it finally did get the information, the equipment still did not enable the fax machine, and I then had to spend several minutes trying to get my credit card information wiped clean from the machine. . . . The front desk ultimately faxed the signature page to me, but it came to my laptop precisely at midnight was of poor quality and a vertical stripe interfered with legibility. . . . I ultimately filed my Declaration with the "/s/ Richard T. Seymour" electronic signature used in the ECF system, to preserve legibility. . . . I had begun to upload the Motion and Memorandum while I was trying to solve the problem of the signature page on my Declaration, and attempted to upload my Declaration as soon as the Memorandum, was uploaded. However, one of the attached exhibits—Exhibit 14—had been scanned on a new machine in my office that tends to produce images taking much more storage space than usual. Exhibit 14 was over 2.9 MB in size. . . . The ECF system rejected the filing because Exhibit 14 exceeded the 2.5 MB limit for attachments. It required me to start from the beginning and re-upload the Declaration and the 16 attachments . . . My Adobe Acrobat program chose this time to stop performing the function of saving a PDF into a simpler form taking less space . . . with the result that after a number of unsuccessful tries I had to split the exhibit into two parts. . . . The Declaration and all of its exhibits were ultimately uploaded, but it took 24 minutes past the deadline in order to do so.

Counsel contends that "[b]ecause of the technical difficulties" the motion to disqualify "was filed at 11:59 P.M. on January 27, 2011, the Memorandum was filed one minute later at midnight and came through the Court's [electronic case filing ("ECF")] system marked as having been filed on January 28, 2011, at 00:00 A.M., and my Declaration in support was filed at 24 minutes past midnight." According to counsel, he has "good cause for the brief extension of time" for filing of the motion to disqualify because "[d]epositions in cities away from one's office force counsel to depend on either portable equipment or the equipment that can be found in a hotel business center, and these can cease functioning for reasons beyond the control of an attorney." Moreover, the defendant and its counsel, as well as Seyfarth Shaw LLP, "are unlikely to have suffered prejudice from the filing of the Declaration 24 minutes later than the midnight deadline."

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). In determining whether the party's neglect is excusable, courts consider four factors: (1) the length of the delay and its impact on judicial proceedings; (2) the danger of prejudice to the opposing party; (3) the reason for the delay; and (4) whether the movant acted in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). In this circuit, courts have taken a "'hard line' [when] applying Pioneer that emphasizes the reason for the delay." In re Enron Corp., 419 F.3d 115, 123 (2d Cir. 2005). The focus of the inquiry is on "the reason for the delay, including whether it was within the reasonable control of the movant." Id. at 122-23. (quoting Pioneer, 507 U.S. at 395, 113 S. Ct. at 1498). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" and "preoccupation or an excessive workload does not typically render a mistake excusable." Id. at 126 (quoting Pioneer, 507 U.S. at 392, 113 S. Ct. at 1496).

Here, although the length of delay is only one day, from January 27 to January 28, 2011, its impact on the fair administration of judicial proceedings cannot be dismissed, given that the discovery deadline was set for January 31, 2011, and the deadline for summary judgment motions was set for March 17, 2011. Any delay at this stage of the proceedings has the potential to prejudice the opposing party, no matter how small the prejudice. It appears that the plaintiff's counsel acted in good faith. Although counsel attempts to justify his neglect in filing the plaintiff's motion to disqualify timely, by arguing that, when he conducts business away from his office, he depends on portable equipment and the equipment of third parties, the malfunction of which is beyond his control, his declaration in support of the motion for an extension of time

3

establishes that his circumstance was caused entirely by his own fault: "All documents would have been filed before midnight on January 27 if I had not made some mistake with the portable scanner."

"Electronic filing must be **completed** before midnight local time where the Court is located in order to be considered timely filed that day." S.D.N.Y. Electronic Case Filing Rules & Instructions ("ECF Rules") §3.3 (emphasis added), available at http://nysd.uscourts.gov/ecf/ECF_rules_SDNY_Aug08.pdf. "No single [portable document format ("PDF")] computer file may be larger than 2.5 megabytes (2.5 mb). . . . To determine the size on an Adobe Acrobat PDF file click on File, Document Properties, Summary." ECF Rules §§ 23.4-23.5, available at http://nysd.uscourts.gov/ecf/ECF_rules_SDNY_Aug08.pdf.

While counsel goes out of his way to explain the technical difficulties he encountered in his attempt to file his declaration and exhibits in connection with the plaintiff's motion to disqualify, he fails to explain why he: (a) waited until 11:59 p.m., on January 27, 2011, the filing deadline, to file his motion papers which exceeded 10 MB in size; (b) did not determine the size of Exhibit 14 before filing it; and (c) attempted to file Exhibit 14, despite its size exceeding 2.5 MB, when the ECF Rules do not permit single files to be larger than 2.5 MB.

"The user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court. . . . Electronically filed documents must include a signature block . . . In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear. . . Signatures for all other persons (clients, witnesses etc.) must be scanned in order to capture the actual ink signature." ECF Rules §§ 8.1, 8.2, 13.20, available at http://nysd.uscourts.gov/ecf/ECF_rules_SDNY_Aug08.pdf.

Counsel's notice of the plaintiff's motion to disqualify, filed on January 27, 2011, as well as the memorandum of law, declaration of counsel and the corrected certificate of service, filed on January 28, 2011, all bear the same signature block: "/s/ Richard T. Seymour." It is not clear why counsel "was trying to scan the signature page on [his] Declaration," where scanning is only required for documents containing signatures of persons other than the filing attorney, so that the actual ink signature can be captured. The signature block in a document is typed, not signed by hand, and counsel's declaration is a document signed by counsel, who is the filing attorney, not by a person whose signature is required to be scanned. It is unclear, given that the signature block is the same on each document submitted in connection with the motion to disqualify, why counsel treated his declaration differently from other documents submitted on the motion, bearing the same signature block. Counsel's argument that hotel equipment "can cease functioning for reasons beyond the control of an attorney" does not apply here, because counsel did not allege that any equipment in the hotel where he was staying actually ceased functioning, only that the hotel equipment was slow in reading or registering his credit card when he attempted to use the hotel's facsimile machine and that "the equipment still did not enable the fax machine." Counsel admits that hotel personnel "ultimately faxed the signature page to me, but it came to my laptop precisely at midnight." Counsel's own equipment stopped functioning only after he "made some mistake with the portable scanner," a reason not "beyond the control of an attorney."

In the circumstance of this case, counsel failed to show good cause that would justify his neglect in filing the plaintiff's motion to disqualify timely. The reason for the delay was within the reasonable control of counsel and the fault for the delay is entirely his. Therefore, the plaintiff's motion, Docket Entry No. 89, for a brief extension of time, <u>nunc pro tunc</u>, to file the

plaintiff's motion to disqualify is denied, and the plaintiff's motion to disqualify counsel, Docket Entry 85, is untimely because its filing was not completed on or before January 27, 2011, as directed by the Court.

Dated: New York, New York
       March 4, 2011

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE