IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. GRAVES,<br><br>                        Plaintiff,<br><br>     v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>                        Defendant. | **CIVIL ACTION NO.**<br>**1:07-cv-05471-BSJ-KNF**<br><br>        **ECF Case** |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56, Fed. R. Civ. Pro., and Local Civil Rule 56.1, plaintiff has moved for partial summary judgment on selected issues with respect to defendant's November 2004 Position Statement (with attachments) to the U.S. Equal Employment Opportunity Commission.

The standards for summary judgment are well known, and do not need to be set forth again here.

The Rule makes no distinction between parties, and Rule 56 is as fully available to plaintiffs as it is to defendants. *Woodward v. D. H. Overmyer Co.*, 428 F.2d 880, (2d Cir. 1970), *cert. denied*, 400 U.S. 993 (1971) (affirming grant of summary judgment to plaintiff).

The resolution of the questions presented in the Motion will streamline the trial, and aid in the resolution of the ultimate questions of discriminatory and retaliatory motive. The Supreme Court held in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000), that a defendant's mendacity is a permissible reason for the finder of fact to infer an unlawful motive:

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. See *id.*, at 517, 113 S.Ct. 2742 ("[P]roving the employer's reason false

becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination"). In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." Wright v. West, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); see also Wilson v. United States, 162 U.S. 613, 620-621, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); 2 J. Wigmore, Evidence § 278(2), p. 133 (J. Chadbourn rev. 1979). Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.

The unredacted Motion and unredacted Statement of Material Facts Not in Dispute are susceptible of only one conclusion: that the defendant attempted to deceive and mislead the EEOC, so as to divert the conduct of its investigation.

Plaintiff has relied throughout this litigation on 18 U.S.C. § 1004(a), not as creating a private right of action, but as setting forth the "rules of the road" with respect to representations made to a government agency with jurisdiction over an investigation. The language of the statute at the time defendant submitted its Position Statement to the EEOC is instructive:

> **§ 1001. Statements or entries generally**
>
> **(a)** Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
>
> **(1)** falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> **(2)** makes any materially false, fictitious, or fraudulent statement or representation; or
>
> **(3)** makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title or imprisoned not more than 5 years, or both.

Surely a criminal statute sets forth the minimum standards for civil purposes.

The EEOC's conclusion that defendant had done no wrong, after a one-day fact-finding conference not of record, does not bar the relief sought.  *Cf. Beverly v. Lone Star Lead Const. Corp.*, 437 F.2d 1136, 1140 (5th Cir. 1971), which stated: "Were this regulation not written, we would read it into the Act lest a claimant's statutory right to sue in federal court become subject to such fortuitous variables as workload, mistakes, or possible lack of diligence of EEOC personnel."  (Footnote omitted.)  The Second Circuit adopted a similar approach in *Ford v. Bernard Fineson Development Center*, 81 F.3d 304, 312 (2d Cir. 1996).

Moreover, plaintiff cannot be bound by the EEOC's determination, and has a right to trial *de novo* of his claims.

WHEREFORE, plaintiff prays that his Motion be granted.

Respectfully submitted,

Richard T. Seymour (RS-8094)
rick@rickseymourlaw.net
Law Office of Richard T. Seymour, P.L.L.C.
Suite 900, Brawner Building
888 17th Street, N.W.
Washington, DC 20006-3307
   (202) 785-2145 – Telephone
   (202) 549-1454 – Cell
   (800) 805-1065 – Telecopier

Steven A. Berger (SB-2038)
sberger@bergerwebb.com
Jonathan Rogin (JR-9800)
jrogin@bergerwebb.com
Berger & Webb, LLP
7 Times Square, 27th Floor
New York, NY 10036
   (212) 319-1900 – Telephone
   (212) 319-2017 and -2018 – Telecopiers

By: /s/ Richard T. Seymour
   Richard T. Seymour (RS 8094)
   Attorneys for Plaintiff

Dated: May 24, 2012

**Certificate of Service**

I certify that I have, this 24th day of May, 2012, served a true and correct copy of Plaintiff's Memorandum in Support of his Motion for Partial Summary Judgment, on counsel of record for defendant, as shown below, by service through the Court's ECF system:

>Cliff Fonstein, Esq.
>Seyfarth Shaw LLP
>620 Eighth Avenue
>New York, NY 10018

>/s/ Richard T. Seymour_____
>Richard T. Seymour (RS-8094)
>rick@rickseymourlaw.net
>Law Office of Richard T. Seymour, P.L.L.C.
>Suite 900, Brawner Building
>888 17th Street, N.W.
>Washington, DC 20006-3307
>>(202) 785-2145 – Telephone
>>(202) 549-1454 – Cell
>>(800) 805-1065 – Telecopier