UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DANIEL B. GRAVES,

                Plaintiff,    :    07 Civ. 5471 (BSJ)

           - against -

DEUTSCHE BANK SECURITIES INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT DEUTSCHE BANK SECURITIES INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS CONSENTED MOTION
<u>FOR LEAVE TO FILE DOCUMENTS UNDER SEAL</u>**

Pursuant to the Stipulation of Confidentiality (Dkt. No. 22) entered in this case on November 19, 2007, Deutsche Bank Securities Inc. ("DBSI") moves for leave to file confidential documents under seal. Plaintiff and defendant have discussed the documents in good faith, before the filing of this Motion.

As the accompanying Affirmation of Cliff Fonstein shows, the types of documents in question involve the internal business dealings of DBSI, and contain information about other employees, other companies, and internal business practices. The parties' original recognition that such documents should be protected remains as sound today as it was when they submitted the agreed Stipulation of Confidentiality to the Court in 2007.

DBSI is aware of the holdings of *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982), cert. denied, 460 U.S. 1051 (1983), and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir., 2006), to the effect that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*

- 2 -

recognized that there may be "countervailing factors" justifying the sealing of such documents. The interests of nonparties in their financial and other forms of privacy is, we submit, such countervailing factor.

The approach taken by the parties was narrowly tailored.  Plaintiff's own performance evaluations, for example, have been filed in the public record as to plaintiff's motion for partial summary judgment.  Information regarding the performance of nonparty present and former employees, including their personal identifying information, is an entirely different matter.

An intensifying factor underlying the need for confidentiality for the documents that DBSI seeks to file under seal is that this case involves investment banking, where parts of the information may derive from, or directly reflect, information originally provided to defendant on a confidential basis by other companies or other persons.

Plaintiff has authorized DBSI to represent that he has no objection to this Motion.

WHEREFORE, DBSI prays that its Motion be granted.

Dated: New York, New York
       July 9, 2012

SEYFARTH SHAW LLP


By: /s/ Cliff Fonstein
    Cliff Fonstein
    Nicholas H. De Baun
    620 Eighth Avenue
    New York, New York 10018
    (212) 218-5500

Attorneys for Defendant
Deutsche Bank Securities Inc.

**Certificate of Service**

      I certify that I have, this 9th day of July, 2012, served a true and correct copy of Defendant Deutsche Bank Securities Inc.'s Memorandum of Law in Support of its Consented Motion for Leave to File Documents Under Seal on counsel of record for plaintiff, as shown below, by service through the Court's ECF system:

> Richard T. Seymour
> Law Office of Richard T. Seymour, P.L.L.C.
> Suite 900, Brawner Building
> 888 17th Street, N.W.
> Washington, DC 20006-3307
> rick@rickseymourlaw.net
> (202) 785-2145 – Telephone
> (202) 549-1454 – Cell
> (800) 805-1065 – Telecopier

Dated: New York, New York
        July 9, 2012

                          SEYFARTH SHAW LLP

                          By:  /s/ Cliff Fonstein
                               Cliff Fonstein
                               Nicholas H. De Baun
                               620 Eighth Avenue
                               New York, New York 10018
                               (212) 218-5500

                         Attorneys for Defendant
                         Deutsche Bank Securities Inc.