IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. GRAVES,<br><br>                    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>                    Defendant. | **CIVIL ACTION NO.**<br>**1:07-cv-05471-BSJ-KNF**<br><br>ECF Case |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant's May 24, 2012 Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Doc. # 140), argued at 17-18 that Graves' age discrimination case was undermined by the fact that the youngest of the "younger bankers" allegedly favored was only eight years younger than Graves, and that age differences of less than ten years are too insubstantial to support an inference of age discrimination. Defendant's July 30, 2012 Reply Memorandum in Further Support of Defendant's Motion for Summary Judgment (Doc. # 174) went further and argued at p. 6 that this principle was a matter of law.

Plaintiff inadvertently failed to respond to this argument in filing his July 9, 2012 Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. # 163).

Acceptance of defendant's argument would be legal error, as shown by the proposed Supplemental Memorandum, Exhibit 3 to the accompanying proposed Supplemental Memorandum. However, even if this Court were to accept defendant's argument on this point and that were to constitute legal error, plaintiff might have no redress in the Court of Appeals if

plaintiff failed to bring this argument to the attention of the Court prior to its ruling. *In re WorldCom, Inc.*, 546 F.3d 211, 221 n. 8 (2d Cir. 2008); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir.), *cert. denied sub nom. Greenspan, Jaffe & Rosenblatt v. Sara Lee Corp.*, 498 U.S. 846(1990); *Schmidt v. Polish People's Republic*, 742 F.2d 67, 70 (2d Cir. 1984).

Plaintiff cannot necessarily protect his rights by waiting until this Court rules on defendant's Motion, and then moving for reconsideration in the event the Court relies on defendant's legally incorrect argument. A motion for reconsideration is not generally allowed to raise new matters. *National Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*, 265 F.3d 97, 115 (2d Cir. 2001). Local Civil Rule 6.3 provides in relevant part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." In *Caribbean Trading and Fidelity Corp. v. Nigerian Nat. Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991), *cert. denied*, 504 U.S. 910 (1992), the Second Circuit construed identical language in the predecessor rule as barring new arguments on a motion for reconsideration.

Thus, the only way in which plaintiff can protect his rights against defendant's incorrect statement of the law is to move for leave to bring the relevant contrary authority to the attention of the Court before it reaches its decision. If plaintiff's Motion is granted and his proposed form of Order is signed, defendant will have a right to respond to the Supplemental Memorandum.

Plaintiff's proposed Supplemental Memorandum is attached as Exhibit 3 to the accompanying Declaration of Richard T. Seymour.

WHEREFORE, plaintiff prays that his Motion be granted.

Respectfully submitted,

Richard T. Seymour (RS-8094)
rick@rickseymourlaw.net
Law Office of Richard T. Seymour, P.L.L.C.
Suite 900, Brawner Building
888 17th Street, N.W.
Washington, DC 20006-3307
    (202) 785-2145 – Telephone
    (202) 549-1454 – Cell
    (800) 805-1065 – Telecopier

Steven A. Berger (SB-2038)
sberger@bergerwebb.com
Jonathan Rogin (JR-9800)
jrogin@bergerwebb.com
Berger & Webb, LLP
7 Times Square, 27th Floor
New York, NY 10036
    (212) 319-1900 – Telephone
    (212) 319-2017 and -2018 – Telecopiers

By: /s/ Richard T. Seymour
    Richard T. Seymour (RS 8094)
    Attorneys for Plaintiff

Dated: September 19, 2012

**Certificate of Service**

I certify that I have, this 19th day of September, 2012, served a true and correct copy of Plaintiff's Memorandum in Support of his Motion for Leave to File Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment on counsel of record for defendant, as shown below, by service through the Court's ECF system:

>Cliff Fonstein, Esq.
>Nicholas De Baun
>Tara Conroy
>Seyfarth Shaw LLP
>620 Eighth Avenue
>New York, NY 10018


>/s/ Richard T. Seymour_____
>Richard T. Seymour (RS-8094)
>rick@rickseymourlaw.net
>Law Office of Richard T. Seymour, P.L.L.C.
>Suite 900, Brawner Building
>888 17th Street, N.W.
>Washington, DC 20006-3307
>>(202) 785-2145 – Telephone
>>(202) 549-1454 – Cell
>>(800) 805-1065 – Telecopier