IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. GRAVES,<br><br>                    Plaintiff,<br><br>        v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>                    Defendant. | **CIVIL ACTION NO.**<br><br>**1:07-cv-05471-BSJ-KNF**<br><br>**ECF Case** |

# PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant's May 24, 2012 Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Doc. # 140), argued at 17-18 that Graves' age discrimination case was undermined by the fact that the youngest of the "younger bankers" allegedly favored was only eight years younger than Graves, and that age differences of less than ten years are too insubstantial to support an inference of age discrimination. Defendant's Reply Memorandum went further and argued that this principle was a matter of law. Doc. # 174, p. 7.

This argument is incorrect on all its bases. The principle in question is that there must be some adequate grounds to conclude that there is age discrimination, and that an insignificant difference in ages will not by itself raise such an inference.[1] *O'Connor v. Consolidated Coin*

---

[1] The Second Circuit has never held that any particular minimum difference in ages is a "bright line" test for raising an inference of discrimination in the absence of any other evidence showing or raising an inference of bias, but held in *Tarshis v. Riese Organization*, 211 F.3d 30, 38 (2d Cir. 2000), that an eight-year difference was sufficiently substantial to raise an inference of age discrimination. In *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 509, (2002), the Court mentioned a different holding in *Tarshis*, and ultimately rejected it. DBSI pretends that there is uniformity of case law supporting its ten-year "bright line" test, but fails to mention cases such

*Caterers Corp.***,** 517 U.S. 308, 312-13 (1996).  The principle has no application when other

evidence directly shows, or raises the inference of, age discrimination.  *Woodman v. WWOR-TV,*

*Inc.*, 411 F.3d 69, 78 (2d Cir. 2005), stated: "Thus, a 40-year old is unquestionably a member of

the ADEA protected class, but if that person is discharged and replaced by a 39-year old, the 1-

year age discrepancy, *without more*, will not likely support an inference of discriminatory

intent."  (Emphasis supplied; citation omitted.)  The Second Circuit has defined the fourth prong

of the *prima facie* case not as a ten-year difference in ages, but as "circumstances that give at

least minimal support to an inference of discrimination."  *Fagan v. New York State Elec. & Gas*

*Corp.*, 186 F.3d 127, 132 (2d Cir. 1999) (citations omitted).  *Curley v. St. John's University*, 19

F.Supp.2d 181, 192 (S.D.N.Y. 1998), stated:

> Even where the age difference is too small to support an inference of
> discrimination, the plaintiff can try to prove discrimination by other means, such as direct
> evidence.  *See, e.g.*, *McDaniel v. Mead Corp.*, 622 F.Supp. 351 (W.D.Va.1985), *aff'd*,
> 818 F.2d 861 (4th Cir.1987) (so holding where plaintiff was 54 and his replacement was
> only four months younger).

In *Nembhard v. Memorial Sloan-Kettering Cancer Center*, 918 F.Supp. 784, 786-87 (S.D.N.Y.

1996), *aff'd*, __ Fed.Appx. __, 104 F.3d 353 (2d Cir. 1996) (Table, text in WESTLAW, NO. 96-

7406), the court upheld a jury verdict of age discrimination although the plaintiff was 41 and was

replaced by a 40-year-old, where there was other evidence of age discrimination.

WHEREFORE, plaintiff prays that Defendant's Motion to Dismiss and for Summary

Judgment be denied.

---

as *Carter v. DecisionOne Corp. Through C.T. Corp. System*, 122 F.3d 997, 1003 (11th Cir. 1997)
(three years is enough), *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, (11th
Cir. 1999), *cert. denied*, 529 U.S. 1109 (2000) (five years is enough), and *Rivera-Rodriguez v.
Frito Lay Snacks Caribbean*, 265 F.3d 15, 23 (1st Cir. 2001) (seven years is enough).

Respectfully submitted,

Richard T. Seymour (RS-8094)
rick@rickseymourlaw.net
Law Office of Richard T. Seymour, P.L.L.C.
Suite 900, Brawner Building
888 17th Street, N.W.
Washington, DC 20006-3307
  (202) 785-2145 – Telephone
  (202) 549-1454 – Cell
  (800) 805-1065 – Telecopier

Steven A. Berger (SB-2038)
sberger@bergerwebb.com
Jonathan Rogin (JR-9800)
jrogin@bergerwebb.com
Berger & Webb, LLP
7 Times Square, 27th Floor
New York, NY 10036
  (212) 319-1900 – Telephone
  (212) 319-2017 and -2018 – Telecopiers

By: /s/ Richard T. Seymour_____
  Richard T. Seymour (RS 8094)
  Attorneys for Plaintiff

Dated: September 25, 2012

## Certificate of Service

I certify that I have, this 25th day of September, 2012, served a true and correct copy of

Plaintiff's Reply Memorandum in Support of his Motion for Partial Summary Judgment on

counsel of record for defendant, as shown below, by service through the Court's ECF system:

Cliff Fonstein, Esq.
Nicholas De Baun
Tara Conroy
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018


/s/ Richard T. Seymour_____
Richard T. Seymour (RS-8094)
rick@rickseymourlaw.net
Law Office of Richard T. Seymour, P.L.L.C.
Suite 900, Brawner Building
888 17th Street, N.W.
Washington, DC 20006-3307
    (202) 785-2145 – Telephone
    (202) 549-1454 – Cell
    (800) 805-1065 – Telecopier