UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                 :

DANIEL B. GRAVES,

                                 :

                    Plaintiff,                 07 Civ. 5471 (BSJ)

                                 :

           - against -

                                 :

DEUTSCHE BANK SECURITIES INC.,

                                 :

                   Defendant.

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Dated: New York, New York
       October 5, 2012

Cliff Fonstein
Nicholas H. De Baun
Cameron Smith
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
DEUTSCHE BANK SECURITIES INC.

## Preliminary Statement

Plaintiff was terminated in a reduction in force for legitimate business reasons when he was 41 years old.  As DBSI argued comprehensively in its summary judgment briefing, Graves has not and cannot satisfy his burden of establishing that the legitimate business reasons underlying his termination were pretexts for age-based animus.  Graves's Opposition and supporting papers, despite their bulk, failed to rebut the key facts in DBSI's summary judgment motion.  As further evidence of that failure, over two and a half months after filing his Opposition, Graves belatedly decided to attempt to counter one of those facts and sought leave to respond to DBSI's argument that no inference of discrimination could be drawn from the eight-year age difference between Graves and the youngest of his purported comparators.  Moreover, the Proposed Order Graves filed in connection with his motion for leave inexplicably stated that DBSI had consented to his request for supplemental briefing, when no such request was made nor consent granted.  As we explain below, even if Graves's request to supplement his Opposition had properly been made (and it was not), his weak attempt to respond to DBSI's argument does not alter the conclusion that no inference of discrimination can be drawn from the insignificant age difference between Graves and the youngest of his younger purported comparators.

## Procedural Posture

DBSI filed its Motion for Summary Judgment on May 24, 2012 and made three arguments in its brief that are relevant to consideration of Plaintiff's Supplemental Memorandum.  *First*, the age difference between Graves and the youngest of his younger purported comparators was, at most, eight years, and this age difference is too insubstantial to raise an inference of age discrimination.  (DBSI's MSJ (Dkt. No. 140) pp. 17-18.)  Graves's

Supplemental Memorandum focuses exclusively on this point, and DBSI responds to it more fully below. *Second*, Graves has failed to acknowledge the significant fact that other Directors in the group ranged in age up to 41 – Graves's own age when he was terminated. (*Id.*, at 17.) *Third*, Graves's supervisor and the person who made the termination decision, Jeffrey Amling, was ten years older than Graves, and himself in the protected category, at the time of Graves's termination. (*Id.*, at 16-17.) As DBSI argued in its Motion for Summary Judgment, the fact that other Directors in the group ranged in age up to 41 and that Amling was ten years older than Graves at the time of his termination negates any inference that Graves was discriminated against based on age. (*Id.*, at 16-18.) See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 94 (2d Cir. 2001) (affirming grant of summary judgment even in light of potentially discriminatory comment due, in part, to the fact that the plaintiff's supervisors were also in an age-protected category); Elfenbein v. Bronx Lebanon Hosp. Ctr., No. 08 Civ. 5382 (RMB), 2009 WL 3459215, at *7 (S.D.N.Y. Oct. 27, 2009) ("invidious discrimination is unlikely where, as here, 'the person who made the termination decision is in the same protected class' as Plaintiff") (quoting Zuffante v. Elderplan, Inc., No. 02 Civ. 3250, 2004 WL 744858, at *6 (S.D.N.Y. Mar. 31, 2004)). Graves failed to respond to any of these arguments in his Opposition, which he filed on July 9, 2012. DBSI noted Graves's failure to respond to these arguments and reiterated them in its Reply in Support of its Motion for Summary Judgment. (Reply (Dkt. No. 174) at p. 7.) Two and half months after filing his Opposition, when given a second bite at the apple, Graves's Supplemental Memorandum has again failed to respond to DBSI's arguments that Jeffrey Amling's age and the fact that other Directors in the group ranged in age up to 41 negates any inference of age discrimination.

In support of his Motion for Leave to File a Supplemental Memorandum in Opposition, Graves admits that he "inadvertently failed to respond" to DBSI's argument (Dkt. No. 179 at p. 1), i.e., he forgot.  Graves also presented a Proposed Order to this Court.  (See Dkt. No. 181.) That Proposed Order contained a representation that DBSI had consented to Plaintiff's Motion for Leave to File a Supplemental Memorandum of Law in Opposition.  In reality, Graves never requested DBSI's consent to file his Supplemental Memorandum, and DBSI would not have granted its consent had it been requested.  Graves has already submitted voluminous briefing in connection with the parties' summary judgment motions, and he included extensive argumentation in his Rule 56.1 counterstatement in an apparent end run around this Court's rules regarding the length of briefs.[1]  Plaintiff cited no statutory or procedural authority in support of his Motion for Leave to File a Supplemental Memorandum, nor are we aware of any such authority.  DBSI objects to Plaintiff's attempted "do over" because he simply neglected to oppose DBSI's arguments in his Opposition.  Because he failed to raise in his Opposition the arguments he now attempts, Plaintiff has waived those arguments and they are not properly before this Court.  Nonetheless, rather than weary the court with further motion practice, DBSI does not plan to file an opposition to Plaintiff's Motion for Leave to File a Supplemental Memorandum.  Instead, DBSI will answer the substance of Plaintiff's Supplemental Memorandum.  However, because Plaintiff failed to oppose DBSI's argument in his Opposition due solely to his own error, because (as set forth below) the arguments contained in his Supplemental Memorandum are meritless, and because his error has imposed unnecessary costs upon DBSI to formulate this response, DBSI respectfully requests, pursuant to 28 U.S.C. § 1927,

---

[1] In its Reply, DBSI objected to Graves's inclusion of improper argumentation in his 56.1 statement.  (Dkt. No. 174 at pp. 1-2.)

Fed. R. Civ. P. 11, and/or this Court's inherent authority, that the costs (including attorneys' fees) it has incurred to respond to Plaintiff's Supplemental Memorandum be taxed to Plaintiff.

<u>**Argument**</u>

Plaintiff's Supplemental Memorandum fails to raise any disputed issue of material fact or undermine the legal principle that an eight-year age difference between Graves and the youngest of the "younger" Directors he points to as comparators is too insubstantial to raise an inference of age discrimination.  Courts in this and other circuits have concluded that age differences of fewer than ten years between a plaintiff and his alleged comparators or replacement are too insubstantial to support an inference of discrimination.  <u>See</u> <u>Baguer v. Spanish Broad. Sys., Inc.</u>, No. 04 Civ. 8393, 2010 WL 2813632, at *14 (S.D.N.Y. July 12, 2010) (eight-year age difference between plaintiff and replacement too unsubstantial to support an inference of discrimination); <u>Catanzaro v. City of N.Y.</u>, No. 10 Civ. 1825, 10 Civ. 1827, 2011 WL 335648, at *5 (S.D.N.Y. Jan. 25, 2011) ("age differences of less than ten years have been found insufficient to support an inference of discrimination") (citing <u>Grosjean v. First Energy Corp.</u>, 349 F.3d 332, 338 (6th Cir. 2003) ("The overwhelming body of cases in most circuits has held that age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination prima facie claim.") (collecting cases)).  In addition, the correct comparison is not to Directors, but of Graves, himself a Managing Director, to other Managing Directors.  Graves does not dispute that his peer, Gregory Paul, a Managing Director four years older than Graves, was not selected for the reduction in force, which undermines any inference of age discrimination.

Graves's Supplemental Memorandum does not cite, much less attempt to distinguish, <u>Baguer</u>, <u>Catanzaro</u>, or <u>Grosjean</u> although they were cited in DBSI's briefs in support of its Motion for Summary Judgment.  <u>Baguer</u> and <u>Catanzaro</u> held that an age difference of fewer than

ten years is too insubstantial to support an inference of discrimination, and those holdings are equally applicable here.  The cases Plaintiff cites in a footnote do not help him.  All but one are out of circuit, all are over ten years old, and each is distinguishable on its facts.  In the one Second Circuit case that Plaintiff cites, <u>Tarshis v. Riese Organization</u>, the Second Circuit reversed the district court's grant of defendant's motion to dismiss.  211 F.3d 30, 38 (2d Cir. 2000).  However, in that case, the 67 year old plaintiff was the oldest employee when discharged and there was no dispute that his performance had been consistently good and he was qualified for the position he held.  He was replaced by a 59 year old man.  The Second Circuit reversed the dismissal, explaining that an eight year difference in age "is not insignificant" given the other evidence of age discrimination.  <u>Id.</u>, at 38.  The inference of discrimination was strengthened in that case by factors not present here, and the Second Circuit held that "[i]n light of the minimal burden required to satisfy the <u>prima facie</u> case," the plaintiff's complaint was improperly dismissed.  <u>Id.</u>, at 38-39.  Moreover, the Supreme Court's subsequent decisions in <u>Twombly</u> and <u>Iqbal</u> call into question the continued viability of the "minimal burden" standard the Second Circuit employed in <u>Tarshis</u>.  In any event, Graves must do more here than recite the elements of a *prima facie* case.  Instead, he must show that there is a disputed issue of material fact in order to avoid summary judgment.  Courts, such as the <u>Baguer</u> and <u>Catanzaro</u> courts, have consistently held that merely pointing to an age difference of eight years between a plaintiff and his purported comparators is not sufficient to raise an inference of discrimination and defeat summary judgment.

     <u>Baguer</u> and <u>Catanzaro</u> are entirely consistent with the principle that Graves says should control this case.  "The principle in question is that there must be some adequate grounds to conclude that there is age discrimination, and that an insignificant difference in ages will not by

itself raise such an inference." (Supplemental Mem. p. 1 (citing O'Connor v Consolidated Coin Caterers Corp., 517 U.S. 308, 312-313 (1996).) Although Graves argues that DBSI misapprehends the law, DBSI wholeheartedly agrees with the principle set forth in O'Connor, and has consistently argued, relying on Baguer and Catanzaro, that differences in age of fewer than 10 years are generally too insignificant to raise an inference of discrimination. Instead of addressing Baguer, Catanzaro, and Grosjean, Graves seeks to avoid the same holding reached in those cases by arguing that the principle enunciated in O'Connor "has no application when other evidence directly shows, or raises the inference of, age discrimination." (Supplemental Mem. p. 2.) DBSI does not quibble with the proposition that a plaintiff may show age discrimination based on direct evidence or sufficient circumstantial evidence from which a trier of fact could draw the inference that age discrimination was the true motivation behind the adverse employment action. When considering the undisputed facts in this case, however, DBSI's briefing on summary judgment has shown why Plaintiff has presented no such evidence that directly shows or supports an inference of age discrimination.

The cases Plaintiff cites do not help his argument or contradict the principle stated in O'Connor. Woodman v. WWOR-TV, Inc., correctly concludes that an insignificant difference in age, "*without more*", is insufficient to raise an inference of age discrimination. 411 F.3d 69, 78 (2d 2005) (emphasis added). Woodman cites Grosjean with approval and only supports DBSI's argument that a difference in age is necessary but not sufficient in itself, particularly when the difference is less than ten years, to raise an inference of age discrimination. The fact that the Second Circuit has not defined the fourth prong of a *prima facie* claim of age discrimination as requiring at least a ten-year difference in age does not mean that Plaintiff can point to an eight year difference as a fact that establishes an inference of discrimination. Plaintiff

relies for this straw man argument on <u>Fagan v. New York State Elec. & Gas Corp.</u>, which says nothing of the sort.  186 F.3d 127, 132 (2d Cir. 1999).

Finally, Plaintiff points to two cases from the late 1990s, <u>Curley v. St. John's University</u> and <u>Nembhard v. Memorial Sloan-Kettering Cancer Center</u>, which Graves cites for the non-controversial argument that a plaintiff may attempt to prove discrimination, despite less than a 10 year difference in age, with direct evidence of age-based animus.  However, in <u>Curley</u>, the plaintiff was over 60 years old and was 10 to 17 years older than the professors who were reassigned plaintiff's courses – an age difference that is not insignificant as a legal matter.  19 F. Supp. 2d 181, 192 (S.D.N.Y. 1998).  In <u>Nembhard</u>, the one-year age difference between the plaintiff and her replacement gave the court "pause" as to the legal sufficiency of plaintiff's claim, but after a jury verdict of liability, Judge Chin denied the defendant's motion for judgment as a matter of law due to the direct and overt evidence of age discrimination in that case.  918 F. Supp. 784, 789-790 (S.D.N.Y. 1996).  As DBSI has argued in its summary judgment briefing, Plaintiff has not pointed to any such direct evidence or "other circumstances that give at least minimal support to an inference of discrimination" <u>Fagan</u>, 186 F.3d at 132, much less a disputed issue of material fact.

The eight year age difference between the 41-year-old Graves and the youngest of his younger purported comparators, who ranged in age up to 41 years old, is hardly sufficient to support an inference of discrimination.  This is particularly true given that Amling, who was ten years older than Graves at the time of his termination, was himself a member of the protected group.  All the cases Plaintiff cites demonstrate that Graves must point to, in his own words, some "other evidence of age discrimination" besides the age difference between Graves and his youngest comparator in order to raise an inference of discrimination.  (Supplemental Memo. p.

2.)  This he has not done.  Nothing in Graves's Opposition or Supplemental Memorandum undermines the conclusion that Graves has not established that his termination was motivated by age-based animus.  As a factual and legal matter, the eight year age difference between Graves and the youngest of his youngest comparators does not raise an inference of discrimination, nor should it defeat DBSI's motion for summary judgment.

## **CONCLUSION**

For all the foregoing reasons, and those stated in DBSI's Memorandum of Law and Reply Brief in Support of its Motion for Summary Judgment, DBSI respectfully requests that the Court grant its Motion for Summary Judgment and tax Plaintiff with any costs (including attorneys' fees) incurred by DBSI in responding to the arguments made in his Motion for Leave or Supplemental Memorandum in Opposition.

Dated:  New York, New York
October 5, 2012

SEYFARTH SHAW LLP

By: __/s/ Cliff Fonstein_____
Cliff Fonstein
Nicholas H. De Baun
Cameron Smith
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
Deutsche Bank Securities Inc.

## Certificate of Service

I certify that I have, this 5th day of October 2012, served a true and correct copy of

DBSI's Supplemental Reply Memorandum of Law in Response to Plaintiff's Supplemental

Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment on counsel

of record for plaintiff, as shown below, by service through the Court's ECF system:

> Richard T. Seymour
> Law Office of Richard T. Seymour, P.L.L.C.
> Suite 900, Brawner Building
> 888 17th Street, N.W.
> Washington, DC 20006-3307
> rick@rickseymourlaw.net
> (202) 785-2145 – Telephone
> (202) 549-1454 – Cell
> (800) 805-1065 – Telecopier

Dated:  New York, New York
        October 5, 2012

> SEYFARTH SHAW LLP
>
>
> By:   /s/ Cliff Fonstein
>       Cliff Fonstein
>       Nicholas H. De Baun
>       620 Eighth Avenue
>       New York, New York 10018
>       (212) 218-5500
>
> Attorneys for Defendant
> Deutsche Bank Securities Inc.