```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :
DANIEL P. GRAVES,                   :
                                    :
                Plaintiff,          :      07 Civ. 5471(BSJ)(KNF)
                                    :      Memorandum & Order
          v.                        :
                                    :
                                    :
DEUTSCHE BANK SECURITIES, INC.,     :
                                    :
                Defendant.          :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 11/30/12

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Daniel Graves ("Graves" or "Plaintiff") brought suit against his former employer, Deutsche Bank Securities, Inc. ("Deutsche Bank" or "Defendant") for age discrimination and retaliation in violation of the Age Discrimination Employment Act of 1968 ("ADEA"), 29 U.S.C. § 621 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101 et seq. Before the Court are Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. The Court consolidates these motions for decision. For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Partial Summary Judgment is DENIED.

1

## BACKGROUND

The instant motions are the latest in litigation that is ongoing for more than five years. The numerous quarrels between the parties have included discovery disputes, sanctions, and attempts to disqualify opposing counsel. In essence, Plaintiff claims that Defendant discriminated against him on the basis of his age by terminating his employment and retaliating against him by declining to pay a bonus or provide continued work opportunities.[1] (See Second Am. Compl. ¶¶ J-N.)

On May 24, 2012, Defendant filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. 137.) That same day, Plaintiff filed a Motion for Partial Summary Judgment. (Dkt. 143.) On July 2, 2012, this Court approved a stipulation between the parties extending the time to file opposition papers to both motions until July 9, 2012, and the deadline to file reply papers until July 30, 2012. (Dkt. 156.) Defendant and Plaintiff filed their respective Oppositions on July 9, 2012. (Dkt. 157, 163.) The parties filed their Replies on July 30, 2012. (Dkt. 174, 175.)

On September 9, 2012, Plaintiff filed a Motion for Leave to File a Supplemental Memorandum in Opposition to Defendant's

---

[1] Plaintiff also alleged that Defendant engaged in a numerous other discriminatory acts, including promoting younger bankers and transferring lucrative accounts away from Plaintiff. This Court has previously ruled that those claims are time-barred. (See Order dated March 18, 2008.) Evidence related to those claims is, however, allowable as background evidence. See Nat'l R. R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

2

Motion for Summary Judgment.[2] (Dkt. 178.) By an Order dated September 25, 2012, this Court granted the Motion and permitted Plaintiff to file a supplemental memorandum. Plaintiff filed the supplement (Dkt. 182) that same day and Defendant filed an additional Reply on October 5, 2012. (Dkt. 183.)

As an initial matter, the Court notes that Plaintiff's submissions are not in conformity with the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York. Local Civil Rule 56.1 provides that a party moving for summary judgment must submit "a separate, short and concise statement" of the claimed undisputed facts on which it relies, as well as citations to admissible evidence in the record to support each fact. See Local Civil Rule 56.1(a), (d). The party opposing summary judgment must respond with a similar statement of facts identifying any triable issues that remain. See Local Civil Rule 56.1(b).

"The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001). That purpose was not served here. Defendant submitted a Rule 56.1 Statement setting forth

---

[2] Plaintiff represented that the supplemental memorandum was necessary "to respond to an argument that was inadvertently left unanswered." (Pl.'s Mot. for Leave to File Supp. Mem. at 1.)

its claimed undisputed facts that was five pages in length. (See Def.'s R. 56.1 Stmt.) In opposition, Plaintiff filed a 127-page response. (See Pl.'s Response to Def.'s 56.1 Stmt.) Approximately thirty-six pages of the response are "correspondingly numbered paragraph[s] responding to each numbered paragraph in the statement of the moving party" as directed by Local Civil Rule 56.1(b). The remaining pages contain arguments clearly intended to supplement Plaintiff's brief and are both unnecessary and woefully outside the scope of "a separate, short and concise statement of additional material facts."[3] Id.

In some cases, noncompliance with the Local Rules is excusable.[4] "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz, 258 F.3d at 73. Turning a blind eye to the blatant disregard in this case would be manifestly unfair, however, as Plaintiff submitted clearly nonconforming filings in a poor attempt to garner almost ninety pages of additional briefing.

---

[3] The Court has considered the possibility that Plaintiff's extensive response resulted from a good faith belief that more briefing was required because Plaintiff's Motion for Partial Summary Judgment was also pending at the time of submission. Such a conclusion is foreclosed, however, by Plaintiff's repeated attempts to incorporate by reference additional sections in his actual response to Defendant's Rule 56.1 Statement.

[4] This is especially true, for example, where a litigant proceeds pro se. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). No such leniency is required here as Plaintiff has been represented by counsel throughout this litigation.

4

The Court may disregard any material contained in affidavits or Rule 56.1 Statements submitted by the parties that is improper. See Primmer v. CBS Studios, Inc., 667 F. Supp. 2d 248, 255 (S.D.N.Y. 2009). "Moreover, to the extent [Plaintiff]'s affidavit uses conclusory or argumentative language, the Court will not make the suggested inferences simply because Plaintiff has suggested them." Id. at 254-55. In the interest of fairness and pursuant to its discretion, the Court will consider only the first section of Plaintiff's counterstatement, which actually responds to Defendant's Rule 56.1 Statement. In conducting this review, the Court remains ever mindful of its duty to ensure that factual assertions advanced by the parties must be supported by admissible evidence. See Holtz, 258 F.3d at 73. The balance of Plaintiff's response is not in compliance with the Local Rules of this district and therefore rejected as improper.

## LEGAL STANDARD

Fed. R. Civ. P. 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden of showing that no genuine dispute exists as to any material fact rests with the movant and all ambiguities or factual inferences are drawn in favor of the party opposing summary judgment. See Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 255 (1986); Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 36 (2d Cir. 1994).

At summary judgment, the Court views all facts in the light most favorable to the nonmoving party. See Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002). It does not resolve contested issues of fact. See Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987). Rather, the Court simply determines whether any disputes are material. Id. If the record contains any evidence "from which a reasonable inference could be drawn in favor of the nonmoving party," summary judgment must be denied. Chambers, 43 F.3d at 37. Summary judgment is appropriate, however, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex, 477 U.S. at 322.

## DISCUSSION

### I. Undisputed Material Facts

The following are the undisputed material facts in this case viewed in the light most favorable to the nonmovant. Plaintiff was hired by Bankers Trust in March 1999, at the age of thirty-seven. (Second Am. Compl. ¶ 24; Answer ¶ 24.) In June 1999, Bankers Trust merged into Defendant and Plaintiff was promoted to Managing Director in the Media Group. (Second Am. Compl. ¶ 25; Answer ¶ 25.) In 2002, Defendant's new Co-Heads of

6

Corporate Finance for the Americas analyzed the Media Group and determined that it was underperforming. (Affm. of Nicholas H. De Baun in Supp. of Def.'s Mot. for Summ. Judg. ("De Baun Affirmation"), Ex. F at 17, 84, 89-90.)

In July 2003, members of Defendant's Business Planning and Development ("BPaD") Committee sought to develop a plan to improve the revenues, profitability, and market share of the Media Group. (Id., Ex. F at 26-27; Ex. G at DB001204-DB001247.) The BPaD Committee determined that the size of the group and the quality of its members had contributed to the Media Group's poor returns. (Id., Ex. G at DB001205-DB001206.) In order to improve performance, the BPaD Committee decided to reallocate resources and accounts. (Id., Ex. F at 26-27; Ex. G at DB001247.)

Ultimately, Defendant engaged in a reduction-in-force to downsize the Media Group. (Id., Ex. H at 81-82.) During the execution of this strategy, Plaintiff's employment was terminated effective January 31, 2004. (Id., Ex. R at DB000044.) At the time of his discharge, Plaintiff was almost forty-two years old. (Id., Ex. N at DB046520.) Upon termination Plaintiff received a severance package premised on fifteen weeks of severance pay that totaled approximately $344,105 (less applicable withholdings) and provided access to outplacement services for a period of six months. (See id., Ex. N at

7

DB046520; Ex. R at DB000044.) Plaintiff did not receive any bonuses.

## II. Applicable Law

While the Court looks to the record for genuine issues of fact, the governing substantive law determines materiality. See Anderson, 477 U.S. at 248; Wolfson v. Bruno, 844 F.Supp.2d 348, 354 (S.D.N.Y. 2011). In order to survive a motion for summary judgment under the AEDA, Plaintiff must establish a prima facie case of discrimination under the framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't. of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981).[5] See Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005); Nakis v. Potter, 422 F.Supp.2d 398, 417 (S.D.N.Y. 2006). Claims brought under the NYCHRL are analyzed under the same evidentiary framework that applies to the ADEA. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010); Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392, 409 (S.D.N.Y. 2012).

"When an employer initiates a reduction-in-force, an employee has the initial burden of establishing a prima facie case of unlawful age discrimination . . . ." Gallo v. Prudential

---

[5] Plaintiff argues that this case "does not require analysis of the burden-shifting model [of McDonnell Douglas]" or "what standards should apply when the plaintiff has very little evidence." (Pl.'s Opp. to Mot. for Summ. Judg. at 2.) Plaintiff offers no direct evidence, however, that his termination was based on his age. Cf. Woodman, 411 F.3d at 76. Since Plaintiff fails to offer such evidence, this Court must apply the McDonnell Douglas analysis.

8

Residential Services, Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). Under McDonnell Douglas, a plaintiff must prove the prima facie case by a preponderance of the evidence. Texas Dep't. of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas, 411 U.S. at 802. In particular, Plaintiff must show that he (1) belonged to a protected class; (2) satisfactorily performed his duties; (3) suffered an adverse employment action; and (4) that the action occurred under circumstances giving rise to an inference of discrimination on the basis of his membership in the protected class. Chambers, 43 F.3d 29 at 37.

To rebut the prima facie case, a defendant must "clearly set forth, through the introduction of admissible evidence, [] reasons" for the challenged employment action that are "legally sufficient to justify a judgment for the defendant." Burdine, 450 U.S. at 255; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993). After the defendant has supplied a nondiscriminatory explanation, the plaintiff may show that the proffered reason is a mere pretext either by discrediting it directly or presenting additional evidence. Burdine, 450 U.S. at 256; Chambers, 43 F.3d 29 at 38.

### III. Analysis

Plaintiff alleges that Defendant discriminated against him by terminating his employment on basis of his age and by retaliating against his opposition to age discrimination.

9

(Second Am. Compl. ¶¶ J-N.) In order to prevail on this motion, Plaintiff must make a showing sufficient to establish the existence of all essential elements on which he would bear the burden of proof at trial. See Abramson, 278 F.3d at 101 (quoting Celotex, 477 U.S. at 322).

### A. Claims for Unlawful Termination

Because Plaintiff eschews the application of the McDonnell Douglas framework to this case, it is difficult for the Court to discern what showing, if any, Plaintiff would make as to each element of the prima facie case. On the facts before the Court, however, this is of no moment. Assuming arguendo that Plaintiff can establish a prima facie case, it is clear that Defendant easily meets its burden to adduce legitimate, non-discriminatory reasons that justify its actions. Cf. Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 93 (2d Cir. 2001).

Defendant has provided ample documentation of its dissatisfaction with Plaintiff's group as well as Plaintiff himself. (See De Baun Affm., Ex. F at 84. 89-90; Ex. G at DB001205-DB001209, DB001224, DB001229.) For instance, Defendant points to evidence in the record that (a) Plaintiff had the lowest revenue and market share for 2001-2002 (id., Ex. G at DB001229); (b) Plaintiff's revenue for 2002 was substantially below that expected of Managing Directors (id., Ex. H at 117-20); and (c) Plaintiff had the lowest actual and projected

10

revenue of any Managing Director in his group for 2003 (id., Ex. J at DB070617-DB070624; Ex K. at DB000117-DB000129). Plaintiff also received the lowest or second lowest grades in quality, quantity, and culture; fell to last place in overall regional rankings; and ranked second to last of the Managing Directors in his group and last of the Managing Directors in Corporate Finance. (Id., Ex. J at DB070617-DB070624; Ex. K at DB000117-DB000129.) While Plaintiff predictably quarrels with the import of this evidence, he does not dispute that the ratings themselves are correct. (See Opp. at 13-22.) Defendant's apparent dissatisfaction with Plaintiff's performance is a legitimate, non-discriminatory reason for Plaintiff's termination. See Slattery, 248 F.3d at 93.

Though Plaintiff ignores the McDonnell Douglas framework, he does argue that Defendant's proffered nondiscriminatory reasons are pretextual. (Opp. at 13.) To succeed on this score, Plaintiff must establish "both that the reason[s] w[ere] false, and that discrimination was the real reason." St. Mary's, 509 U.S. at 515 (emphasis in original). In other words, Plaintiff "must present evidence sufficient to allow a rational factfinder to infer that the employer was actually motivated in whole or in

part by age discrimination." Grady v. Affiliated Cent., Inc., 130 F.3d 553, 560 (2d Cir. 1997).[6]

To this end, Plaintiff relies on a remark allegedly made by Plaintiff's supervisor, Jeffrey Amling, stating that Amling needed Plaintiff's accounts for younger bankers. (Pl.'s Opp. to Def.'s Mot. for Summ. Judg. ("Opposition") at 13.) "[E]vidence of one stray comment by itself is usually not sufficient proof to show age discrimination, unless that stray comment bears a more ominous significance when considered within the totality of all the evidence." Kearney v. ABN AMRO, Inc., 738 F. Supp. 2d 419, 430-31 (S.D.N.Y. 2010) (quoting Carlton v. Mystic Transp., Inc., 202 F.3d 129, 136 (2d Cir. 2000)) (internal alterations omitted). Amling's alleged comment is the sole evidence offered by Plaintiff.[7]

Plaintiff's claim of pretext is strongly undercut when the evidence offered by Defendant is considered. Amling, the supervisor who discharged Plaintiff, was also the person who had originally hired him. (See De Baun Affm., Ex. C.) Under such circumstances, "it is difficult to impute . . . an invidious

---

[6] Plaintiff also argues that Defendant's mere assertion of nondiscriminatory reasons is itself evidence of pretext because those reasons are false. (See Opp. at 12, 14.) Since Plaintiff has failed to produce any evidence of falsity, however, this argument begs the question and is without merit.

[7] Plaintiff also claims that James DeNaut admitted engaging in age discrimination when he described "chang[ing] out the senior personnel in most of the groups." (De Baun Affm., Ex. F at 28.) It is obvious from context in the deposition that this comment, a fragment excerpted from an answer discussing changes made to "leadership of the majority of the groups," refers to hierarchy and not age. (Id. at 27-28.) DeNaut's comment cannot reasonably be interpreted as an admission of discrimination.

12

motivation." <u>Grady</u>, 130 F.3d at 560. Moreover, Amling himself was older than Plaintiff. (De Baun Affm., Ex. O.) This also counsels against an inference of discrimination. See <u>Elfenbein v. Bronx Lebanon Hosp. Ctr.</u>, No. 08-CIV-5382, 2009 WL 3459215, at *7 (S.D.N.Y. Oct. 27, 2009); <u>Zuffante v. Elderplan, Inc.</u>, No. 02-CIV-3250, 2004 WL 744858, at *6 (S.D.N.Y. Mar. 31, 2004). Finally, though defendant discharged Plaintiff it also retained Paul Gregory, a similarly situated employee who was older than Plaintiff. (De Baun Affm., Ex. H at 81-82; Ex. O.) The retention of an employee older than the plaintiff is strong evidence that a nondiscriminatory reason was not a pretext for age discrimination. See <u>Parcinski v. Outlet Co.</u>, 673 F.2d 34, 35-36 (2d Cir. 1982); <u>Pisana v. Merrill Lynch & Co., Inc.</u>, No. 93-CIV-4541, 1995 WL 438715, at *4 (S.D.N.Y. July 24, 1995). Based on the totality of the evidence, the single stray remark purportedly uttered by Amling is insufficient to prove employment discrimination. See <u>Danzer v. Norden Sys., Inc.</u>, 151 F.3d 50, 56 (2d Cir. 1998); <u>Nidzon v. Konica Minolta Bus. Solutions, USA, Inc.</u>, 752 F. Supp. 2d 336, 351 (S.D.N.Y. 2010).[8]

In cases involving a reduction-in-force, "[c]ourts . . . place a greater burden on plaintiffs . . . to prove an intent to discriminate." <u>Pisana</u>, 1995 WL 438715, at *4. On these facts,

---

[8] The Court also notes that Amling denies ever making this statement and Plaintiff's own notes of the meeting do not reflect it. (<u>See</u> De Baun Affm., Ex. H at 136; Ex. T.) Thus, the only indication this remark was ever made is Plaintiff's own assertions. This is a slender reed on which to rest a case.

Plaintiff's allegations of pretext have no merit. The Court concludes that Plaintiff has failed to "produce sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not the employee's age was the real reason for the discharge." Woroski v. Nashua Corp., 31 F.3d 105, 110 (2d Cir. 1994). Therefore, summary judgment as to Plaintiff's discriminatory termination claims must be granted.

### B. Retaliation Claims

Plaintiff also alleges that Defendant retaliated against him for opposing age discrimination through Defendant's "refusal to reconsider his termination," "refusal to allow [Plaintiff] to save his job by transferring to another part of [Defendant]," "refusal to pay him his bonus," "refusal to increase his severance," and "refusal to give him a 'soft landing'."[9] (Opp. at 15-16.) The analysis for a retaliation claim mirrors the burden-shifting framework of McDonnell Douglas. See Wanamaker v. Columbian Rope Co., 108 F.3d 462, 465 (2d Cir. 1997). As it did above, the Court assumes without deciding that Plaintiff can establish the elements of a prima facie case.

---

[9] Plaintiff initially claimed retaliation under the Fair Labor Standards Act ("FLSA") as well. This Court dismissed that claim in a previous Order. (See Order dated March 18, 2008, at 9-10.)

14

Here, too, Defendant has offered legitimate business reasons for each allegedly discriminatory action.[10] First, Defendant produced evidence that an attempt to transfer Plaintiff was made, even though it was ultimately unsuccessful. (See De Baun Affm., Ex. H at 79-80; Ex. Q at DB106207.) Liability may attach under the ADEA if older employees are discharged while younger employees are only transferred. See, e.g., Marshall v. Arlene Knitwear, Inc., 454 F. Supp. 715 (E.D.N.Y. 1978), aff'd in part, rev'd in part and remanded, 608 F.2d 1369 (2d Cir. 1979). Plaintiff, however, points only to Elizabeth Chang, an employee who did not have the same job title as Plaintiff and was not a subject of the reduction-in-force. (See De Baun Affm., Ex. A ¶ 27.) Even assuming an inference could be drawn here, since personnel reduction is a valid goal of a reduction-in-force "the transfer of each and every affected individual within the company to another position would clearly defeat the business purpose of the reorganization, and does not support an inference of age discrimination." Pisana, 1995 WL 438715, at *6.

Defendant also produced evidence showing that Plaintiff was not entitled to receive a bonus because he was not employed on

---

[10] The Court immediately rejects Plaintiff's allegations that retaliation is shown by Defendant's purported refusal to reconsider his termination, increase his severance, or provide a 'soft landing.' Simply declining to treat Plaintiff as favorably as he might wish cannot give rise to an inference of discrimination. See Moore v. Consol. Edison Co. of NY, Inc., No. 00-CIV-7384, 2007 WL 831807, at *6 (S.D.N.Y. Mar. 20, 2007).

15

the date bonuses were paid out as required by his employment agreement. (See De Baun Affm., Ex. C at DB000001; Ex. E at DB000189.) Plaintiff argues that this "limiting language does not have the finality [Defendant] has proclaimed in this litigation, because its limitation has been overturned in a number of arbitrations." (Opp. at 16.) No arbitration decisions are cited and, even if they were, it is hardly clear that such settlements would afford Plaintiff a contractual benefit that contradicts the express terms of his employment agreement. Compare DeSantis v. Deutsche Bank Trust Co. Americas, Inc., 501 F.Supp.2d 593, 601 (S.D.N.Y. 2007).

Since Defendant offered legitimate business reasons for each of Plaintiff's alleged instances of retaliation, the burden shifts back to Plaintiff to show that these reasons are merely pretexts. Cf. Butts v. NYC Dept. Of Hous. Pres. and Dev., No. 00-CIV-6307 2007 WL 259937, at *18-19 (S.D.N.Y. Jan. 29, 2007) aff'd sub nom. Butts v. NYC Dept. of Hous. Pres. & Dev., 307 F. App'x 596 (2d Cir. 2009). Plaintiff has failed to offer any evidence from which a rational jury could conclude that the legitimate, nondiscriminatory reasons proffered by Defendant are false and that Plaintiff's age was the real reason for Defendant's denial of the above benefits. Accordingly, summary judgment as to Plaintiff's retaliation claims must be granted.

**CONCLUSION**

Plaintiff has failed to offer sufficient evidence to support a reasonable finding that his termination was motivated by discrimination on the basis of his age or that Defendant retaliated against him for opposing such discrimination. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. Thus, for the foregoing reasons Defendant's Motion for Summary Judgment (Dkt. 137) is GRANTED. In light of the above, Plaintiff's Motion for Partial Summary Judgment (Dkt. 143) is DENIED as moot. The Clerk of the Court is directed to terminate the above motions and to close this case.

**SO ORDERED:**

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         November 30, 2012

17